# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

ALEXIS BRONSON,
 on behalf of himself
 and all other similarly situated,

      Plaintiff,                    Case No.: 4:18-cv-2300

      vs.

SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG ELECTRONICS CO., LTD.,

      Defendants.

## CLASS ACTION COMPLAINT

Plaintiff, ALEXIS BRONSON (referred to herein as "Plaintiff" or "BRONSON") on behalf of himself and all others similarly situated, makes the following allegations and claims for a complaint against Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (together referred to as "Samsung" or "Defendants").The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge or as otherwise stated upon information and belief.

## INTRODUCTION

1.     This case is brought by the Plaintiff on behalf of himself and all others similarly situated in the state of California, who have purchased certain

defective Samsung plasma television sets manufactured starting in January 2009 through November 2014[1] (generally referred to as "televisions" or "Samsung plasma televisions").  These televisions range in price from $600.00 to $5,000.00.

2.    Through a common and uniform course of conduct, Samsung manufactured, supplied, promoted, and sold Samsung plasma televisions when it knew or should have known that these televisions would fail prematurely.  The televisions are defective in that they contain ill-suited, under-graded and/or inadequate internal components, including capacitors, which prematurely fail during normal operation of the televisions. The condition of the Samsung plasma televisions at the time of delivery results in the premature failure of the televisions.  These failures occur well before the end of their expected useful life, and render the televisions unsuitable for their principal and intended purpose.

3.    Despite that, Samsung knew or should have known of the premature failure in the televisions, after selling said televisions through retailers, Samsung, through a common and uniform course of conduct, failed to maintain an adequate supply of parts to repair/ service the plasma televisions sold.

---

[1] Upon information and belief Samsung discontinued manufacturing plasma televisions around November 30, 2014.

Through a common and uniform course of conduct, Samsung failed to adequately disclose to public consumers that its plasma televisions failed prematurely and did not disclose that inadequate inventory/supply of replacement parts were available at all material times.

4. The purpose of this action is to hold accountable, and to obtain maximum legal and equitable relief from Samsung for producing and placing into the stream of commerce plasma televisions that prematurely fail coupled with Samsung not maintaining an adequate inventory/supply of replacement parts.

5. These televisions do not conform to the durability and longevity of plasma televisions reasonably expected by retail consumers, or to the statements and affirmations made by Samsung in connection with the sale and delivery of plasma televisions to retail consumers.

6. This action is also brought to hold Samsung accountable for the continued sale of plasma televisions when they knew, or should have known, that either they were failing prematurely or that an inadequate inventory/supply of replacement parts existed to properly fix or repair these televisions.

7. As a result of these acts and practices Samsung violated Cal. Civ. Code 1793.03(b).

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter of this action pursuant to
28 U.S.C. §1332(a) and 28 U.S.C. §1331.

9.    The claims made on behalf of Plaintiff and the Class are in excess of
$75,000, exclusive of interests and costs.

10.   This Court has personal jurisdiction over Samsung pursuant to California
Code of Civil Procedure §410.10. Specific to Plaintiff's claims, Defendants
transacted business within the State of California and Defendants committed
one or more tortious acts within the State of California. Defendants engage
in substantial and not isolated activity in the state of California and
purposefully avail themselves in California; as they are registered to do
business within the state, maintain retail locations within the state, operate
websites which substantially retail to California consumers, market and
advertise products to consumers within the state and/or conduct business by
or through substantially controlled subsidiaries, partners, contractors or
agents within the state of California.

11.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and/or (3).
Defendants do business in or around Oakland, California in the County of
Alameda; substantial events giving rise to this action occurred in or near

4

Oakland, California within the County of Alameda as Plaintiff purchased his

Samsung Plasma Television in Union City, California; and otherwise, as

stated above, the Court has personal jurisdiction over Defendants.

## PARTIES

12.   Plaintiff Alexis Bronson resides in Oakland, California.  On or around

August 15, 2013, Plaintiff purchased his 51-inch Samsung plasma Smart 3D

HDTV, from a Best Buy store in Union City, California. Plaintiff purchased

his Samsung plasma television for home use. Samsung designed,

manufactured, marketed, distributed and/or caused to be sold Plaintiff's

television. The failure mode affecting Plaintiff's Samsung plasma television

has continued since sometime around August 2016 when the Samsung

plasma television would turn on and off sporadically.

13.   Defendant Samsung Electronics America, Inc. ( "SEA") is a New York

corporation, with its principal place of business in Ridgefield Park, New

Jersey.  SEA is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

Defendant SEA designs, manufactures, and/or distributes consumer

electronics products, and sells Samsung brand consumer products direct to

the public through its international retail website Samsung.com, including

the televisions containing components which fail prematurely forming the

subject matter of this action.  Samsung caused these products to be placed

into the stream of commerce in California as well as throughout the United States.  SEA also owns and/or operates retail locations in California. Upon information and belief, sometime in early 2013 SEA operated "experience" shops inside of Best Buy stores located throughout the United States including California. SEA is registered to do business in California.

14.   Defendant Samsung Electronics Co., Ltd. ( "Samsung Ltd.") is a Korean corporation with its headquarters in Seoul, South Korea. Samsung Ltd. designs, manufactures, and/or distributes consumer electronics products, and sells Samsung brand consumer products direct to the public through its international retail website Samsung.com, including the televisions containing components which fail prematurely forming the subject matter of this action.  Samsung Ltd. caused these products to be placed into the stream of commerce in the California as well as throughout the United States. Samsung Ltd. either directly or indirectly owns and/or operates retail locations in California.  Upon information and belief, sometime in early 2013 Samsung Ltd. by or through its subsidiaries and/or agents operated "experience" shops inside of Best Buy stores located throughout the United States including California.

15.   At all times material hereto, SEA acted with apparent or actual agency on behalf of Samsung Ltd., perpetuating the acts described within this

Complaint without any discernible difference among any entity which operated using the "Samsung" brand name.

## FACTUAL ALLEGATIONS

## DEFECTIVE SAMSUNG PLASMA TELEVISIONS

16.     Samsung is in the business of manufacturing, marketing, distributing, selling and/or causing to be sold, plasma televisions to consumers throughout the United States and in the State of California. The average retail price for the televisions ranges from between approximately $600 to approximately $5,000, depending on the size and model.

17.     Upon information and belief, Samsung is one of the largest internet retailers of televisions direct to consumers in the United States through its website Samsung.com and a large portion of the televisions at issue were sold directly to members of the Class by Samsung.

18.     Upon information and belief, sometime after November 30, 2014, Samsung stopped manufacturing plasma televisions all together and also ceased production of repair/replacement parts for plasma televisions.

19.     Upon information and belief sometime after November 30, 2014, Samsung failed to maintain adequate inventory of parts to repair/replace the components, which prematurely failed, of Samsung plasma televisions sold. Without adequate inventory of repair/replacement parts necessary to service

the Samsung plasma televisions prematurely failing, Samsung violated Cal. Civ. Code 1793.03(b).

20.   Samsung plasma televisions contain a number of internal electronic components. These components serve dedicated functions, i.e., enabling the television to power on and off, tune to a particular channel, display visual images properly, and replay audio.

21.   Televisions are reasonably expected to last more than eight (8) years of *continuous use*, if not more. A well-designed and manufactured television will have integral parts that will last the expected useful life of the television.

22.   The technology in plasma televisions made those televisions more costly to manufacture, as compared to LCD or LED televisions.

23.   In order to lower the cost to consumers, Samsung used inferior component parts to make their plasma televisions more "affordable," at least at the outset.

24.   In the long run, however, consumers who purchased Samsung's plasma televisions would pay more, either implicitly through the dramatically decreased lifespan of the televisions requiring the purchase of a new television or through costly repairs, when such repairs could be made.

25.    In many cases, consumers were unable to repair their Samsung plasma
       televisions due to the unavailability of parts arising sometime after
       November 30, 2014; and consumers were left without the option to purchase
       a new plasma television as other manufacturers had also exited the plasma
       television market.

26.    Common failures in Samsung's plasma televisions affected parts such as
       MOSFET's, Switching IC chips, regulators, driver IC's, buffer IC's, control
       IC's and boards (including X and Y and PSB); and were largely caused by
       components that were inadequately graded or otherwise ill-suited to support
       plasma television technology.

27.    Plasma televisions use technology that require more energy to run and result
       more onerous working conditions for the televisions' internal components,
       which may further result in excessive heat and/or excessive voltage; which,
       in turn, causes the components to prematurely fail.

28.    Capacitors are an integral part of internal components in televisions.
       Capacitors function as energy storage centers. Their storage ability allows
       capacitors to help smooth voltage spikes that are caused by lightning or
       electrical switches opening and closing, thus allowing a steady current to be
       supplied to circuits inside a television.

29.   Over exposure to heat shortens the life of a capacitor. When the capacitors overheat they can no longer relay signals properly and thereby cause televisions to malfunction.

30.   The Samsung plasma televisions were not altered any time after they left the custody and control of Samsung and ultimately reached the end consumers like Plaintiff, and the members of the Class. The televisions were defective when they left the exclusive control of Samsung, and Samsung knew the televisions would be used without additional tests for defects.

31.   Samsung implicitly misrepresented and/or omitted material information to consumers that component parts in Samsung plasma televisions would fail after only a few years of normal use, well before the end of their reasonably expected useful life.

32.   Samsung in their role as the designer, manufacturer, marketer, distributor and seller of the televisions, represented expressly or by implication that the televisions being sold to the general public were not inherently defective and were reasonably suited for their intended purpose.

33.   Samsung omitted material information about the reduced useful lifespan of their televisions subject to premature failure, about which Samsung knew or should have known due to the role in designing, testing and manufacturing the televisions as well as through consumer complaints and/or returns.

10

34.   Samsung failed to maintain an adequate supply of parts to repair/replace the parts subject to premature failure in plasma televisions sold.

35.   Samsung had or should have had actual knowledge of the design failure in the televisions, but have not recalled/ceased sales of the televisions and/or cured the design failure described in this complaint.

36.   The premature failure described was a material fact related to the reliability and normal operation of the televisions known by Samsung through their normal course of operations. Had Plaintiff and members of the Class known about the premature failure, they would not have purchased the subject televisions or would have paid substantially less for the televisions.

37.   Without adequate inventory and supply of repair/replacement parts available to address all of the Samsung plasma televisions sold, the televisions are unable to be repaired.

38.   Plaintiff and the members of the Class could not have known or reasonably discovered, nor did they have reason to know of, the premature failure at the time of purchase or any time before it manifested. Plaintiff and members of the Class could not have known or reasonably discovered that the parts necessary to repair their Samsung televisions would no longer be available before the end of the expected useful life of the televisions.

39.     If Plaintiff and the members of the Class had known these facts, they would not have purchased the televisions or would have paid far less for the televisions.

40.    Plaintiff and Class members are damaged in the amount of the price paid for the televisions.

41.    Class members are damaged in the amount of the price of diagnostic, repair and service fees.

42.    Samsung sold and/or distributed televisions with the knowledge and intent that the consumers use the televisions for their benefit.

43.    Samsung sold or caused to be sold, the defective plasma televisions to Plaintiff and the members of the Class in the course of their business.

44.    Samsung violated reasonable expectations of consumers when the likelihood and frequency of television failures exceeded the inventory and availability of component parts necessary to remedy the defect in the Samsung plasma televisions.

45.    By engaging in the conduct described above, Samsung committed acts and omissions to the detriment of consumers.

46.    As a direct result of Samsung actions, Plaintiff and the consumers who comprise the Class who have purchased the televisions, have suffered injury in fact, have been damaged and have suffered a loss of money or property

for having paid hundreds (if not thousands) of dollars for a product that does not, cannot, and will not, work as represented and that is now worth substantially less than what consumers paid and less than what a non-defective television would be worth.

## PLAINTIFF BRONSON

47.  Plaintiff purchased a Samsung Plasma television, 51 inch Smart 3D HDTV, for more than $1,700.00 on or around August 15, 2013 at a Best Buy store in Union City, California. Plaintiff's Samsung plasma television has exhibited the premature failure described in this complaint.

48.  Plaintiff purchased his Samsung plasma television after viewing a USA Today review of the plasma televisions on the internet. In the review, the quality of the viewing experience was highlighted as making the plasma television superior. The USA Today review had a link to the Best Buy website for purchase.

49.  Plaintiff purchased his Samsung plasma television through Best Buy's website and picked up the television in a Best Buy store in Union City, California after reading the USA Today review. Because Plaintiff valued a quality viewing experience in watching sports on television, his choice to purchase his Samsung plasma television was in reliance on the represented quality of the product.

50.   Plaintiff's television began to display red lines on the screen, which was repaired once under the manufacturer's warranty.

51.   Since the first repair of the red lines, Plaintiff's Samsung plasma television has again begun to display red lines on the screen.

52.   Around August 2016, Plaintiff's Samsung plasma television began to sporadically power on and off and/or take a long time to turn on, at times unable to be turned on.

53.   Plaintiff's Samsung plasma television cannot not be fixed due to the unavailability of repair/replacement parts from Samsung.

54.   It was not until after August 2016, Plaintiff became aware that parts were not available to repair his Samsung plasma television. Plaintiff would not have reasonably known that the parts were not available before this time.

## CLASS ACTION ALLEGATIONS

55.   Plaintiff brings this action on their own behalf and pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and 23(b)(2) as a class action on behalf of a California Class ("Class") of persons defined as:

> Within the applicable statute of limitations, all persons in the State of California who purchased a Samsung plasma television manufactured between January 1, 2009 and November 30, 2014.

Plaintiff maintains the right to modify or amend the definition of the proposed Class before a court determines whether certification is appropriate.

56. Excluded from the Class are Samsung and others as follows:

a. Any entity in which Samsung has a controlling interest, or which has a controlling interest in Samsung;

b. Samsung's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person;

c. Samsung's assigns and successors;

d. The judge to whom this case is assigned and any member of the judge's immediate family;

e. All persons who properly execute and timely file a Request for Exclusion;

f. All persons who have properly released their claims against Samsung; and

g. All persons who have obtained a judgment against Samsung on the claims here presented on or before the date of the filing of this action.

**RULE 23(a)**

**Numerosity**

57.   Upon information and belief, the Class is composed of no fewer than

hundreds of persons statewide in California; and is sufficiently numerous for

class treatment.

58.   The joinder of the Class members individually in one action would be

impracticable, and the disposition of their claims in a class action will

provide substantial benefits to the parties and the Court.

**Commonality**

59.   This dispute raises questions of law and fact that are common to the Class

members. Those common questions predominate over questions that arise on

an individual basis for members.

60.   The common questions of law and fact for the Class include, without

limitation:

   a.   Whether Samsung's omissions, and conduct regarding the televisions

were unfair or unlawful;

   b.   Whether Samsung's omissions and conduct were likely to deceive

consumers into believing that the televisions operated properly;

   c.   Whether Samsung violated California's Unfair Competition Law;

   d.   Whether Samsung violated Cal. Civ. Code § 1793.03(b);

e.   Whether Samsung failed to maintain adequate inventory/ supply of component parts necessary to repair Samsung plasma televisions for seven years after they were manufactured;

f.   Whether the members of the Class have been injured by Samsung's conduct;

g.   Whether the members of the Class are entitled to compensatory relief including the purchase price of the televisions, a diminished value of the televisions and/or costs associated with diagnosis, repair and/or replacement of the televisions; and

h.   Whether the members of the Class are entitled to injunctive or declaratory relief to repair and/or replacement parts for the plasma televisions.

**<u>Typicality</u>**

61.   Plaintiff's claims are typical of the claims of the Class. Plaintiff has no interests adverse to the interests of other members.

62.   The claims of Plaintiff and the Class have a common origin and share a common basis. The Class claims originate from the same illegal and deceptive practices of Samsung and Best Buy, and they act in the same way toward Plaintiff and the Class members.

**Adequate Representation**

63.   Plaintiff is willing and prepared to serve the Court and the Class in a

representative capacity with all of the obligations and duties material to

serving as class representatives.  Plaintiff will fairly and adequately protect

the interest of the Class, and has no interests adverse to or which directly and

irrevocably conflict with, the interests of other members of the Class.

64.   The self-interests of the named class representative are co-extensive with,

and not antagonistic to, those of absent members. The proposed

representative will undertake to protect the interests of the absent members.

65.   Plaintiff has engaged the services of counsel indicated below. Said counsel,

will be working with co-counsel who is experienced in complex and class

action litigation, and will adequately prosecute this action, and will assert,

protect and otherwise represent the named class representatives and absent

Class members.

**RULE 23(b)(2)**

66.   This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because

Samsung have acted and refused to act on grounds generally applicable to

the Class, thereby making appropriate final injunctive and/or corresponding

declaratory relief with respect to the Class as a whole. Samsung sold,

continued to sell Samsung plasma televisions, even when they knew or

18

should have known that over time an inadequate supply of

repair/replacement parts for their plasma televisions would deny consumers

the reasonable option to repair their plasma televisions when they

prematurely failed.

## **RULE 23(b)(3)**

67.   The questions of law and fact common to members of the Class predominate

over any questions affecting only individual members.

68.   A class action is superior to other available methods for the fair and efficient

adjudication of the controversies in that:

   a. Individual claims by the Class members are impractical as the costs of

   pursuit far exceed what any one plaintiff or member has at stake.

   b. The proposed class action is manageable.

69.   Plaintiff is not aware of any obstacles likely to be encountered in the

management of this action that would preclude its maintenance as a class

action. Rule 23 provides the Court with authority and flexibility to maximize

the efficiencies and benefits of the class mechanism and reduce management

challenges. The Court may, on motion of Plaintiff or on its own

determination, certify a class for claims sharing common legal questions;

utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues,

or common questions of fact or law for class-wide adjudication; and certify

and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

**COUNT ONE**
**VIOLATION OF CALIFORNIA LAW**
**(CAL. CIV. CODE §1793.03(b))**
**(As To SEA)**

70. Plaintiff and the Class reallege and incorporate paragraphs 1-69 as if set forth fully in this Count.

71. The Samsung plasma televisions are "electronics" within the meaning of the Cal. Civ. Code § 9801(h).

72. Plaintiff has the right to a private cause of action pursuant to Cal. Civ. §1794, as he is a buyer of a consumer good who has suffered injury for SEA's failure to comply with Cal. Civ. Code §1793.03(b).

73. SEA is a manufacturer of Samsung plasma televisions or through actual or apparent agency is a manufacturer of Samsung plasma televisions.

74. SEA provides an express warranty with its Samsung plasma televisions.

75. Upon information and belief, the Samsung plasma televisions have a wholesale price to the retailer of more than one hundred dollars.

76. Upon information and belief, SEA did not make available functional parts to effect the repair of a product for at least seven years after the Samsung plasma televisions were manufactured.

77. As a result, Plaintiff and the class are left with plasma televisions that are not

able to be repaired.

78.   As the Samsung plasma televisions suffered from the premature failure consumers are now without the opportunity to repair, the Samsung plasma televisions become obsolete well before their reasonably expected useful life.

79.   Because repair/replacement parts were not available for seven years after the manufacture of her Samsung plasma television, Plaintiff was unable to fix his television.

80.   Had Plaintiff and the class known that parts would not have been available to repair/replace their Samsung plasma televisions, they would have paid substantially less for the product or not purchased them at all.

WHEREFORE, Plaintiff individually and on behalf of the Class demands judgment against SEA for:

a.   compensatory damages, including but not limited to the purchase price of Samsung plasma televisions and/or the cost of diagnosis, repair, replacement of the Samsung plasma televisions;

b.   injunctive relief, including but not limited to ordering SEA to manufacture repair/replacement parts for Samsung plasma televisions for the seven years after the last date of manufacture;

c.   reasonable attorney's fees, costs and expenses; and

d.  such other relief as may be just, necessary or appropriate.

## COUNT TWO
## VIOLATION OF CALIFORNIA LAW
### (CAL. CIV. CODE §1793.03(b))
### (As to Samsung Ltd.)

81.  Plaintiff and the Class reallege and incorporate paragraphs 1-69 as if set forth fully in this Count.

82.  The Samsung televisions are "electronics" within the meaning of the Cal. Civ. Code § 9801(h).

83.  Plaintiff has the right to a private cause of action pursuant to Cal. Civ. Code §1794, as he is a buyer of a consumer good who has suffered injury for Samsung Ltd.'s failure to comply with Cal. Civ. Code §1793.03(b).

84.  Samsung Ltd. is a manufacturer of Samsung plasma televisions.

85.  Samsung Ltd. provides an express warranty with its Samsung plasma televisions.

86.  Upon information and belief, the Samsung plasma televisions have a wholesale price to the retailer of one hundred dollars.

87.  Upon information and belief, Samsung Ltd. did not make available functional parts to effect the repair of a product for at least seven years after the Samsung plasma televisions were manufactured.

88.  As a result, Plaintiff and the class are left with plasma televisions that are not able to be repaired.

89.   As the Samsung plasma televisions functioned inadequately from the

premature failure, consumers are left without the opportunity to repair them;

the Samsung plasma televisions become obsolete well before their

reasonably expected useful life.

90.   Because repair/replacement parts were not available for seven years after the

manufacture of her Samsung plasma television, Plaintiff was unable to fix

his television.

91.   Had Plaintiff and the class known that parts would not have been available

to repair/replace their Samsung plasma televisions, they would have paid

substantially less for the product or not purchased them at all.

WHEREFORE, Plaintiff individually and on behalf of the Class demands

judgment against Samsung Ltd. for:

e.   compensatory damages, including but not limited to the purchase

price of Samsung plasma televisions and/or the cost of diagnosis,

repair, replacement of the Samsung plasma televisions;

f.   injunctive relief, including but not limited to ordering Samsung Ltd. to

manufacture repair/replacement parts for Samsung plasma televisions

for the seven years after the last date of manufacture;

g.   reasonable attorney's fees, costs and expenses; and

h.   such other relief as may be just, necessary or appropriate.

## COUNT THREE
## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (CAL. BUS.&PROF. CODE § 17200, *et seq.*)
### (<u>As to SEA</u>)

146.   Plaintiff and the Class reallege and incorporate paragraphs 1-69 as if set forth fully in this Count.

147.   This claim is brought on behalf of Plaintiff and the Class of consumers who purchased Samsung plasma televisions which prematurely fail.

148.   As a direct and foreseeable result of SEA's failure to disclose the premature failure of Samsung plasma televisions, which greatly reduced the lifespan of the televisions; Plaintiff and the class have suffered injury.

149.   As a direct and foreseeable result of SEA not maintaining an adequate supply of repair/replacement parts to service their Samsung plasma televisions for seven years after they were manufactured, rendering the televisions prematurely obsolete and unable to be repaired; Plaintiff and the class have suffered injury.

150.   Plaintiff and the Class have relied upon SEA's material omissions regarding the premature failure of the plasma televisions, which adversely impacts the lifespan of the plasma televisions as well as the material omissions regarding

the inadequate supply of repair/replacement parts to service the Samsung

plasma televisions as required by California law.

151.   Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair, or

fraudulent business act or practice." SEA has engaged in unlawful and unfair

business acts and practices in violation of the UCL.

152.   SEA's business practices violate the UCL's prohibition on

"unlawful…business act[s] or practice[s]" because they violate, inter alia,

California's 7-year parts law, Cal. Civ. Code §1793.03(b), as alleged in this

Complaint.

153.   SEA's business practices violate the UCL's prohibition on

"unfair…business act[s] or practice[s]" because they offend established

public policy, including by violating Cal. Civ. Code §1793.03(b) as

identified above, and/or are immoral, unethical, oppressive, unscrupulous

and/or substantially injurious to consumers, which harm greatly outweighs

any benefit associated with the business practice.

154.   SEA has a duty to disclose facts material to a reasonable consumer

concerning the defect in their plasma televisions and the unavailability of

repair/replacement parts. The duty to disclose arises from: (a) its superior

and exclusive knowledge of these material facts, which were not known or

reasonably accessible to Plaintiff and the Class; and (b) its active concealment of these material facts.

155.   Plaintiff and the Class have suffered injury-in-fact, including the loss of money, as a result of SEA's unlawful and unfair acts and practices.

156.   As set forth more fully above, in purchasing SEA's Samsung plasma televisions Plaintiff and the Class relied on SEA to make complete disclosures of all material information regarding its plasma televisions including if the televisions would prematurely fail and if repair/replacement parts would not be available for at least seven years after the televisions were manufactured.

157.   Had Plaintiff and the Class known the truth about the condition of the defective plasma televisions and the lack of repair/ replacement parts, they would not have paid the purchase price for those televisions.

158.   All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of SEA's business. SEA's wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, SEA continues to be out of compliance with Cal. Civ. Code §1793.03(b).

159.   Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin SEA from continuing its unlawful and unfair business

practices, to restore to Plaintiff and members of the Class any money that SEA acquired by unfair competition (as provided in Cal. Bus. & Prof. Code § 17203), and to provide such other relief as set forth below.

WHEREFORE, Plaintiff individually and as class representative on behalf of the California Class demands judgment against the SEA for:

a. compensatory damages, including but not limited to the diminished value of the Samsung televisions or, in the alternative, cost of diagnosis/repairs;

b. injunctive relief, including but not limited ordering SEA to engage in corrective action to repair the defective Samsung televisions and/or make plasma television repair parts available to consumers;

c. reasonable attorney's fees, costs and expenses; and

d. such other relief as may be just, necessary or appropriate.

**COUNT FOUR**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS.&PROF. CODE § 17200, *et seq.*)**
**(As to Samsung Ltd.)**

160. Plaintiff and the Class reallege and incorporate paragraphs 1-69 as if set forth fully in this Count.

161. This claim is brought on behalf of Plaintiff and the Class of consumers who purchased Samsung plasma televisions which prematurely fail.

162. As a direct and foreseeable result of Samsung Ltd.'s not disclosing the premature failure of Samsung plasma televisions which greatly reduced the lifespan of the televisions; Plaintiff and the class have suffered injury.

163. As a direct and foreseeable result of Samsung Ltd.'s not maintaining an adequate supply of repair/replacement parts to service their Samsung plasma televisions for seven years after they were manufactured, rendering the televisions prematurely obsolete and unable to be repaired; Plaintiff and the class have suffered injury.

164. Plaintiff and the Class have relied upon Samsung Ltd.'s material omissions regarding the premature failure, which adversely impacts the lifespan of the plasma televisions as well as the material omissions regarding the inadequate supply of repair/replacement parts to service the Samsung plasma televisions as required by California law.

165. Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice." Samsung Ltd. has engaged in unlawful and unfair business acts and practices in violation of the UCL.

166. Samsung Ltd.'s business practices violate the UCL's prohibition on "unlawful...business act[s] or practice[s]" because they violate, inter alia, California's 7-year parts law, Cal. Civ. Code §1793.03(b), as alleged in this Complaint.

167.   Samsung Ltd.'s business practices violate the UCL's prohibition on "unfair…business act[s] or practice[s]" because they offend established public policy, including by violating Cal. Civ. Code §1793.03(b) as identified above, and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers, which harm greatly outweighs any benefit associated with the business practice.

168.   Samsung Ltd. has a duty to disclose facts material to a reasonable consumer concerning the premature failure in their plasma televisions and the unavailability of repair/replacement parts. The duty to disclose arises from: (a) its superior and exclusive knowledge of these material facts, which were not known or reasonably accessible to Plaintiff and the Class; and (b) its active concealment of these material facts.

169.   Plaintiff and the Class have suffered injury-in-fact, including the loss of money, as a result of Samsung Ltd.'s unlawful and unfair business practices.

170.   As set forth more fully above, in purchasing Samsung Ltd.'s Samsung plasma televisions Plaintiff and the Class relied on Samsung Ltd. to make complete disclosures of all material information regarding its plasma televisions including if the televisions would prematurely fail and if repair/replacement parts would not be available for at least seven years after the televisions were manufactured.

171. Had Plaintiff and the Class known the truth about the condition of the defective plasma televisions and the lack of repair/ replacement parts, they would not have paid the purchase price for those televisions.

172. All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of Samsung Ltd.'s business. Samsung Ltd.'s wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, Samsung Ltd. continues to be out of compliance with Cal. Civ. Code §1793.03(b).

173. Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Samsung Ltd. from continuing its unlawful and unfair business practices, to restore to Plaintiff and members of the Class any money that Samsung Ltd. acquired by unfair competition (as provided in Cal. Bus. & Prof. Code § 17203), and to provide such other relief as set forth below.

WHEREFORE, Plaintiff individually and as class representative on behalf of the California Class demands judgment against the Samsung Ltd. for:

    a. compensatory damages, including but not limited to the diminished value of the Samsung televisions or, in the alternative, cost of diagnosis/ repairs;

    b.  injunctive relief, including but not limited ordering SEA to engage in corrective action to repair the defective Samsung televisions and/or make plasma television repair parts available to consumers;

    c.  reasonable attorney's fees, costs and expenses; and

    a.  such other relief as may be just, necessary or appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

    A.    Certifying this action for class treatment, approving:

        1.  Plaintiff on behalf of Class; and

        2.  Undersigned counsel as Class Counsel for the Class.

    B.    Awarding damages to:

        1.  Plaintiff and the Class for Samsung's violations of the Cal. Civ. Code §1793.03(b); and

        2.  Plaintiff and the Class for Samsung's violations of the Cal. Bus. & Prof. Code § 17200, et seq.

    C.  Awarding pre- and post-judgment interest;

    D.  Awarding injunctive relief as follows:

        1.  Plaintiffs and the Class for Samsung's violations of the Cal. Civ. Code §1793.03(b); and

2.  Plaintiffs and the Class for Samsung's violations of the Cal.

Bus. & Prof. Code § 17200.

E.  Awarding attorney fees, expenses, and costs; and

F.  Providing such other and further relief as this Court may deem just and

proper.

## DEMAND FOR TRIAL BY JURY

Trial by jury demanded on all issues so triable.

Respectfully submitted this 17th day of April 2018.

*/s/ Alan J. Sherwood*
Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199
Attorney for the Plaintiff