

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SAMSUNG PLASMA TELEVISION
PRODUCTS LIABILITY LITIGATION  MDL No. 2853

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants Samsung Electronics America, Inc., and Best Buy Stores, L.P.,[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of New Jersey or, alternatively, the Northern District of Florida. This litigation consists of three actions pending in the Northern District of California, the Northern District of Florida, and the Northern District of Illinois, as listed on Schedule A. Plaintiffs in all three actions on the motion do not oppose centralization, but suggest the Northern District of Illinois as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have not met that burden here.

This litigation involves some common factual questions relating to an alleged defect in Samsung plasma televisions that resulted in those televisions randomly turning off and on, to the point of becoming unusable, as well as defendants' alleged failure to make replacement parts available to repair these televisions. These common factual issues are not particularly numerous or complex. These actions also involve distinctly separate and non-overlapping putative classes. The only putative nationwide class asserted pertains to warranty claims against Best Buy, a defendant in the action pending in the Northern District of Illinois. Thus, there is no threat of conflicting class certification rulings.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] A fourth action on the motion, filed in the District of Utah, was voluntarily dismissed after the close of briefing. Two defendants in that action—Sears Holdings Management and Sears Roebuck & Co.—were among the defendants moving for centralization. The motion is now moot as to those two defendants.

As there are only three actions before the Panel, and plaintiffs in all three are represented by the same counsel, alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). Counsel for plaintiffs indicated in his papers and at oral argument his willingness to coordinate with defendants with respect to discovery and pretrial proceedings to avoid duplication. We encourage all the parties in this litigation to engage in such efforts.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

IN RE: SAMSUNG PLASMA TELEVISION
PRODUCTS LIABILITY LITIGATION        MDL No. 2853

## SCHEDULE A

Northern District of California

BRONSON v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
C.A. No. 3:18-02300

Northern District of Florida

HOWE v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 1:16-00386

Northern District of Illinois

WARE, ET AL. v. BEST BUY STORES, LP, ET AL., C.A. No. 1:18-00886