IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS BRONSON, on behalf of himself and
all others similarly situated,

    Plaintiffs,

  v.

SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG ELECTRONICS CO.,
LTD.,

    Defendants.

No. C 18-2300 WHA

**ORDER GRANTING
MOTION TO DISMISS**

## INTRODUCTION

In this putative class action, television manufacturers move to dismiss pursuant to Rule 12(b)(6). To the extent set forth below, the motion to dismiss is **GRANTED**.

## STATEMENT

Defendant Samsung Electronics Co., Ltd. and its wholly owned subsidiary defendant Samsung Electronics America, Inc. manufactured plasma television sets from January 2009 through November 2014, after which defendants stopped manufacturing plasma televisions and any spare or replacement parts. In August 2013, plaintiff Alexis Bronson purchased one of defendants' 51-inch plasma Smart 3D HDTV televisions for $1700. The television proved defective. It displayed red lines on the screen, a problem defendants fixed once under warranty, but the red lines returned. Starting in August 2016, the unit would take a long time to turn on

(if it turned on at all) and would sporadically power on and off (Dkt. No. 35 at ¶¶ 12–15, 18–19, 47–54).

The complaint alleges that inferior component parts caused at least one of the television's defects. Because plasma televisions require more energy to run, excessive heat and/or excessive voltage caused components — such as capacitors — to overheat and prematurely fail. Plaintiff concluded in August 2016 that the television could not be fixed because defendants had discontinued making any parts available (*id*. at ¶¶ 23, 25, 27–29).

Plaintiff filed this putative class action in federal court in April 2018 asserting diversity jurisdiction and alleging violations of Section 1793.03(b) of the California Civil Code under the Song-Beverly Consumer Protection Act and Section 17200 of California's Business and Professions Code (Dkt. No. 1). Plaintiff amended his complaint in June 2018 primarily adding a claim against defendant Samsung Electronics America, Inc. (but not defendant Samsung Electronics Co., Ltd.) for violating California's Consumer Legal Remedies Act ("CLRA") (Dkt. No. 35).

The amended complaint alleged separate claims for recovery under the foregoing three statutes, alleging that defendants failed to (1) maintain an adequate supply of replacement parts for seven years and (2) that such failure left plaintiff's television prematurely obsolete. In addition, under Section 17200 and the CLRA only, the complaint alleged defendants failed to disclose information concerning the inadequate supply of parts and the defects that caused the televisions to become prematurely obsolete. Defendants now move to dismiss the complaint in its entirety (Dkt. Nos. 53, 63). This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1. CLAIMS UNDER THE SONG-BEVERLY CONSUMER PROTECTION ACT.

The complaint alleges two claims under the Song-Beverly Act: (1) defendants failed to maintain an adequate supply of replacement parts for seven years and (2) such failure left plaintiff's television prematurely obsolete. Plaintiff brought these claims under one part of the Song-Beverly Act, which provides:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . *shall make available to service and repair facilities* . . . functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

Cal. Civ. Code § 1793.03(b) (emphasis added). In the history of California jurisprudence, this presents only the second time this provision of the Song-Beverly Act has been at issue.[1]

#### A. Statute of Limitations Under the Song-Beverly Act.

The complaint's allegations of violations under the Song-Beverly Act present the threshold issue of whether or not the statute of limitations bar plaintiff's claims. A federal court sitting in diversity on a state law claim must apply the state statute of limitations. *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987). In California, the limitations period usually runs from accrual, meaning from the last of when the wrongdoing, harm, and causation essential to the cause of action occur. *See Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1191 (2013).

The Song-Beverly Act itself does not provide a limitations period. Instead, California courts have adopted a four-year limitations period from Section 2725 of the Uniform Commercial Code. Section 2725 limits breach of contract claims to four years after the cause of action accrued, adjudged in breach of warranty actions to be from the date of delivery. *See*

---

[1] The first case presented the issue of whether or not "service and repair facilities" under the statute included *unauthorized* service and repair facilities. In an unpublished opinion, our court of appeals affirmed the district court which held the statute excluded such facilities. *See Bahr v. Canon U.S.A., Inc.*, 656 Fed. Appx. 276, 277 (9th Cir. 2016). Only one other decision refers to this section of the Song-Beverly Act, but direct recovery under the provision was not at issue in that case. *See Hoey v. Sony Electronics, Inc.*, 515 F. Supp. 2d 1099, 1105 (N.D. Cal. 2007) (Judge Ron Whyte).

3

*Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009) (collecting cases). The purpose of the statute of limitations under Section 2725, however, was to limit the time for commencing contractual actions. The four-year period was deemed the most appropriate for modern business practice. *See Carrier Corp. v. Detrex Corp.*, 4 Cal. App. 4th 1522, 1527 (1992).

The parties do not dispute that a four-year limitations period applies here. Neither does the complaint allege a claim under the Song-Beverly Act for breach of contract or warranty. Because the wrongdoing under the Act occurred when defendants' no longer made parts available (November 2014), that date presents the earliest point the claim could have accrued. Counting four years from that point, the statute of limitations under the Act would run until November 2018. As plaintiff filed the initial complaint in April 2018, well before any limitations period could have run, the statute of limitations does not bar plaintiff's claims under the Song-Beverly Act.

### B. Claims Under the Song-Beverly Act are Not Plausible.

Still, neither of the two claims the complaint alleges under the Song-Beverly Act provide an adequately alleged plausible claim. They are: (1) defendants failed to maintain an adequate supply of replacement parts for seven years and (2) such failure left plaintiff's television prematurely obsolete. Significantly, both are anchored in the fact that defendants *ceased manufacturing* plasma televisions and their parts. But the statute does not prohibit that. Instead, the provision requires manufacturers to make functional parts *available*.

Despite plaintiff's conclusory arguments to the contrary, discontinuing manufacturing — or even exiting the market — leaves open the possibility that the parts are still widely available to authorized facilities. It is too implausible a leap to presume that parts are unavailable merely because the manufacturer stopped making them. Adding on "information and belief" does not fill in the blank unless a plausible source is cited (and none is cited in the complaint). This pleading is merely "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

4

**2. CLAIMS UNDER SECTION 17200.**

Section 17200 of the California Business and Professions Code provides claims for unlawful, unfair, and fraudulent activity. The complaint alleges claims under the unlawful and unfair prongs but not the fraud prong. The claims under the unlawful prong are entirely derivative of the claims under the Song-Beverly Act and therefore, cannot move forward at this stage. Thus, this order turns to the claims under the unfairness prong.[2]

Under the unfairness prong, the complaint alleges three claims for recovery independent of whether or not the Song-Beverly Act had been violated. *First*, that defendants failed to maintain an adequate supply of replacement parts for seven years which unfairly left plaintiff's television prematurely obsolete. *Second*, defendants failed to disclose information concerning the inadequate supply of parts presumably when those parts became unavailable. *Third*, defendants failed to disclose information concerning the defects that caused the televisions to become prematurely obsolete.

As with the claims under the Song-Beverly Act, the threshold issue is whether or not the claims under Section 17200 are time-barred. Under Section 17200, the limitations period is four years after accrual and defendants bear the initial burden to show the limitations period applies. Thereafter, the burden shifts to plaintiff to demonstrate the claims survive based on one or more non-statutory exceptions to the basic limitations period. *See Aryeh*, 55 Cal.4th at 1191. This order assesses each claim in turn.

### A. Lack of Parts Rendered Television Prematurely Obsolete.
#### *i. Statute of Limitations Analysis.*

The claim that the lack of parts unfairly rendered plaintiff's television prematurely obsolete could not have begun to run before November 2014 as that was when defendants announced they would stop manufacturing the television parts. Plaintiff thus had until November 2018 to file his initial complaint. He did so in April 2018. Defendants accordingly do not meet their burden that the statute of limitations bar this claim.

---

[2] Plaintiff's briefing includes arguments under the fraud prong of Section 17200. But because the complaint does not allege any claims under the fraud prong of Section 17200, such arguments go outside the complaint and will not be assessed in this order.

5

*ii.	Plausibility Analysis.*

Still, the claim fails as implausible. California courts have applied unfairness under two different tests: *Cel-Tech* and *South Bay*. Our court of appeals has applied both tests. *See*, *e.g.*, *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865–67 (9th Cir. 2018). *Cel-Tech* held that to be unfair under the unfairness prong, the alleged conduct "must be tethered to some legislatively declared policy" or have some effect on competition. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 186–87 (1999). Under *South Bay*, a challenged business practice qualifies as unfair when the practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corporation*, 72 Cal. App. 4th 861, 886–87 (1999).

Plaintiff's claims fail under both tests. Applying the *Cel-Tech* test, the only policy plaintiff asserts — in his briefing or otherwise — is violations under the Song-Beverly Act, which this order has already concluded does not present a viable violation as pled. Nor does plaintiff allege in any way that defendants stopping to manufacture parts has any effect on competition. As to the *South Bay* test, defendants' alleged immorality is that they stopped manufacturing parts. No moral code requires companies to manufacture spare parts.

**B.	Defendants Failed To Disclose Inadequate Supply of Parts.**

The complaint alleges that defendants failed to disclose their inadequate supply of parts. But the complaint does not specify *when* defendants should have made this disclosure. Nevertheless, for the same reason as above, the four year limitations period could not possibly have run when their civil action commenced. Still, for the same reasons, the claim fails at this stage for lack of plausibility. Plaintiff must first make a more substantial showing as to the unavailability of parts before pursuing a claim that defendants failed to disclose such unavailability. Plaintiff has not made such a showing here.

**C.	Defendants Failed To Disclose Television Defects.**

As to the complaint's allegations that at the time of purchase defendants failed to disclose the defects, defendants meet their initial burden. Each element of wrongfulness, harm, and causation was satisfied on the same day in August 2013 when defendants allegedly

6

wrongfully omitted information and as a result plaintiff lost money and fell prey to deceptive behavior. Plaintiff subsequently filed the initial complaint in April 2018 outside the four year limitations period. Accordingly, the burden shifts to plaintiff to salvage this claim by demonstrating a non-statutory exception to the basic limitations period.

Plaintiff hinges his opposition on the discovery rule. Although our court of appeals has held that the statute of limitations for deceptive practice claims under Section 17200 may not be tolled under the discovery rule, the California Supreme Court has since explicitly held otherwise. *Compare Karl Storz Endoscopy-America, Inc. v. Surgical Tech., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002), *with Aryeh*, 55 Cal.4th at 1195–96. *Aryeh* binds us here.

The discovery rule itself delays accrual until plaintiff suspects — or should suspect — that someone has done something wrong to her. *See Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110–11 (1988). To rely on the discovery rule for delayed accrual, a plaintiff must specifically plead facts demonstrating both (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005).

The complaint does not meet these pleading requirements. Nowhere does the complaint plead facts as to the "time and manner of discovery" or any diligent investigation. Moreover, although the complaint alleges red lines returned to the television screen after the issue had been repaired once under the manufacturer's warranty, the complaint does not allege *when* the red lines returned. If these red lines appeared for the second time prior to April 2014, inquiry notice would be triggered sufficient to time-bar this claim for failure to disclose defects. Although the first time red lines appear on a television screen may reasonably not alert suspicion that plaintiff had been wronged, the red lines appearing once again should have raised some suspicion. Yet, plaintiff pleads no other facts.

This omission from the pleadings illustrates the very reason plaintiffs bear the burden of justifying their reliance on the discovery rule: safeguarding against lengthy litigation on the issue of accrual. *See Mangini v. Aerojet–General Corp.*, 230 Cal. App. 3d 1125, 1150–51

(1991). Accordingly, among other necessary facts missing from the complaint are *when* this second occurrence of such red lines happened and *what* efforts plaintiff subsequently undertook. Such facts remain critical towards any determination as to when plaintiff should have become suspicious that defendants omitted information in August 2013. As such, plaintiff has not met his pleading burden, and so, plaintiff's claim that defendants failed to disclose defects in the television are deemed time-barred subject to possible amendments.

### 3. CLAIMS UNDER THE CLRA.

The complaint alleges two claims against defendant Samsung Electronics America Inc. (but not defendant Samsung Electronics Co., Ltd.) under the CLRA. *First*, defendant Samsung Electronics America Inc. failed to maintain an adequate inventory to fix the defective television sold under California Civil Code Sections 1170(a)(5), (7), (9), and (10). But these sections prohibit misleading representations and advertisements, not a failure to maintain inventory. Indeed, nowhere does the CLRA require a company to maintain inventory. As such, the complaint's first claim under the CLRA fails on its face.

*Second*, defendant Samsung Electronics America Inc. failed to disclose information concerning the defect in the television. As the above analysis for the same claim under Section 17200 demonstrated, the three-year CLRA limitations period may bar this claim. After all, defendants adequately showed that the claim accrued in August 2013, yet plaintiff does not meet his burden opposing the application of the time-bar.

As pleaded, plaintiff's complaint alludes to discovery of the defect when red lines appeared on plaintiff's television for the second time. At that point, plaintiff's suspicion should have been triggered. Because the complaint alleges no other facts, plaintiff has not adequately rebutted that the limitations period bars this claim. This order accordingly deems the failure to disclose claim under the CLRA to be time-barred.[3]

---

[3] The discovery rule's application to the CLRA is "unsettled" inasmuch as no binding precedent exists addressing the issue. *Purdum v. Holmes*, 187 Cal. App. 4th 916, 924 (2010). Still, the two California cases that speak to the issue in dicta do not bar such an application — one opinion notes that at least one federal court has already interpreted CLRA limitations as such, and the other opinion asserts in dicta that limitations under the CLRA "probably" run from discovery. *See Meyer v. Sprint Spectrum, L.P.*, 45 Cal.4th 634, 645 (2009); *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (2002).

8

**CONCLUSION**

To the extent stated, the motion to dismiss is **GRANTED**. Plaintiff may move for leave to amend by **THURSDAY, NOVEMBER 29** at **NOON**. Any such motion should include as an exhibit a redlined version of the proposed amendments that clearly identifies all changes from the initial complaint. Moreover, should plaintiff amend, the parties are required to abide by the rulings at the hearing — namely, that plaintiff submit his television to inspection by defendants by the end of November. Should defendants have parts available that would fix plaintiff's television, defendants must provide plaintiff the list specifically providing not only the parts they have available but which part fixes which problem.

This order highlights certain deficiencies in the initial complaint, but it will not necessarily be enough to add a sentence parroting each missing item identified herein. If plaintiff so moves, he should be sure to plead his best case. Any motion should explain how the proposed complaint overcomes all deficiencies, even those this order did not reach.

**IT IS SO ORDERED.**

Dated: November 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE