IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS BRONSON, on behalf of himself and all others similarly situated,

    Plaintiffs,

  v.

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,

    Defendants.

No. C 18-2300 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT**

## INTRODUCTION

In this putative class action, plaintiff moves for leave to file a second amended complaint. To the extent set forth below, plaintiff's motion is **GRANTED**.

## STATEMENT

A previous order detailed the facts of this case (Dkt. No. 84). In brief, plaintiff Alexis Bronson purchased one of defendants' 51-inch plasma Smart 3D HDTV televisions in August 2013. The television proved defective. It displayed colored lines on the screen, a problem defendants fixed once under warranty, but the colored lines returned. Plaintiff concluded in August 2016 that the television could not be fixed because defendants had discontinued making any parts available.

Plaintiff filed this putative class action in federal court in April 2018 asserting diversity jurisdiction and alleging violations of Section 1793.03(b) of the California Civil Code under the

Song-Beverly Consumer Protection Act and Section 17200 of California's Business and Professions Code (Dkt. No. 1). Plaintiff amended his complaint in June 2018 primarily adding a claim against defendant Samsung Electronics America, Inc. (but not defendant Samsung Electronics Co., Ltd.) for violating California's Consumer Legal Remedies Act (Dkt. No. 35). The amended complaint alleged various claims for recovery under the foregoing three statutes. An order dated November 6, 2018 dismissed the amended complaint in its entirety but gave plaintiff an opportunity to seek leave to amend the dismissed claims (Dkt. No. 84). Another order dated November 29, 2018 stayed discovery with some exceptions (Dkt. No. 87).

Plaintiff now files the instant motion for leave to amend and append the proposed second amended complaint (Dkt. Nos. 86, 88, 91). This order follows full briefing and oral argument.

**ANALYSIS**

FRCP 15(a)(2) permits a party to amend its pleading with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The proposed second amended complaint seeks to amend plaintiff's claims under both Section 1793.03(b) of the California Civil Code and the unlawful prong of Section 17200 of California's Business and Professions Code, but abandons the rest of the claims averred in the previous amended complaint. Defendants oppose the proposed amendments, arguing they are both futile and frivolous.

**1.    CLAIM UNDER THE SONG-BEVERLY CONSUMER PROTECTION ACT.**

The order dismissing plaintiff's Section 1793.03(b) claim, did so on the ground that the amended complaint implausibly presumed television parts were unavailable merely because the manufacturer stopped making them. Plaintiff's proposed amended complaint remedies this

2

deficiency by adding with specific detail that in October 2018 a Samsung-authorized repair center informed plaintiff that the pertinent part to fix the television (identified by defendants and confirmed by plaintiff as the "PDP Assembly") was no longer available.

To start, that this supplemental fact occurred six months after the filing of the first complaint is not a reason to reject it. Under Rule 15(d), "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Requiring plaintiff to institute a new action to allege the same fact does not further the interest of judicial economy.

As to the statute itself, Section 1793.03(b) provides:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . *shall make available to service and repair facilities* . . . functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

Cal. Civ. Code § 1793.03(b) (emphasis added). Defendants put a strict gloss on reading the statute, contending Section 1793.03(b) merely requires manufacturers to make functional parts available. Plaintiff has a more expansive view. At this moment, this order will not rule on the scope of the statute. Such discussion will instead occur after discovery and the development of a factual record.

The same applies to defendants' argument that plaintiff's amendment is lacking because plaintiff does not allege that he requested a repair from the service facility. Requesting such a repair is predicated on requirements anchored in Section 1793.02, not Section 1793.03. While the two statutes may interconnect as two parts of a larger piece, such discussion will occur after discovery and the development of a factual record. Leaving these matters of law to be decided at a later stage, this order allows the pleading forward without endorsing either extreme reading of the statute.[1]

---

[1] As noted in the order dismissing the previous amended complaint, in the history of California jurisprudence, this action presents only the second time this provision of the Song-Beverly Act has been at issue. The first case presented the issue of whether or not "service and repair facilities" under the statute included *unauthorized* service and repair facilities. In an unpublished opinion, our court of appeals affirmed the

3

Defendants also argue that the new proposed class will be susceptible to a motion to strike because it is a failsafe class (meaning, the class itself is defined in a way that precludes membership unless the liability of the defendant is first established). But this argument jumps the gun. Class certification is a separate issue from whether or not the proposed amendments are futile or frivolous. After all, even if the class cannot be certified, plaintiff may still be left with his individual claims. Whether or not a class can be certified here must be left to the class certification stage of the litigation.

For the reasons set forth above, the proposed amendment as to Section 1793.03(b), therefore, is neither futile nor frivolous and the claim has been sufficiently amended at this stage.

### 2. CLAIM UNDER SECTION 17200.

"[E]quitable in nature," Section 17200 of the California Business and Professions Code provides claims for unlawful, unfair, and fraudulent activity. "[D]amages cannot be recovered." Instead, remedies are "generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) (quotations omitted). Even still, though restitution is possible, "[i]njunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices,' while restitution is a type of 'ancillary relief.'" *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011) (*quoting In re Tobacco II Cases*, 46 Cal.4th 298 (2009)).

The proposed amended complaint solely alleges a claim under the unlawful prong of Section 17200. This claim is entirely derivative of the claim under the Song-Beverly Act and therefore, can move forward. Precisely due to the equitable nature of Section 17200, defendants' arguments as to Section 17200 standing should be re-asserted at a later stage, when the specter of injunctive relief under Section 17200 looms larger. At this stage, due to the

---

district court which held the statute excluded such facilities. *See Bahr v. Canon U.S.A., Inc.*, 656 Fed. Appx. 276, 277 (9th Cir. 2016). Only one other decision refers to this section of the Song-Beverly Act, but direct recovery under the provision was not at issue in that case. *See Hoey v. Sony Electronics, Inc.*, 515 F. Supp. 2d 1099, 1105 (N.D. Cal. 2007) (Judge Ron Whyte).

4

unique nature of the Section 1793.03(b) claim alleged here, ruling on Section 17200 standing makes little sense.[2]

### 3. THE INTERVENTION AND AMENDMENT OF PLAINTIFF CRYSTAL HARDIN.

In addition to the amendments discussed above, plaintiff proposes to intervene and amend the first amended complaint with another plaintiff who alleges the same claims with nearly identical facts. Defendants oppose this addition for two reasons. *First*, because the purpose of the motion for leave to amend is to determine whether or not plaintiff Bronson has satisfied amending the complaint, not to allow intervention. *Second*, defendants argue the motion for leave to amend should not be utilized as a vehicle for a different plaintiff to pursue an entirely new claim.

These arguments are unavailing. Both plaintiffs purchased a television that proved defective because of colored lines and when they called an authorized repair facility were told the parts were unavailable. The intervention and amendment of plaintiff Hardin therefore will neither "greatly alter[ ] the nature of the litigation" nor "require[ ] defendants to . . . undertake[ ], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). This order accordingly allows plaintiff Hardin to intervene through this motion.

---

[2] The proposed amended complaint — apparently inadvertently — alleges "unfairness" under Section 17200 in numerous places, but explicitly abandons claims under the unfairness prong in its motion. Claims under Section 17200 will be limited to the unlawful prong per plaintiff's representation in the motion for leave to amend (Dkt. No. 86 at 5).

**CONCLUSION**

To the extent set forth above, the motion for leave to amend is **GRANTED**. Plaintiffs must file an amended complaint consistent with this order by **JANUARY 17**. Plaintiff should be sure to remove all claims alleging unfairness under Section 17200. Defendants must answer by **JANUARY 31**.

No more Rule 12 motion practice shall be allowed on the pleadings without leave of the Court. The stay on discovery issued is hereby lifted (Dkt. No. 87). Both sides should be taking discovery and preparing themselves for class certification, summary judgment, and/or trial.

**IT IS SO ORDERED.**

Dated: January 10, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE