SHANNON S. BROOME (SBN 150119)
SBroome@HuntonAK.com
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, California 94111
Telephone: (415) 975-3700
Facsimile: (415) 975-3701

THOMAS R. WASKOM (admitted *pro hac vice*)
TWaskom@HuntonAK.com
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

MICHAEL J. MUELLER (admitted *pro hac vice*)
MMueller@HuntonAK.com
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

BETH S. COPLOWITZ (admitted *pro hac vice*)
BCoplowitz@HuntonAK.com
Hunton Andrews Kurth LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2542
Facsimile:(305) 810-2460

*Counsel for Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

PAUL S. ROTHSTEIN (*admitted pro hac vice*)
KYLA V. ALEXANDER (*admitted pro hac vice*)
626 N.E. First Street
Gainesville, Florida 32601
Telephone: (352) 376-7650
Facsimile: (352) 374-7133
PSR@Rothsteinforjustice.com
Kyla.tm@rothsteinforjustice.com

ALAN J. SHERWOOD, (SBN 118330)
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, California 94545
alansherwood@earthlink.net
(510) 409-6199

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALEXIS BRONSON AND CRYSTAL HARDIN, on behalf of themselves and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., *et al*.<br><br>Defendants. | CASE NO.:  3:18-CV-2300-WHA<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br><br>Date: _____<br>Judge: Honorable William Alsup |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. This Stipulated Protective Order (hereinafter the "Order") governs the named Plaintiffs Alexis Bronson and Crystal Hardin and Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (each a "Defendant") (Plaintiffs and Defendants together, the "Parties") in the above-captioned matter. All references to "Producing Party" throughout this Order are intended to include non-parties.

2. This Order shall govern the use of Confidential information and Attorneys' Eyes Only information produced during discovery in the above-captioned action, including documents, depositions, deposition exhibits, interrogatory responses, and admissions. For purposes of this Order, any party or non-party designating information, documents, materials or items as "Confidential" or "Attorneys' Eyes Only" (the "Producing Party" or "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.

3. All Confidential and Attorneys' Eyes Only information exchanged pursuant to this Order shall be used by the party receiving such information, documents, materials or items (the "Receiving Party") solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 9 and 10, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the Parties, or by order of the Court.

4. Any Party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the Producing Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c). Any Party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

5. Any Party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party. Any Party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only") (together "Confidential" and/or "Attorneys' Eyes Only" material is generally referred to as "Protected Material").

6. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. By designating material as confidential, the Designating Party certifies that such party believes in good faith that the designated material constitutes confidential/ protected information as set out in Paragraph 4 and 5 of this Order. To the extent that it is practical to do so, the Designating Party must designate for protection only, those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications, for which protection is not warranted, are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

7. If a Party plans to use Protected Material at a hearing that Party shall provide the Designating Party with written notice seventy-two (72) hours before the hearing which identifies the Protected Material to be used.

8. Each side may redact documents (or portions of documents) that are non-responsive or that contain information that is subject to a claim of privilege (whether based on the attorney-client privilege, work product doctrine or other applicable privilege), provided that all redactions must be marked with a label identifying the material that has been redacted as "REDACTED - NON-RESPONSIVE" or "REDACTED - PRIVILEGED."  All redactions for privilege, and the specific reason for the redaction, must be identified on a properly produced privilege log.

9. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

b. Outside experts, consultants or consulting services retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and, in the case of Plaintiffs' outside experts, consultants or consulting services provided they have no existing affiliation with any competitor of Defendants relating to televisions;

c. Secretarial, paralegal, legal assistants, clerical, inside and outside support services (including, without limitation, copy services, document management services and graphics services), duplicating and data processing personnel of the foregoing persons and entities;

d. The Court, court personnel, jurors, deposition and trial and court reporters, videographers, mediators, court-appointed referees, magistrates, or special masters, and support staff of any of these persons or entities;

e. The author or recipient of a document containing the information or a custodian;.

f. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the Producing Party shall be first required to sign the non-disclosure agreement annexed hereto as

Exhibit A;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

h. The Parties. In the case of Plaintiffs, "Party" shall mean the named individual plaintiff in his individual or class representative capacity, but shall not mean any other member of the putative class (whether or not a class is ultimately certified). In the case of Defendants, "Party" shall mean individuals other than in-house counsel who are required to participate in decisions with reference to this lawsuit;

i. Any person as may be designated by written agreement by the Producing Party or by order of the Court; and

j. Regardless of its designation as "Confidential" under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such identified third party or witness, and such discussion shall not constitute disclosure of Protected Material within the terms of this Order. Counsel may not disclose the document itself to the third party or person under this subparagraph unless otherwise

permitted under this Order.

10. Attorneys' Eyes Only material and the contents thereof may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

    b. Outside experts, consultants or consulting services retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and, in the case of Plaintiffs' outside experts, consultants or consulting services, provided they have no existing affiliation with any competitor of Defendants relating to televisions;

    c. Secretarial, paralegal, legal assistants, clerical, inside and outside support services (including, without limitation, copy services, document management services and graphics services), duplicating and data processing personnel of the foregoing persons and entities;

    d. The Court, court personnel, jurors, deposition and trial and court reporters, videographers, mediators, court-appointed referees, magistrates, or special masters, and support staff of any of these persons or entities;

    e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Producing Party shall be first required to sign the non-disclosure agreement annexed hereto as Exhibit A;

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    g.    Any person as may be designated by written agreement by the Producing Party or by order of the Court; and

    h.    Regardless of its designation as "Attorneys' Eyes Only" under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such identified third party or witness, and such discussion shall not constitute disclosure of Protected Material within the terms of this Order.  Counsel may not disclose the document itself to the third party or person under this subparagraph unless otherwise permitted under this Order.

    11.    Confidential and Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraphs 9 and 10, respectively. Confidential and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting

confidentiality expressly waives the claim of confidentiality in writing, or (b) the Court orders such disclosure. Absent the occurrence of (a) or (b) above, no Confidential or Attorneys' Eyes Only material may be disclosed to another individual in any manner other than as set forth in Paragraphs 9 and 10. Protected Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

12. Nothing herein shall preclude the Parties from agreeing to or seeking additional protections for any information, document, thing or portion of any document or thing that contains particularly sensitive business or personal information, including additional limitations on the individuals to whom such materials may be disclosed.

13. With respect to testimony given in deposition that the Designating Party identifies on the record, before the close of the deposition, all protected testimony must be referenced and the Designating Party must specify the level of protection being asserted or that the Designating Party will do so within twenty-one (21) days of the offered testimony. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to twenty-one (21) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Endorsement of Protective Order" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a twenty-one (21) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

14. If counsel for a Receiving Party objects to such designation of any Protected Material, the following procedure shall apply:

a. Counsel for the objecting Party shall serve on the Designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating Party or third party shall respond in writing to such objection within fourteen (14) days after serving its written objection upon the Designating Party, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating Party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. To the extent the parties are unable to reach an agreement as to the designation, the objecting Party may file an appropriate application or motion

with this Court within twenty (20) calendar days of the impasse, with the portions designated as Protected Material to be lodged or kept under seal, requesting that the disputed Protected Material be excluded from the provisions of this Order.  In any such proceeding, the Designating Party shall bear the burden of demonstrating that the disputed designation is warranted pursuant to Paragraphs 4 and/or 5.  The objecting party's failure to make such an application or motion within the period provided above following the written objection shall constitute a waiver of the challenge to the confidentiality designation.

15.   If a Party files a document containing Protected Material, it shall be done in accordance with Civil Local Rule 79-5.  If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

16.   This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation (or any other litigation) in which such information was not designated as confidential or subject to a protective order.

17.   To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional

disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order. This paragraph does not apply to deposition transcripts, the designation of which is addressed in Paragraph 13, *supra*, or to transcripts of court hearings or other proceedings, the deadline for redaction of which is addressed by the court in communication to the parties prior to releasing the transcript.

18. Privilege logs will be produced in Excel format or a similar electronic format that allows text searching and organization of data.

19. All Parties acknowledge that, while each party will make appropriate efforts to identify and withhold from production any documents that such party believes are privileged, there is a possibility that privileged material may be produced inadvertently (hereinafter "Inadvertent Production"). Pursuant to Federal Rule of Evidence 502(d), such inadvertent disclosure of privileged information or documents that a Producing Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in this Action or in any other federal or state proceeding. In the event a Producing Party determines that an inadvertent production has occurred, the following steps shall be taken:

    a. The Producing Party shall provide a Notice of Inadvertent Production to the Receiving Parties identifying the inadvertently produced material(s) (by production number) and the nature of the privilege or other protection asserted.

b. Upon receipt of a Notice of Inadvertent Production, the Receiving Parties shall immediately return, sequester, or destroy the specified information and any copies it may have including by deleting or otherwise permanently removing the specified information from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the specified material. The Receiving Parties must also take reasonable steps to retrieve the information if the party disclosed it before being notified.

c. Within five (5) calendar days after the initial Notice of Inadvertent Production, the Producing Party shall provide a Replacement Copy of the inadvertently produced material by providing either a redaction version or blank slipsheet to denote the document is being withheld for privilege.

d. Outside counsel for the Producing Party shall retain an unredacted version of the inadvertently produced material until the Receiving Party has had the opportunity to fully challenge the designation through means provided in this Order. The Receiving Party must not use or disclose the information subject to these clawback procedures until any challenge to the privilege claim is resolved.

e. No action or inaction taken by the Receiving Party shall preclude a Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by a Receiving Party that the materials were in fact privileged or protected from disclosure in any way.

f. This Order shall be interpreted to provide the maximum protection allowed by

Federal Rule of Evidence 502(d).

20. No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

21. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground.  This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

22. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

23. Upon final conclusion of this litigation, including exhaustion of all appeals, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source or to destroy all originals and unmarked copies of documents and things containing Confidential and Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of transcripts, pleadings, work product, and expert reports, including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.  Within sixty (60) days of the conclusion of this action, including exhaustion of all appeals, counsel for the Receiving Party shall notify counsel for the Producing Party, in writing, that such return or destruction has taken place.  To the extent a Party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

24. Until such time as this Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it had been "So Ordered."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 20, 2019                Respectfully submitted,

HUNTON ANDREWS KURTH LLP

By:   /s/   Michael J. Mueller          .
Michael J. Mueller (*admitted pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201
Email: MMueller@HuntonAK.com

Thomas Richard Waskom
(*admitted pro hac vice*)
951 East Byrd St.
Richmond, VA 23219
Tel: (804)788-8403
Fax: (804) 788-8218
Email: twaskom@HuntonAK.com

Shannon Suzanne Broome
50 California Street, Suite 1700
San Francisco, CA 94111
Tel: (415) 975-3718
Fax: (415) 975-3701
Email: sbroome@huntonAK.com

Beth S. Coplowitz
(*admitted pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Tel: (305) 810-2542
Fax: (305) 810-2460
Email: BCoplowitz@HuntonAK.com

*Counsel for Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

Dated: February 20, 2019

By:   /s/   Paul S. Rothstein         .
Paul S. Rothstein (*admitted pro hac vice*)
Kyla V. Alexander (*admitted pro hac vice*)
626 N.E. 1st Street
Gainesville, FL 32601
Tel.: (352) 376-7650
Fax: (352) 374-7133
Email: psr@rothsteinforjustice.com
kyla.tm@rothsteinforjustice.com

Alan J. Sherwood,
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
Tel: (510) 409-6199
Email: alansherwood@earthlink.net

*Counsel for Plaintiffs*

ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: February 20, 2019        /s/   Michael J. Mueller
                                Michael J. Mueller


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                              Hon. William Haskell Alsup

## EXHIBIT A: ENDORSEMENT OF PROTECTIVE ORDER

I, _____, who am employed by _____, hereby acknowledge that:

I. I have read the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Bronson v. Samsung Electronics America, Inc., et al.*, Case No. 3:18-CV-2300-WHA, and agree to be bound by its terms;

II. I will not disclose Confidential material to any person not expressly entitled to receive it under the terms of the Protective Order;

III. I will not use Confidential material for any purpose other than that authorized by the Protective Order; and

IV. I agree to submit to the jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

DATE: _____   SIGNATURE: _____

ADDRESS: _____
_____
_____

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February 2019, I filed the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** and a copy of has been served on all Parties required to be served by electronically filing with the Clerk of the Court of the U.S., District Court for the Northern District of California, San Francisco Division, by using the CM/ECF system.

/s/ *Michael J. Mueller*
Michael J. Mueller

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111