IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRONSON and CRYSTAL HARDIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | No. C 3:18-cv-02300-WHA<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

This order holds that the Song–Beverly Consumer Warranty Act requires manufacturers to make spare parts available for at least seven years for goods sold for at least $100, even after the warranties have expired, and they must do so whether or not a particular customer presents the unit to a service center. Defendants' motion for summary judgment is **DENIED**.

**STATEMENT**

This order addresses the recurring problem consumers face when they invest in expensive consumer goods only to learn that repairs are impossible because the manufacturer no longer makes spare parts available to repair centers.

Plaintiff Alexis Bronson purchased a Samsung 51-inch plasma Smart 3D HDTV television in August 2013 (Dkt. No. 98 ¶¶ 15, 52). The television turned out to have two defects. *First*, it displayed colored-lines on the screen. *Second*, it randomly turned on-and-off.

In April 2014, plaintiff Bronson called Samsung about the colored-lines. Samsung twice replaced the offending part under warranty. In August 2015, plaintiff Bronson called Samsung about the on-and-off defect. At that point, however, the express warranty had run. Plaintiff Bronson eventually paid an authorized service and repair facility out of pocket to fix the on-and-off defect in May 2017. Plaintiff retrieved his television from the repair center in June 2017. The colored-lines thereafter returned (Bronson Dep. 91:8–12, 100:1–3, 18–23, 103:10–13, 110:2–7, 19–21, 111:13–16).

In April 2018, plaintiff Bronson filed this putative class action against defendants Samsung Electronics America Inc. and Samsung Electronics Co., Ltd. (Dkt. No. 1). Plaintiff Bronson subsequently amended the complaint (Dkt. No. 35). Both the original and amended complaints alleged violations of various California statutory consumer protection statutes stemming from both defects.

Samsung moved to dismiss (Dkt. Nos. 53, 63). Following a hearing in November 2018, an order granted Samsung's motion and dismissed the amended complaint in its entirety (Dkt. No. 84). The order gave plaintiff Bronson an opportunity to seek leave to amend on all of the dismissed claims.

Plaintiff Bronson moved to amend with a proposed complaint which significantly narrowed the alleged claims (Dkt. No. 86). Specifically, the proposed complaint abandoned all claims related to the on-and-off defect. It re-asserted only two claims related to the colored-lines defect. A new plaintiff, Crystal Hardin, also sought to intervene.

The two claims re-asserted in the proposed complaint were as follows. *First*, a violation of California Civil Code Section 1793.03(b), which provides:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . shall make available to service and repair facilities . . . functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

*Second*, a derivative violation of "unlawfulness" under Section 17200 of California's Business and Professions Code for the alleged violation of Section 1793.03(b).

2

The proposed complaint also added a new fact to support its claims (Dkt. No. 86-2 ¶ 58). In October 2018 (well after the original and amended complaints had been filed but before the hearing on Samsung's motion to dismiss), plaintiff Bronson physically went to the authorized service and repair facility which had previously fixed his television. Plaintiff Bronson did not also physically bring the television to the repair facility. Once there, plaintiff Bronson asked whether a replacement part for the television screen was "available." The facility told him it was not. Based on this fact, the proposed complaint alleged that Samsung had violated Section 1793.03(b) by not satisfying its requirement to "make available *to service and repair facilities* . . . functional parts" (emphasis added).

Samsung opposed the motion (Dkt. Nos. 88, 89). The primary dispute centered on a different construction of the requirements under Section 1793.03(b). *First*, Samsung insisted it satisfied Section 1793.03(b) because it had the part in question somewhere in the world and therefore the part was "available." (Samsung further illustrated this availability by physically lugging the large part in question to the January 2019 hearing.) *Second*, Samsung argued plaintiff Bronson had not satisfied the Song–Beverly Consumer Warranty Act's requirement that a buyer physically present the product in need of repair before seeking relief under the Act. This latter argument required reading Section 1793.03 in tandem with other chapters of the Act, a non-obvious construction of the statute.[1]

Prior decisions offered no clarity. Although Section 1793.03 had been added to the California Civil Code in the year 1986, it had only since been interpreted twice. In the first decision, direct recovery under the provision was not at issue. *See Hoey v. Sony Electronics Inc.*, 515 F. Supp. 2d 1099, 1105 (N.D. Cal. 2007) (Judge Ron Whyte). The second decision held (in an unpublished opinion by our court of appeals) that "service and repair facilities" excluded *unauthorized* service and repair facilities. *See Bahr v. Canon U.S.A., Inc.*, 656 F. App'x 276, 277 (9th Cir. 2016). Neither decision interpreted the statute in a relevant way.

---

[1] The Act defines a "buyer" as "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail." Cal. Civ. Code § 1791(b). The Act defines a "manufacturer" as "any individual, partnership, corporation, association, or other legal relationship that manufactures, assembles, or produces consumer goods." § 1791(j).

3

Faced with two facially reasonable interpretations of a chapter of the California Civil Code which no decision had ever interpreted, an order granted plaintiffs' motion for leave to amend (Dkt. No. 95). The order explicitly did not endorse either side's interpretation (*id*. at 3). Instead, the order insisted that the factual record be developed before any interpretation occur (*ibid*). The order also allowed plaintiff Hardin to intervene (*id*. at 5).

Samsung now moves for summary judgment on the legal issue against plaintiff Bronson (not plaintiff Hardin) (Dkt. No. 122). This motion for summary judgment raises a single issue. That is, whether Section 1793.03(b) requires plaintiff Bronson to physically present his television to the authorized service and repair facility for repair. If the statute so requires, plaintiff Bronson would lose. This order follows full briefing (Dkt. Nos. 122, 128, 135, 144) and oral argument.

**ANALYSIS**

This order construes the Song–Beverly Consumer Warranty Act. "The Act regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties." *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 213 (1991) (citation omitted). Specifically, this order construes one provision in the Act, codified in the California Civil Code at Section 1793.03(b), which provides:

> Every manufacturer making an express warranty with respect to an electronic or appliance product described in subdivision (h), (i), (j), or (k) of Section 9801 of the Business and Professions Code, with a wholesale price to the retailer of one hundred dollars ($100) or more, shall make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

The California Court of Appeal has held that "[i]n order to prevail in a claim under [the] Song–Beverly Act, one of the elements a plaintiff must prove is that the good was presented to an authorized representative of the manufacturer . . . for repair." *Robertson v. Fleetwood Travel*

4

*Trailers of CA, Inc.*, 144 Cal. App. 4th 785, 805 (2006) (internal citations and quotations omitted). This requirement does not stem from the aforementioned section of the Act (Section 1793.03). Rather, the requirement stems from a different section (Section 1793.2).

Specifically, the presentation requirement "is based on subdivision (c) of Section 1793.2 . . . ." *Ibid*. Section 1793.2(c) provides: "[t]he buyer shall deliver nonconforming goods to the manufacturer's service and repair facility within this state, unless, due to reasons of size and weight, or method of attachment, or method of installation, or nature of the nonconformity, delivery cannot reasonably be accomplished." As before, Samsung urges this requirement be imposed on buyers who bring claims because service literature and parts had not been made available pursuant to Section 1793.03 of the Act.[2]

When interpreting a statute, the goal is to ascertain the intent of the legislature in order to effectuate the law's purpose. *Imperial Merch. Servs. v. Hunt*, 47 Cal. 4th 381, 387 (2009) (citation omitted). The most reliable indicator of the California legislature's intent is the statute's plain language. *Vasquez v. State*, 45 Cal. 4th 243, 251 (2008) (citation omitted). "We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole." *Cummins, Inc. v. Superior Court*, 36 Cal. 4th 478, 487 (2005) (citations omitted).

The plain language of the Song–Beverly Act does not support Samsung's proposed construction. A court may not change the scope of a statute "by reading into it language it does

---

[2] Section 1793.2(c) provides in full:

> The buyer shall deliver nonconforming goods to the manufacturer's service and repair facility within this state, unless, due to reasons of size and weight, or method of attachment, or method of installation, or nature of the nonconformity, delivery cannot reasonably be accomplished. If the buyer cannot return the nonconforming goods for any of these reasons, he or she shall notify the manufacturer or the nearest service and repair facility within the state. Written notice of nonconformity to the manufacturer or its service and repair facility shall constitute return of the goods for purposes of this Section. Upon receipt of that notice of nonconformity, the manufacturer shall, at its option, service or repair the goods at the buyer's residence, or pick up the goods for service and repair, or arrange for transporting the goods to its service and repair facility. All reasonable costs of transporting the goods when a buyer cannot return them for any of the above reasons shall be at the manufacturer's expense.

5

not contain or by reading out of it language it does." *Vasquez*, 45 Cal. 4th at 253. Samsung's construction does both.

*First*, Samsung reads language into Section 1793.03. The plain language of Section 1793.03 solely imposes an obligation on manufacturers. Neither subsection imposes *any* obligation on buyers — or even refers to buyers at all. The California legislature could have (as it did in a trio of sections) included language which imposes an obligation on the buyer. *See* §§ 1793.02(c), 1793.2(c), 1793.3. Section 1793.03 has no such buyer provision. "We may not rewrite the statute to conform to an assumed intention that does not appear in its language." *Vasquez*, 45 Cal.4th at 253.

*Second*, Samsung reads language out of the Act. The presentation requirement solely applies during the express warranty. This is evident by its express application to "nonconforming goods," which the California Supreme Court has interpreted to refer to Section 1793.2(b) which, in turn, applies to goods that "do not conform with the applicable express warranties." *Cummins, Inc.*, 36 Cal. 4th at 488–489 (quotations omitted). Indeed, every time the Act imposes on the buyer to bring in an item for repair, the Act always limits the language to apply during the express warranty. *See, e.g.*, §§ 1793.02(c), 1793.3. By contrast, Section 1793.03 expressly applies both during and after the express warranty has run. True, after the warranty has run, the customer will have to pay for the part and/or the repair. But at least the part will be available and the product returnable to useful service, thanks to Section 1793.03.[3]

The Act contains an express purpose that it be read in favor of the consumer. "[T]he Song–Beverly Act . . . is manifestly a remedial measure, intended for the protection of the

---

[3] Section 1793.2(b) provides in full (emphasis added):

> Where those service and repair facilities are maintained in this state and service or repair of the goods is necessary *because they do not conform with the applicable express warranties*, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days. Delay caused by conditions beyond the control of the manufacturer or its representatives shall serve to extend this 30-day requirement. Where delay arises, conforming goods shall be tendered as soon as possible following termination of the condition giving rise to the delay.

consumer; it should be given a construction calculated to bring its benefits into action." *Murillo v. Fleetwood Enters., Inc.*, 17 Cal. 4th 985, 990 (1998) (quotation and citation omitted). Imposing an additional unexpressed obligation on consumers into Section 1793.03 would hamstring remedies under the Act.

Samsung argues it would be absurd for the California legislature to make it easier for out-of-warranty plaintiffs to bring suit than in-warranty plaintiffs. But we are talking about two different provisions — the warranty provisions versus the spare parts provisions. The differences are spelled out above, namely that the spare parts provisions live on long after the warranty has expired and protects consumers by facilitating repairs at their own expense. The warranty provisions have their own spare parts requirement. *See* § 1793.2(a)(3).

## CONCLUSION

For the foregoing reasons, Samsung's motion for summary judgment is **DENIED**. Please do not ask for reconsideration.

**IT IS SO ORDERED.**

Dated: May 30, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE