1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS BRONSON and CRYSTAL
HARDIN, on behalf of themselves and all
others similarly situated,

              Plaintiffs,

      v.

SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG ELECTRONICS CO.,
LTD.,

              Defendants.

No. C 18-02300 WHA

**ORDER ON
RECONSIDERATION**

Plaintiffs Alexis Bronson and Crystal Hardin move for leave to file a motion for

reconsideration of an order which had resolved the parties' most recent discovery dispute (Dkt.

Nos. 125, 136). To the limited extent below stated, leave to file a motion for reconsideration is

**GRANTED.**[1]

In April 2019, plaintiffs filed a discovery letter brief (Dkt. No. 117). The parties disputed

whether plaintiffs were entitled to discovery related to: *all* models of Samsung plasma televisions,

the failure rate of the part in question (PDP assemblies), planning for the service of the plasma

television, and warranty claims for the part. After defendants filed their response (Dkt. No. 119),

an order issued limiting discovery to the two models of television purchased by the two plaintiffs

---

[1] Plaintiffs moved for reconsideration (Dkt. No. 125). In their opposition to the motion, defendants noted that plaintiffs had not complied with local rule 7-9(a) that leave must be sought before a motion for reconsideration can be considered (Dkt. No. 134). Plaintiffs thereafter moved for leave to file the motion for reconsideration (Dkt. No. 136). This form of retroactive maneuvering is extremely disfavored. Both parties must comply with the local rules and the Court's standing orders in future filings.

because plaintiffs had no standing or distinct enough interest in other television models. The order also required defendants to produce all documents that summarize, describe, or refer to how Samsung or its distributors in the United States intended to comply with the statute in question (Section 1793.03(b)) and all warranty claims for the same part that failed in plaintiffs' televisions going back four years before the original complaint had been filed (April 2014) (Dkt. No. 120).

Unsatisfied with this resolution, plaintiffs now seek leave to file a motion for reconsideration (Dkt. Nos. 125, 136). In their motion, plaintiffs drastically shorten the breadth of their original discovery requests and assert a number of arguments which plainly should have been raised in their original discovery letter brief. In the instant motion, plaintiffs specifically seek: (i) discovery on all plasma television models purchased in 2013 and 2014 (in addition to the two models purchased by the plaintiffs); (ii) staying a determination on standing until class certification; and (iii) expanding discovery on warranty claims to cover the full warranty period (January 2013).

Plaintiffs' claims depend on the lack of availability of a specific television part: a PDP assembly. Plaintiffs accordingly have an interest in that specific part irrespective of the television model number. For this reason, the prior order will be reconsidered to this limited extent. The scope of discovery will be extended to include television models purchased in 2013 and 2014 that contain the PDP assembly display part identical to the one located in plaintiffs' dual televisions. It is not enough that the other television have a PDP assembly. It must have exactly the same PDP assembly. A television with a non-*identical* PDP assembly falls outside the scope of discovery, even if there are similarities.

Whether plaintiffs have standing on these other television models remains its own separate analysis. This extension of permitted discovery is not evidence either way as to how far plaintiffs' standing extends.

In addition, no compelling reason has been given to reconsider the scope of discovery on the warranty claims. Plaintiffs have not brought a claim related to any warranty. Accordingly, no discovery will be allowed on warranty claims that occurred before the period provided by the

1    statute of limitations.  The discovery related to the warranty claims remain limited to the time-
2    period provided in the prior order (Dkt. No. 120).

3        Having again resolved this dispute, another point must separately be made.  The parties
4    have bickered over the scope of discovery throughout this litigation.  Indeed, the first discovery-
5    related filing occurred even before the hearing on the motion to dismiss.  At this point, this action
6    presents only two claims (one of which is entirely derivative of the other) with a single
7    overarching issue: how to interpret one provision of a California statute.  Accordingly, even if the
8    twenty-five discovery-related docket entries (so far) have been necessary, a little extra effort by
9    counsel to get along would go a long way towards resolution.[2]

10        For the foregoing reasons, and to the limited extent stated, leave to file a motion for
11    reconsideration is **GRANTED**.  The prior order remains intact, except the scope of discovery is
12    limited to the plasma television models purchased in 2013 and 2014 which contain the *identical*
13    PDP assembly part as plaintiffs' specific plasma televisions.  Again, it is not enough that the part
14    be "substantially similar."  The part must be identical.  If it is not, it is not discoverable.

15

16        **IT IS SO ORDERED.**

17

18    Dated:  May 30, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

---

[2]  The following docket entries raise issues related to discovery: Dkt. Nos. 78, 79, 87, 104, 106, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121, 124, 125, 126, 134, 136, 137, 138.