IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRONSON and CRYSTAL HARDIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | No. C 3:18-cv-02300-WHA<br><br>**ORDER GRANTING PARTIAL MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff Alexis Bronson moves for partial summary judgment on his claims that Samsung had not made spare parts available to authorized service and repair facilities. To the extent below stated, plaintiff Bronson's motion is **GRANTED**.

## STATEMENT

A prior order provided the factual and procedural history of this action (Dkt. No. 154). In brief, plaintiff Alexis Bronson purchased a Samsung 51-inch plasma Smart 3D HDTV television in August 2013. The television turned out to be defective in that it displayed colored-lines on the screen (Dkt. No. 98 ¶¶ 15, 52, 56–57). This putative class action lawsuit against defendants Samsung Electronics America Inc. and Samsung Electronics Co., Ltd. followed in April 2018 (Dkt. No. 1). Plaintiff amended the complaint in June 2018 (Dkt. No. 35).

In October 2018, plaintiff Bronson went to an authorized service and repair facility and asked whether a replacement part for the television screen was "available." The employee at the facility told him it was not. After the completion of Rule 12 motion practice, in January 2019, an order granted plaintiff Bronson leave to amend a second amended complaint which included the new fact from October 2018. The newly amended complaint alleged two claims: *first*, a violation of California Civil Code Section 1793.03(b), which provided:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . shall make available to service and repair facilities . . . functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

*Second*, a derivative violation of "unlawfulness" under Section 17200 of California's Business and Professions Code for the alleged violation of Section 1793.03(b). A new plaintiff, Crystal Hardin, also intervened.

In April 2019, Samsung moved for summary judgment against plaintiff Bronson (not plaintiff Hardin) (Dkt. No. 122). A hearing was held in May 2019. The motion was subsequently denied (Dkt. No. 154).

Plaintiff Bronson now moves for partial summary judgment against Samsung (Dkt. No. 130). This motion for partial summary judgment raises two issues. *First*, whether Samsung Electronics America Inc. is a manufacturer under the Act. *Second*, whether Samsung made the spare parts for plaintiff Bronson's television available to the authorized service and repair facility. This order follows full briefing (Dkt. Nos. 141, 150) and oral argument.

**ANALYSIS**

Under FRCP 56(c), partial summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

Under Section 1793.03(b), Samsung must make functional parts available to service and repair facilities for seven years after the product was manufactured. In full, Section 1793.03(b) provides:

> Every manufacturer making an express warranty with respect to an electronic or appliance product described in subdivision (h), (i), (j), or (k) of Section 9801 of the Business and Professions Code, with a wholesale price to the retailer of one hundred dollars ($100) or more, shall *make available to service and repair facilities* sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

(emphasis added). In other words, Section 1793.03(b) has four requirements: the provision (i) obligates manufacturers who make an express warranty (ii) on certain electronic products (iii) to effect the repair of those products by making service literature and functional parts available to service and repair facilities (iv) for seven years after manufacture.

Here, plaintiff Bronson's plasma television is an electronic product with a wholesale price of over $100. In addition, the television had been manufactured in 2013. Accordingly, under Section 1793.03(b), service literature and function parts were required to be made available for the television until the year 2020. The parties disagree whether one of the defendants, Samsung Electronics America Inc., is a manufacturer. The parties also disagree whether Samsung had sufficiently made the part in question available. This order addresses each disagreement in turn.

### 1. "MANUFACTURER MAKING AN EXPRESS WARRANTY."

Section 1793.03 applies to "every manufacturer making an express warranty . . . ." Each defendant in this action complies with part of this requirement, but not both. More specifically, Samsung Electronics Co., Ltd. is a manufacturer but does not make an express warranty. Samsung Electronics America Inc., on the other hand, makes the express warranty but is purportedly not the manufacturer (it is the distributor, according to Samsung). This order holds that Samsung Electronics America Inc. meets the definition for "manufacturer" under the Song-Beverly Act.

The Act defines a "manufacturer" as "any individual, partnership, corporation, association, or *other legal relationship* that manufactures, assembles, *or produces consumer goods*." Cal. Civ. Code § 1791(j) (emphasis added). Samsung Electronics America Inc. is part of a legal relationship (with Samsung Electronics Co., Ltd.) which produces consumer goods.

It is true that the Song-Beverly Act separates a manufacturer from a "distributor." A distributor is defined as "any individual, partnership, corporation, association, or other legal relationship that stands between the manufacturer and the retail seller in purchases, consignments, or contracts for sale of consumer goods." Cal. Civ. Code § 1791(e). Nothing precludes a single entity, however, from qualifying both as a manufacturer and as a distributor.

Samsung Electronics America Inc. seeks to escape liability on a technicality which if allowed would open the door to corporate chicanery. Manufacturers would be incentivized to have subsidiaries make express warranties merely to escape the requirements of the Song-Beverly Act. Allowing this shell game runs counter to the Act. "Interpretations that would significantly vitiate a manufacturer's incentive to comply with the Act should be avoided." *Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1244 (2004). Samsung Electronics America Inc. qualifies as a manufacturer through its legal relationship with Samsung Electronics Co., Ltd. to produce consumer goods.

### 2. "MAKE AVAILABLE TO SERVICE AND REPAIR FACILITIES."

Turning to the other point at issue, this order holds that Samsung had not made functional parts available to service and repair facilities to effect repair of plaintiff Bronson's plasma television. Plaintiff Bronson relayed in his deposition that the employee at the authorized repair facility told plaintiff Bronson the part was not available. Samsung's records further showed that in March 2016 a different repair facility told a Samsung employee that the identical part was not available. Between these two facts, plaintiff Bronson satisfied his initial burden to demonstrate the absence of a genuine issue of material fact as to the part's availability.

4

Samsung does not dispute these facts in response. Instead, Samsung argues the repair center did not follow Samsung protocol to determine whether the part had been available. According to Samsung, an issue of material fact therefore exists as to the part's availability.

This argument, however, does not create a genuine issue of material fact. It merely establishes that the repair facility did not follow protocol. Concluding that the part had not been available because the repair facility did not follow protocol is mere speculation. A reasonable jury would not return a verdict for Samsung based on this evidence. Accordingly, no genuine dispute as to material fact exists. The parts had not been made available to the authorized repair center in October 2018.

Samsung also repeatedly asserts that the part has been available to plaintiff Bronson since November 2018. This new availability does not satisfy Section 1793.03(b). The availability of the part today is not the availability of the part back then.

### A. PLAINTIFF BRONSON'S INITIAL BURDEN.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under FRCP 56(c), this evidence must be admissible. Here, plaintiff Bronson provides two pieces of evidence: *first*, his own deposition and *second*, Samsung employee call records. This evidence sufficiently demonstrates the absence of a genuine dispute of material fact.

#### *i.    Plaintiff Bronson's Deposition.*

In October 2018, plaintiff Bronson asked an authorized repair facility whether the part needed to fix the colored-lines on his broken television was available. According to plaintiff Bronson, the employee responded as follows:

> He goes, he gets on the computer. He punches in — I didn't see — I saw him on the computer. I'm assuming he punched in the model number and whatnot, and he says, *yeah, that part's going to cost about 900 bucks*. And then within two seconds he says, *oh, but it's not available*. And I said, you can't order anywhere? And he said *no, they no longer make it*. And that was that.

(Bronson Depo. at 170:9–17) (emphasis added). This demonstrates the employee communicated to plaintiff Bronson that the part reflected was no longer made nor available.

5

Samsung objects to this evidence as hearsay. This evidence, however, falls within an exception to hearsay. It is therefore admissible. Specifically, Federal Rule of Evidence 801(d)(2)(D) allows statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." The statements made by the *authorized* repair-center employee in October 2018 were made by Samsung's agent. Samsung authorized the repair center to repair parts on Samsung's behalf. The statements were made within the scope of that relationship. The objection fails.

### ii. *Samsung Employee Call Records.*

Samsung employee call records further corroborate that the exact part in question had been unavailable to another service and repair facility. The broken part causing the colored-lines on plaintiff Bronson's plasma television is the plasma display panel assembly (Samsung part number BN96-28902A) (Dkt. No. 141-2 ¶ 11).

The Samsung employee call records demonstrate that in March 2016, a customer called Samsung seeking repair of a product that had been purchased at Best Buy. The customer did not know the part number so the Samsung employee called the repair center for the part's information. The repair center provided the part numbers. One of the numbers provided, BN-9628902A, is the identical part number as the broken part in this action. The repair center confirmed to Samsung the parts were unavailable. The entry concluded with the ticket being processed for review due to the unavailability of the part and that Samsung would follow up with the customer within 48 business hours (Dkt. No. 149-4 at 3).[1]

Samsung also objects to this evidence as hearsay. This evidence, however, falls within the same exception to hearsay. Specifically, Federal Rule of Evidence 801(d)(2)(D), which allows statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" to be admitted.

Here, the March 2016 record had been written by a Samsung employee. The interaction related to repair of a product. The interaction also recorded statements made by an employee of

---

[1] The Samsung employee recorded the interaction: "[f]ollow up call service center Spoke to: Jennifer provided my [sic] with the part #BN96-28902A and #BN96-25221A witch [sic] non [sic] of them are available please [sic] the account on review for part [no longer available] . . . " (Dkt. No. 149-4).

6

a repair center. Although the record itself does not specify that the facility was authorized, it is not reasonable to infer that Samsung would call an unauthorized repair facility. Samsung has not put forward any proof that the repair facility in question, Ross Technology Solutions, was an unauthorized repair facility. Mere speculation does not create a factual dispute. *Nelson v. Pima Comm. College*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (citation omitted).

*	*	*

Accordingly, these two pieces of evidence sufficiently demonstrate that Samsung at least twice did not make part number BN96-28902A available to its service centers. This began at least in March 2016 and continued until August 2018. Both sets of evidence are admissible under FRE 801(d)(2)(D). Plaintiff Bronson has accordingly met his initial burden to satisfy the elements.

### B.    DEFENDANT SAMSUNG'S RESPONSE.

When the moving party has met its burden of production, the nonmoving party must, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 252). If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp.*, 477 U.S. at 323.

Samsung makes two arguments to attempt to establish a genuine issue of material fact. *First*, Samsung argues the repair center did not follow Samsung protocol to determine whether the part had been available. Therefore, according to Samsung, an issue of material fact exists as to the part's availability. *Second*, Samsung repeatedly asserts that the part has been available to plaintiff Bronson since November 2018. Neither argument sets forth specific facts showing there is a genuine issue for trial. Specifically, Samsung still has not provided any evidence that the part in question was available to the authorized service facility in October 2018.

### *i.* *The Service Center Procedure Guide.*

Samsung's first argument fails. The Authorized Service Center Service Policy and Procedure Guide (for Fall 2014) required Samsung repair centers to follow a particular procedure when ordering parts. More specifically, that "[a]ll parts MUST be Purchased from Samsung via the [Global Service Partner Network] website . . . [i]f GSPN website ordering is not available, you can place your order by e-mail or by fax" (Dkt. No. 161-7 at 37) (capitalization in original). Plaintiff Bronson never established the repair center employee followed this protocol or that an order had been placed by e-mail or by fax.

Still, this protocol has no bearing on whether or not the part had been made available to the authorized service and repair facilities. "There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1996) (internal quotation marks and citation omitted). Yet, Samsung only offers speculation. No reasonable jury would return a verdict for Samsung based on this evidence.

### *ii.* *Availability Today.*

Samsung remains fixated on the part having been repeatedly made available through the litigation (starting in November 2018) and therefore has satisfied its requirements under the statute. The availability of the part today, however, is not availability of the part back then. Samsung's efforts come too late. Manufacturers cannot be permitted to engage in a game of chicken with consumers, daring them into litigation only to moot the litigation by complying with Section 1793.03 once the litigation has commenced. This would be untenable and anti-consumer. "[T]he Song–Beverly Act . . . is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." *Murillo v. Fleetwood Enters., Inc.*, 17 Cal. 4th 985, 990 (1998) (quotation and citation omitted).[2]

\*          \*          \*

---

[2] One week before the hearing, Samsung moved to supplement the record with evidence that the parts had *this month* been relocated to a California warehouse. This evidence has no impact on the availability of the part to authorized repair centers in October 2018. The motion is therefore **DENIED AS MOOT**.

In sum, the provision expressly requires that the part be made "available to service and repair facilities." This does not mean the manufacture must own the part. Neither does this mean the manufacturer can skate by merely making the part available to customers. Rather, the part must be made available *to the service and repair facility*. Plaintiff Bronson has demonstrated two instances where repair facilities had asserted that the exact part at issue here had not been available to them. Samsung never rebutted this evidence. Accordingly, the facts alleged compel the finding that the part had not been made available to the authorized service and repair facility in October 2018.

## CONCLUSION

To the foregoing extent, plaintiff Bronson's partial motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE