1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS BRONSON and CRYSTAL
HARDIN, on behalf of themselves and all
others similarly situated,

            Plaintiffs,

  v.

SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG ELECTRONICS CO.,
LTD.,

            Defendants.

_____/

No.  C 18-02300 WHA

**ORDER DENYING MOTION
TO STRIKE AND
VACATING HEARING**

For twenty years on the bench, I have tried to inform lawyers about the inherent

ambiguity in a leading question premised on a negative, then ending in the word "correct?" or

"right?"  This motion perfectly illustrates the problem.  At issue is the following question and

answer during deposition testimony (Dkt. No. 142-5, Exh. 3, 162:5–7):

      Q:     Because you didn't intend to have it fixed, right?

      A:     No.

Does the answer mean "No, that is not right" or does it mean "No, I did not intend to

have it fixed"?  Both answers — entirely opposite in meaning — are equally plausible.  It is

impossible to be sure.  The response is inherently ambiguous.  This ambiguity is *not* the fault of

the witness.  It is entirely the fault of counsel and the form of the question.

We all understand that counsel on adverse examination prefer leading questions. But the unambiguous way to ask a leading question anchored in a negative is in this form: "You didn't intend to have it fixed, did you?" When, by contrast, the negative leading question ends with "correct?" or "right?" a "yes" or "no" answer will always be hopelessly ambiguous — always and forever, period.

When "correct?" or "right?" ends an *affirmative* leading question, no ambiguity occurs, as in "You intended to have it fixed, correct?" It's the negative form that leads to trouble. The entrenched and recurring problem arises from the confluence of (i) the negative leading question, (ii) ending in "correct?" or "right?" and (iii) answered "yes" or "no."

For twenty years as a trial judge, I have seen this error time and again. During many trials, out of the presence of the jury, I have alerted counsel to the problem. This unfortunate error spans the continent from big firms to small firms and even to the United States Attorney's office. Some lawyers get the point and improve their form of question. Others, however, just cannot reform. Sometimes, summary judgment motions must be denied on this very ground.

*   *   *

With this in mind, let's turn to the mundane issue at hand, namely whether to allow a correction made by a deponent. The deponent seeks to change an answer as follows. For clarity, the prior answer is lined through and the change is underlined (Dkt. No. 142-5, Exh. 2; Exh. 3, 162:5–7):

  Q: Because you didn't intend to have it fixed, right?

  A: ~~No.~~ I first wanted to see if they had the part.

It is unnecessary to recite the chronology relating to the correction at issue, for no issue is raised of timeliness or procedural entitlement of the witness to make a correction. The only issue raised is whether the particular change so reverses the meaning of the original testimony that the change should not be allowed under *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–1226 (9th Cir. 2005). Unlike in *Hambleton*, however, the modifications here were not "changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id*. at 1225. Here, the question

2

itself injected ambiguity, so it's hard to say the clarification radically alters the original answer. The corrected clarification will be allowed.

It would have been helpful, perhaps, if defending counsel had objected to the form of the question as ambiguous, but we are not concerned with admissibility at trial. We are merely concerned with the viability of a modification. The fault was with the examiner, not the witness. So, the modification is now permitted.

\*             \*             \*

The second change poses a separate problem. The line of questioning was as follows. For clarity, the prior answer is lined through and the change is underlined (Dkt. No. 142-5, Exh. 2; Exh. 3, 103:7–13):

> Q:    So you assume they put in a new part to fix the
>        on/off issue, right?
>
> A:    I did not assume that.
>
> Q:    You were paying for that, right?
>
> A:    ~~Yes.~~ I was paying for the repair of my on/off
>        issue.
>
> Q:    And did it fix the on/off issue?
>
> A:    Yes.

The first question injected two separate points, a part plus a repair. The corrected answer was therefore permissible to specify which of the two was intended by the original answer, namely, the repair. This modification is also permitted.

For the foregoing reasons, defendants' motion to strike is **DENIED**. The hearing set for July 11 at 8:00 A.M. is hereby **VACATED**.

\*             \*             \*

My plea to trial lawyers is to eliminate the words "correct?" and "right?" from the end of your questions. While those endings work fine for affirmative points, they invite trouble for all negative points and, in the heat of battle, you may lose track of which is which. Instead, may I urge the narrowly-directed non-leading form ("Did you intend to have it fixed?") or, if you insist on a leading question to make a negative point, end with "Did you?" or "Did it?" or "Did

they?" as the case may be (*e.g.*, "You didn't intend to have it fixed, did you?").  Witnesses, jurors, and judges will appreciate the clarity.

Dated:  July 3, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE