# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is entered into by and among Plaintiffs Alexis Bronson, individually, and Crystal Hardin, individually and as class representative of the Class defined in Section I.A below (Bronson and Hardin are referred to herein as "Plaintiffs"), and  Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively "Samsung"). Plaintiffs and Samsung are referred to jointly as the "Parties," and individually as "Party." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all the claims specified below, upon and subject to the terms and conditions of this Agreement and subject to approval of the Court.

## RECITALS

WHEREAS, on April 17, 2018, Plaintiff Bronson filed a complaint in the United States District Court for the Northern District of California titled *Bronson v. Samsung Electronics America, Inc., et al.*, Case No. 3:18-cv-02300-WHA (the "Lawsuit"), on behalf of himself and all others similarly situated;

WHEREAS, on June 29, 2018, Bronson filed a First Amended Complaint, which the Court dismissed on November 6, 2018;

WHEREAS, on January 17, 2019, Bronson filed a Second Amended Complaint ("SAC"), which added Hardin as a plaintiff. (DE 98.) The SAC alleged claims for violation of Section 1793.03(b) of the Song-Beverly Consumer Warranty Act and a derivate unlawful claim under California Business & Professions Code §17200. The SAC claims that Samsung failed to make replacement plasma display panel ("PDP") assemblies available to authorized service centers ("ASCs") for seven years, as required by Section 1793.03(b), to fix a red-line issue on the screen;

WHEREAS, the Parties engaged in discovery, including serving requests for production, requests for admissions, interrogatories, physical inspections of the televisions with the presence of Plaintiffs' expert, depositions of Plaintiffs, and 30(b)(6) depositions of SEA and SEC. The corporate representative depositions required the presence of translator and a consulting attorney fluent in English and Korean. The Parties produced hundreds of documents;

WHEREAS, on June 27, 2019, Plaintiff Hardin moved for certification of a Rule 23(b)(2) class, which motion is fully briefed;

WHEREAS, the Parties have been engaged in settlement negotiations since May 2019 with the assistance of Magistrate Judge Corley;

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims in the Lawsuit, and taking into account the burdens and expense of continued litigation—including the risks and uncertainties associated with protracted trial and appeals—as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interest of Plaintiffs and the Settlement Class, as it will promptly provide them with injunctive relief;

WHEREAS, Samsung denied, and continues to deny, each and every material allegation made by Plaintiffs. Samsung further denies that class certification is appropriate in this matter for discovery and/or trial. However, without admission of any claim on the merits nor any procedural allegation by Plaintiffs, Samsung is willing to stipulate to class certification for the purpose of settlement only in connection with the settlement reflected in this Agreement;

WHEREAS, the Parties agree and understand that neither this Agreement nor the settlement it represents shall be construed or admissible as an admission by Samsung that the

Plaintiffs' claims or any similar claims are or would be suitable for class treatment if the Lawsuit proceeded through both litigation and trial;

NOW, THEREFORE, with no admission of any fact, claims, liability or defense by any Party to this Agreement or the Lawsuit, as a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, covenants, understanding and obligations hereinbefore and hereinafter set forth in this Agreement, the Parties hereby agree as follows:

## I.     SETTLEMENT CLASS DEFINITION

A.     For purposes of this Agreement, the Parties agree to the certification of an injunctive relief only Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2) without the requirement to "opt in" and without the ability to "opt out." The Settlement Class is defined as follows:

> Any person in the State of California who owned as of July 1, 2019, a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 manufactured since January 1, 2013 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP") as confirmed through diagnostic testing by an SEA-authorized service center ("ASC").

B.     For purposes of this Agreement, Class Counsel is Paul S. Rothstein and Kyla V. Alexander.

C.     For purposes of this Agreement, the Class Representative is Plaintiff Crystal Hardin.

## II.    SETTLEMENT RELIEF, ATTORNEYS' FEES AND PAYMENTS TO PLAINTIFFS

Injunctive Relief for the Benefit of Plaintiffs and the Class.

A.     SEA will:

1.    Until November 30, 2021, maintain the in-stock status of PDPs necessary to repair the Affected Models on the relevant SEA database system such that any ASC in California can confirm the availability of such parts.

2.    Provide to any member of the Settlement Class, at SEA's sole discretion:

    a.    the replacement PDP for purchase;

    b.    a refund of the estimated purchase price of the Affected Model plasma television; or

    c.    exchange for a new or refurbished flat panel display television with reasonably similar display size and features.

3.    At SEA's sole discretion, the relief provided in Section II.A.2.(b) and (c) is subject to return of the Affected Model plasma television to SEA at SEA's expense, or proof from the consumer that the power cord of the Affected Model plasma television has been cut; and

4.    SEA will directly communicate once with ASCs in California that any consumer requiring a replacement PDP for an Affected Model, confirmed by diagnostic procedure of the ASC, shall be directed to contact SEA for a replacement part, refund or exchange.

B.    The foregoing Section II.A. has been agreed after multiple settlement conferences with Magistrate Judge Jacqueline Scott Corley, based on which, the foregoing shall be deemed to meet the legislative intent and requirements of the Song-Beverly Consumer Warranty Act and California Business & Professions Code §17200.

C.    Samsung agrees to pay attorneys' fees and costs to Class Counsel in the amount of $487,000.00 ("Fee Award"), subject to Court approval. After preliminary approval of the Agreement, Class Counsel will file a petition for attorneys' fees and costs in the amount of up to $487,000.00 with the Court. Samsung agrees not to oppose Plaintiffs' petition for payment of attorneys' fees and costs in the amount of $487,000.00, and Plaintiffs and Plaintiffs' Counsel agree not to appeal the Court's award if it is in a lower amount. Payment of any Court-awarded fees and

costs shall be made via check to Class Counsel and delivered to Class counsel within 30 days after the Effective Date.

D.    Samsung agrees to pay a Service Award in the amount of $6,000.00 to Plaintiff Crystal Hardin for her services as Class Representative on behalf of the Settlement Class and in exchange for the release of her individual claims as provided for in Section III, subject to Court approval. After preliminary approval of the Agreement, Hardin may file a petition for a Service Award in the amount of $6,000.00. Samsung agrees not to oppose Hardin's petition for payment of a Service Award in the amount of $6,000.00, and Hardin agrees not to appeal the Court's award if it is in a lower amount. Payment of the Service Award to the Class Representative shall be made via check to the Class Representative and delivered to Class Counsel within 30 days after the Effective Date.

E.    Samsung agrees to pay Plaintiff Alexis Bronson $6,000.00 in exchange for the release of his individual claims as provided for in Section III. The individual payment to Bronson shall be made via check to Bronson and delivered to Class Counsel within 30 days after the Effective Date.

## III.    <u>RELEASE OF CLAIMS</u>

A.    Provided that this Agreement is finally approved by the Court, Plaintiffs, on behalf of themselves and their heirs, representatives, successors, assigns, trusts, executors, and attorneys (the "Releasing Parties"), hereby release and discharge Samsung, and each of Samsung's respective past and present officers, directors, employees, shareholders, members, partners, agents, representatives, predecessors, successors, parents, subsidiaries, affiliates, assigns, insurance companies, and attorneys (the "Released Parties"), from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), penalties,

losses, or demands, whether known or unknown, existing or suspected or unsuspected, that Plaintiffs have or might have against them related to the subject matter of this litigation as of the date of this Agreement (the "Released Claims"). Nothing in this release affects Plaintiffs' rights under this Agreement to file an application for attorneys' fees and costs and for a Service Award, as set forth above in Sections II.C and D.

B.      Plaintiffs knowingly and voluntarily waive the protections of California Civil Code Section 1542, and each Releasing Party is deemed to waive the protections of Section 1542 to the extent that Section 1542 applies to the release given by the Releasing Party. Section 1542 provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

## IV.    NOTICE, OBJECTIONS AND EXCLUSIONS

A.      As the Settlement Agreement provides only for injunctive relief pursuant to Federal Rule of Civil Procedure 23(b)(2) and requires no release of any monetary remedies by any member of the Settlement Class, the Parties agree that notice to the Settlement Class is not necessary.

B.      Samsung considers the absence of notice to the Settlement Class a non-severable material term.

C.      Within 10 days after the filing with the Court of the Motion for Preliminary Approval of this Settlement Agreement, Samsung shall serve the notice required by 28 U.S.C. § 1715(b) upon the United States Department of Justice Consumer Protection Branch and the Attorney General of the State of California.

D.    Because this Settlement Agreement is reached under Federal Rule of Civil Procedure 23(b)(2) only, Settlement Class members may not exclude themselves from or opt-out of the Settlement Agreement.

E.    Any Settlement Class Member may object to this Settlement Agreement, pursuant to Sections IV.E. and IV.F. of this Settlement Agreement, by the Objection Deadline.  The Objection Deadline is 60 days after entry of an Order granting the Motion for Preliminary Approval.  Any papers submitted in support of said objection shall be received by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, the Settlement Class Member making the objection has filed notice of his or her intention to object as well as:  (i) filed copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of Court, (ii) filed copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, and (iii) sent copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Samsung's Counsel.

F.    Any Settlement Class Member who intends to object to this Settlement Agreement must:  include his or her name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he or she is a Settlement Class Member and provide proof either through a photograph (including serial number) of the television or a notarized sworn statement that as of July 1, 2019, he or she owned a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 manufactured since January 1, 2013 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP") as confirmed through diagnostic testing by an SEA-authorized service center ("ASC"); provide the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of

the objection or who may profit from the pursuit of the objection; and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel (who must file an appearance or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class Member). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Lawsuit or any other action or proceeding.

## V.     <u>TERMINATION OF SETTLEMENT</u>

Subject to Section VII.A below, the Class Representative, on behalf of the Settlement Class, or Samsung, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) a ruling that Preliminary Approval is conditioned on the provision of notice to the Class; (ii) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (iii) the Court's refusal to grant final approval of this Agreement in any material respect; (iv) the Court's refusal to enter the final judgment approving class settlement in a form substantially similar to those set forth in Section VI.C ("Final Judgment"); (v) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (vi) the date upon which an Alternative Judgment, as defined in Section VII.A

of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## VI.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

A.    By September 12, 2019, Class Counsel shall submit this Agreement to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of the order granting Preliminary Approval, which shall set a Final Approval Hearing date.

B.    At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Samsung's Counsel shall request that the Court hold a Final Approval Hearing and approve the settlement of the Lawsuit as set forth herein.

C.    After the Final Approval Hearing, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

1.    Find that the Court has personal jurisdiction over all Settlement Class members and that the Court has subject matter jurisdiction to approve this Settlement Agreement;

2.    Certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(2) for settlement purposes only;

3.    Appoint Plaintiff Crystal Hardin as Class Representative for settlement purposes only;

4.    Appoint Paul Rothstein and Kyla Alexander as Class Counsel for settlement purposes only;

5.    Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class members;

6.   Direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions;

7.   Declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties as to Released Claims;

8.   Find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

9.   Dismiss the Lawsuit on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

10. Incorporate the release set forth above, make the release effective as of the Effective Date, and forever discharge the Released Parties from all Released Claims as set forth herein;

11. Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing that (i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Settlement Class members; and

12. Incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## VII.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

1.   This Agreement has been signed by the Parties, Class Counsel, and Samsung's Counsel;

2.   The Court has entered an order granting Preliminary Approval of the Agreement;

3.   The Court has entered an order approving the Settlement Agreement and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

4.   The Final Judgment has become final and non-appealable, or, in the event that the Court enters an order and Final judgment in a form other than that provided above but which is substantially consistent with this Agreement and to which the Parties have consented, that substantially consistent Judgment has become final and non-appealable.

B.      If some or all of the conditions specified in Section VII.A are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Section VII.C, unless Class Counsel and Samsung's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Agreement from becoming effective, nor shall they be grounds for termination: (1) the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the Service Award set forth in Sections II.C and D; or (2) the Court's determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an appropriate forum.

C.      If this Agreement is terminated or fails to become effective for the reasons set forth in Sections V, VII.A, or VII.B, the Parties shall be restored to their respective positions in the Lawsuit as of the date of the signing of this Agreement. In such event, the Agreement will be

deemed null and void *ab initio*, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Lawsuit as if this Agreement had never been entered into and, pursuant to Section VIII.G below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

## VIII.   **MISCELLANEOUS PROVISIONS**

A.      The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Samsung's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

B.      Unless otherwise ordered by the Court, the Parties may jointly agree in writing to reasonable extensions of time to carry out any provisions of this Agreement.

C.      This Agreement sets forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersedes all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement.

D.     This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

E.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Lawsuit was brought by Plaintiffs or defended by Samsung, or each or any of them, in bad faith or without a reasonable basis.

F.     The Parties have each received independent legal advice from counsel of their choice with respect to the advisability of making the settlement and release provided in this Agreement, and with respect to the advisability of executing this Agreement. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

G.     Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement is, may be deemed, or shall be used, offered, or received:

1.     Against the Released Parties, or each or any of them as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Lawsuit, the violation of any law or statute, the reasonableness of the injunctive relief or any Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

2.    Against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

3.    Against Plaintiffs, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

4.    As an admission or concession against Plaintiffs, or each or any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Lawsuit would have exceeded or would have been less than any particular amount.

H.    The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

I.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

J.      Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

K.      Each counsel or other person executing this Settlement Agreement or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

L.      This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties to this Agreement and the Released Parties.

M.      This Agreement, and any and all disputes that arise from or in any way relate to this Agreement, shall be governed by and construed in accordance with the laws of the State of California without regard to any conflict-of-law principles that may otherwise provide for the application of the law of another jurisdiction.

N.      This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

O.      Except as otherwise provided in this Agreement, each Party shall bear its own attorneys' fees and costs.

P.      The United States District Court for the Northern District of California shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and

all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

Q.    This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

R.    Where this Settlement Agreement requires notice to the Parties, such notice shall be sent electronically to Class Counsel and Samsung's Counsel listed below.

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it

voluntarily and with a full understanding of its consequences.


Dated: _____, 2019          _____

                                       ALEXIS BRONSON

Dated: _____, 2019          _____

                                       CRYSTAL HARDIN


Dated: _____, 2019          SAMSUNG ELECTRONICS CO., LTD.


                                       _____

                                       By:


Dated: _____, 2019          SAMSUNG ELECTRONICS AMERICA,
                                       INC.


                                       _____

                                       By:


Dated: _____, 2019          Paul S. Rothstein
                                       Kyla V. Alexander


                                       _____

                                       Paul S. Rothstein
                                       Attorneys for Plaintiffs


Dated: _____, 2019          HUNTON ANDREWS KURTH LLP


                                       _____

                                       Michael J. Mueller
                                       Attorneys for Defendants

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _September 10_, 2019

_Alexis Bronson_ (signature)

_____
ALEXIS BRONSON

Dated: _____, 2019

_____
CRYSTAL HARDIN

Dated: _____, 2019

SAMSUNG ELECTRONICS CO., LTD.

_____
By:

Dated: _____, 2019

SAMSUNG ELECTRONICS AMERICA, INC.

_____
By:

Dated: _____, 2019

Paul S. Rothstein
Kyla V. Alexander

_____
Paul S. Rothstein
Attorneys for Plaintiffs

Dated: _____, 2019

HUNTON ANDREWS KURTH LLP

_____
Michael J. Mueller
Attorneys for Defendants

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _____, 2019

Dated: ___9-11___, 2019

ALEXIS BRONSON

CRYSTAL HARDIN

Dated: _____, 2019                    SAMSUNG ELECTRONICS CO., LTD.

_____
By:

Dated: _____, 2019                    SAMSUNG ELECTRONICS AMERICA, INC.

_____
By:

Dated: _____, 2019                    Paul S. Rothstein
                                                   Kyla V. Alexander

_____
Paul S. Rothstein
Attorneys for Plaintiffs

Dated: _____, 2019                    HUNTON ANDREWS KURTH LLP

_____
Michael J. Mueller
Attorneys for Defendants

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _____, 2019

    _____
    ALEXIS BRONSON

Dated: _____, 2019

    _____
    CRYSTAL HARDIN

Dated: _____, 2019

    SAMSUNG ELECTRONICS CO., LTD.

    _____
    By:

Dated: _____, 2019

    SAMSUNG ELECTRONICS AMERICA, INC.

    _____
    By:

Dated: September 12, 2019

    Paul S. Rothstein
    Kyla V. Alexander

    _____
    Paul S. Rothstein
    Attorneys for Plaintiffs

Dated: _____, 2019

    HUNTON ANDREWS KURTH LLP

    _____
    Michael J. Mueller
    Attorneys for Defendants

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it
voluntarily and with a full understanding of its consequences.

Dated: _____, 2019        _____
                                      ALEXIS BRONSON

Dated: _____, 2019        _____
                                      CRYSTAL HARDIN

Dated: _Sep 10_____, 2019         SAMSUNG ELECTRONICS CO., LTD.

                                      _____
                                      By:   Hyeongnam, Kim

Dated: _Sep 12_____, 2019         SAMSUNG ELECTRONICS AMERICA, INC.

                                      _____
                                      By:   MH Lyu

Dated: _____, 2019        Paul S. Rothstein
                                      Kyla V. Alexander

                                      _____
                                      Paul S. Rothstein
                                      Attorneys for Plaintiffs

Dated: _____, 2019        HUNTON ANDREWS KURTH LLP

                                      _____
                                      Michael J. Mueller
                                      Attorneys for Defendants