IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRONSON and CRYSTAL HARDIN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Defendants. | No. C 18-02300 WHA<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

**INTRODUCTION**

In this putative class action under the Song-Beverly Act and Section 17200 of the California Business and Professions Code, plaintiff Crystal Hardin moves to certify a class for purposes of settlement and for preliminary approval of the class settlement. For the reasons below, the motion for preliminary approval of class settlement is **DENIED**. Because the settlement falls, the motion to certify the settlement class is **DENIED AS MOOT**.

**STATEMENT**

The Song-Beverly Act requires "[e]very manufacturer making an express warranty with respect to an electronic or appliance product" to "make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the

seven-year period exceeds the warranty period for the product." CAL. CIV. CODE § 1793.03(b). Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. manufactured plasma televisions during our period in question.

Plaintiffs Crystal Hardin and Alexis Bronson each bought Samsung plasma televisions in 2013. Both television sets had been manufactured in 2013 and later developed colored-lines on the screen. In 2018, each plaintiff was separately told by two different Samsung-authorized service and repair facilities that a spare part was not available to fix their televisions. Further factual and procedural details follow.

Turning first to plaintiff Hardin, in March 2013, plaintiff Hardin purchased a Samsung plasma television from a local Best Buy store. The television did not work. Best Buy offered, and plaintiff Hardin accepted, a more expensive television as a replacement at no cost. Three years later, in November 2016, the more expensive television screen began to exhibit colored-lines on the screen. By November 2017, the colored-lines had infected the screen to the degree that the television could no longer be used. In February 2018, plaintiff Hardin called an authorized repair center, TV Unlimited in Morgan Hill, to ask if the colored-lines could be fixed. The repair center informed plaintiff Hardin that the necessary part was not available (Hardin Dep. 61:1–12; 62:1–4; 71:24–72:1; 81:20–25; 86:19–87:1) (Dkt. No. 193-5).

Now for plaintiff Bronson. In August 2013, plaintiff Bronson purchased a Samsung 51-inch plasma Smart 3D HDTV television from a Best Buy store in Union City. Within months, his television displayed colored-lines on the screen. In April 2014, plaintiff Bronson called Samsung about the colored-lines, and Samsung twice replaced the offending part under warranty. In August 2015, plaintiff Bronson called Samsung about a different defect: the television would abruptly turn on and off. At that point, however, the express warranty had run. Plaintiff Bronson eventually paid an authorized service and repair facility, Alpha TV & Electronics in Oakland, out of pocket to fix the on-and-off defect in May 2017. Plaintiff retrieved his television from the repair center in June 2017. The colored-lines thereafter returned (Bronson Dep. 91:8–12; 100:1–3, 18–23; 103:10–13; 110:2–7, 19–21; 111:13–16) (Dkt. Nos. 122-4; 122-5).

2

The procedural history of this action is as follows. Plaintiff Bronson (but not plaintiff Hardin) commenced this putative class action in April 2018. He alleged class-claims under the aforementioned Section 1793.03(b) of the California Civil Code and under Section 17200 of the California Business and Professions Code (Dkt. No. 1). In June 2018, plaintiff Bronson amended his complaint primarily adding a claim under the California Consumer Legal Remedies Act (Dkt. No. 35). Rule 12 practice followed (Dkt. Nos. 53, 63, 64, 67, 68, 77). In November 2018, an order granted each defendants' motion to dismiss in full (Dkt. No. 84).

In October 2018, plaintiff Bronson returned to Alpha TV & Electronics and asked whether a replacement part for the television screen was available. An employee there told him it was not (Bronson Dep. 158:5–9; 169–170) (Dkt. No. 128-3).

Subsequently, in November 2018, plaintiff Bronson moved for leave to amend his complaint, adding this new fact and alleging claims only under Section 1793.03(b) of the California Civil Code and a derivative violation of Section 17200 of the California Business and Professions Code (Dkt. No. 86). In addition, plaintiff Hardin sought to intervene in the lawsuit. In January 2019, an order granted plaintiff Bronson leave to amend and permitted plaintiff Hardin to intervene (Dkt. No. 95).

One week later, plaintiffs filed the operative complaint (Dkt. No. 98). The operative complaint alleged classes under both Rule 23(b)(2) and Rule 23(b)(3). Specifically, the operative complaint defined the class as follows: "[w]ithin the applicable statute of limitations, all persons in the State of California who purchased a Samsung plasma television manufactured between January 2009 and November 30, 2014 and experienced a red line issue, for which the plasma display panel assembly was unavailable" (Dkt. No. 98 ¶ 70).

In April 2019, Samsung moved for summary judgment (Dkt. No. 122). In May 2019, plaintiff Bronson (but not plaintiff Hardin) moved for partial summary judgment (Dkt. No. 130). Two orders issued. The first denied Samsung's summary judgment motion (Dkt. No. 154), and the second granted plaintiff Bronson's partial summary judgment motion (Dkt. No. 171). In short, Samsung had not made functional parts available to service and repair facilities for plaintiff Bronson's television as required by Section 1793.03(b).

An order also permitted the scope of discovery to extend to television models other than those owned by the plaintiffs. More specifically, the order permitted discovery for "plasma television models purchased in 2013 and 2014 which contain[ed] the *identical* [faulty] part as plaintiffs' specific plasma televisions" (Dkt. No. 155 at 3) (emphasis in original). Thus, as relevant for the instant motion, since the television model plaintiff Hardin owned contained the identical faulty part (part number BN96-25240A), as two other models of television (models PN51F5300 and PN51F5350) — discovery extended as to those models as well. Plaintiff Hardin's model is numbered PN51F5500.

Since May 2019, the parties have engaged in multiple settlement discussions. In June 2019, plaintiff Hardin (but not plaintiff Bronson) moved for class certification (Dkt. No. 173). In August 2019, after the motion was fully briefed, the parties struck an agreement on a settlement class. The parties stipulated to an order vacating the class certification hearing and proposed that "[a]ll other deadlines [be] held in abeyance pending the Court's consideration of the forthcoming motion" (Dkt. Nos. 198; 198-2). An order modified the stipulation to hold in abeyance only the motion for class certification (Dkt. No. 199).

In September 2019, plaintiff moved for certification of the settlement class and for preliminary approval of class settlement (Dkt. No. 203). Samsung did not oppose. The parties now march together.

Under the proposed settlement agreement, counsel abandoned certification of a Rule 23(b)(3) class, in-lieu of an injunctive-only class under Rule 23(b)(2). That is, although the operative complaint sought class damages, the class would now receive zero dollars under the deal. In contrast, under the settlement, plaintiff Bronson and plaintiff Hardin would each receive $6,000 — and plaintiffs' counsel want $487,000. Counsels' fee and plaintiff Hardin's award would be subject to Court approval. Plaintiff Bronson's would not.

The settlement also drastically narrowed the scope of the class. The class for settlement purposes became:

> Any person in the State of California who owned as of July 1, 2019, a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 manufactured since January 1, 2013 ("Affected Models"), that exhibits a "line" issue that

4

| | |
|---|---|
| 1 | requires a replacement plasma display panel assembly ("PDP") as confirmed through diagnostic testing by [a Samsung]-authorized service center ("ASC"). |

In other words, this new class excluded both putative class members who owned televisions from 2009 until 2013 and putative class members who no longer owned televisions as of July 2019. In addition, this new class limited the type of television to three models (the prior class had included every plasma television model). Finally, the new class definition also imposed a brand new requirement: all televisions must have undergone diagnostic testing by an authorized repair center.

The settlement did not attempt to release the absent class members' claims for damages, but the damages claims were not expressly reserved. Instead, the agreement merely noted that it was an injunctive-only class and "requires no release of any monetary remedies by any member of the [s]ettlement [c]lass" (Dkt. No. 204 ¶ IV.A.). Moreover, the agreement explicitly *prohibited* any form of notice to the class. That is, "Samsung consider[ed] the absence of notice to the Settlement Class a non-severable material term" (*id*. ¶ IV.B). This order now follows a hearing.

**ANALYSIS**

Class action lawsuits benefit society through "promot[ing] efficiency and economy of litigation by consolidating numerous individual suits into a single suit." *Catholic Soc. Servs., Inc. v. I.N.S.*, 232 F.3d 1139, 1146–47 (9th Cir. 2000) (en banc) (internal quotations omitted). Still, the class action procedure has been occasionally abused. Problems may stem from the "unique due process concerns for absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In protecting the absent class, a court must look for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (internal citations omitted). The signs of self-interest here are not so subtle. Thus, even if all elements under Rule 23 have been satisfied by this settlement class — not a foregone conclusion in its own right — the motion for preliminary approval of class settlement is **DENIED**.

1. **DEPRIVATION OF NOTICE TO THE CLASS.**

In this case, the only money goes to the lawyer and the plaintiffs: the lawyer wants $487,000 and each plaintiff would receive $6,000. Absent class members would receive zero. Instead, the only conceivable relief for them will be "injunctive relief."

*The first problem is that the settlement agreement specifically prohibits giving any notice to the absent class members.* Therefore, even though damages claims would theoretically survive this settlement, absent class members would not be put on notice that they now need to bring their own claims for damages because plaintiffs' counsel have abandoned class damages claims.

During the pendency of this litigation, all claims have been tolled. *Crown, Cork and Seal Co. v. Parker*, 462 U.S. 345 (1983); *see also American Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974). But the tolling is only of value if the class members learn that class counsel have left them to fend for themselves on their own damages claims. For class members to realize this predicament, they must be told. This alone sinks the settlement — but it's even worse than that.

The original complaint purported to cover "[w]ithin the applicable statute of limitations, all persons in the State of California who purchased a Samsung plasma television manufactured between January 2009 and November 30, 2014 and experienced a red line issue, for which the plasma display panel assembly was unavailable" (Dkt. No. 98 ¶ 70). The settlement class, however, would be narrower, namely:

> Any person in the State of California who owned as of July 1, 2019, a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 manufactured since January 1, 2013 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP") as confirmed through diagnostic testing by [a Samsung]-authorized service center ("ASC").

The tolling applies to the broader class, so the original class will get nothing — not even notice of the need to bring their own lawsuit.

Counsel cannot reasonably argue that no one knows about this lawsuit. There have been news articles describing the case, at least one of which contains approximately twenty comments

6

from individuals asking to be added to *this* lawsuit. *See* Christina Davis, *Samsung Must Face Plasma TV Class Action*, Top Class Actions (June 5, 2019), https://topclassactions.com/lawsuit-settlements/consumer-products/electronics/900443-samsung-must-face-plasma-tv-class-action/.

In addition, a member of an internet forum specifically published the following post in July 2019 which referred to the aforementioned article: "I've seen a few messages on multiple threads where owners had their 3-D tv's die. Many were SOL ('sadly' out of luck) after being informed by the manufacturers that they could not be repaired. I recently learned about the Song-Beverly 'CA lemon law,' . . . Here's a link to a specific CA case involving defective Samsung 3-D tv's . . . I live and purchased my set in California so I have a little stake in this matter . . . ." The entry concluded by noting the television model owned and date purchased and signed off as "Jason." *See* Jason (@jchung30), *3-D TV Warranty Repairs and the California Lemon Law (Song-Beverly Consumer Warranty)*, Blu-ray.com (July 31, 2019, 8:22 AM), https://forum.blu-ray.com/ showthread.php?p=16682821.

The point is that at least some possible class members of the original, broader class have had notice of this class lawsuit and arguably here relied on it to potentially vindicate their interests. Yet, they will not be told that the tolling will end once judgment will be entered and that they need to bring their own lawsuit. This alone means the settlement cannot be preliminarily approved: it is unfair, unreasonable, and inadequate.

Of course, this is all exactly what Samsung wants. Samsung is trying to avoid a new damages class action by a new lawyer to pursue the abandoned damages claim. Samsung alternatively is trying to avoid individual lawsuits brought by absent class members. Absent class members need to know that they now have to fight for themselves.

    **2.**    **ONEROUS OBJECTION PROCEDURES.**

Another problem exists. The procedures for objectors are so onerous, they too, tank the settlement. More specifically, the objection must include the objector's name, address, all arguments, all citations, all evidence which support the objection — including copies of all documents relied upon, and an affirmative statement that the objector either intends to appear at the final approval hearing on his or her own or through counsel. The objection must also

7

affirmatively state that the objector is a settlement class member and append proof, either through: (i) a photograph of the television and the television's serial number or (ii) a notarized sworn statement which, among other requirements, confirms that a Samsung-authorized service center performed diagnostic testing on the television. Moreover, if an attorney "in any way" assisted the objector — the attorney's name and contact information must also be provided. Failure to meet any of these requirements kills the objection (Dkt. No. 204 ¶ IV.F.).

No settlement can fairly move forward with these procedures. They require objectors to jump through so many hoops, no one would ever object.

Further, even if someone would object, there is no way for them to know about these procedures because no notice will be sent. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To this end, one more point must be made. In addition to the aforementioned, the agreement also requires objectors to file all papers to be presented at the final approval hearing to the Clerk of Court within sixty days of preliminary approval. Copies of these papers must also be sent to both class counsel and Samsung's counsel. In addition, if the objector has a lawyer, a copy of the objection must also be filed through the Court's ECF system (Dkt. No. 204 ¶ IV.E). *In other words, objectors must provide counsel notice of their objection.* It is unfair and unreasonable to impose a notice requirement *on* the absent class when the parties refuse to do the same *for* the absent class.

Other problems may be lurking, including numerosity and the adequacy of the "injunctive remedy," but the foregoing are sufficient to find the proposed settlement unfair, unreasonable, and inadequate for the class.

## CONCLUSION

For the foregoing reasons, the terms of the parties' settlement agreement is **DENIED**. In this connection, the motion to certify the class agreed to for purposes of settlement is **DENIED**

8

**AS MOOT**. The parties will be permitted to move for a new class settlement by **OCTOBER 4 AT NOON.** A hearing on any such class settlement will be held on **OCTOBER 10 AT 8:00 A.M.** For the time being, the motion on class certification remains held in abeyance.

Furthermore, this Court cautions that any renewed motion for preliminary approval of class settlement must point to the specific parts of the record that show that plaintiff Hardin has met her burden to establish the elements under Rule 23. The parties should not gloss over any specific evidence that numerosity, in particular, has been satisfied.

**IT IS SO ORDERED.**

Dated: September 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE