Paul S. Rothstein (*admitted pro hac vice*)
Kyla V. Alexander (*admitted pro hac vice*)
626 N.E. First Street
Gainesville, Florida 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
PSR@Rothsteinforjustice.com
Kyla.tm@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS BRONSON and CRYSTAL HARDIN, on behalf of themselves and all other similarly situated<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., ET AL.<br><br>        Defendants. | CASE NO.:  3:18-CV-2300-WHA<br><br>**PLAINTIFF'S:**<br>**(1) NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT**<br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 10, 2019<br>Time: 8:00 am<br>Courtroom: 12, 19th Floor<br>Judge: Hon. William Alsup |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

NOTICE OF MOTION AND MOTION .............................................................................1

I.      INTRODUCTION .................................................................................................2

II.     BACKGROUND ...................................................................................................4

        A.      Procedural Background.............................................................................4

        B.      Discovery ..................................................................................................5

        C.      Settlement Negotiations. ..........................................................................6

III.    THE TERMS OF THE PROPOSED SETTLEMENT AGREEMENT.....................6

        A.      Settlement Class Definition .....................................................................6

        B.      Injunctive Relief.......................................................................................7

        C.      Service Award to Hardin ..........................................................................8

        D.      Attorneys' Fees and Costs ........................................................................8

        E.      Release ......................................................................................................9

        F.      Notice .......................................................................................................9

IV.     ARGUMENT .......................................................................................................10

        A.      The Proposed Settlement Class Should Be Certified And Plaintiff's
                Counsel Appointed Class Counsel............................................................10

                1.      The Settlement Class is Sufficiently Numerous. ................................10

                2.      Settlement Class Members Share Common Questions of Law
                        and Fact....................................................................................................11

                3.      Plaintiff's Claims are Typical of the Settlement Class Members'
                        Claims. .....................................................................................................13

                4.      Plaintiff and Class Counsel Will Adequately Represent the
                        Settlement Class.......................................................................................14

                5.      The Proposed Settlement Class Satisfies the Requirements of
                        Rule 23(b)(2)............................................................................................15

                6.      Plaintiff's Counsel Should be Appointed Class Counsel....................16

B.    The Proposed Settlement Merits Preliminary Approval. ..................................17

    1.    The Settlement Is the Product of Informed Arms-Length Negotiations. .......................................................................................17

    2.    The Settlement Does Not Provide Preferential Treatment. .................18

    3.    The Settlement Is Within the Range of Possible Approval. ................19

    4.    The Settlement Has No Deficiencies. ..................................................20

C.    The Notice Plan complies with Rule 23(e) and due process. .........................21

D.    The manner and content of the proposed Notice Plan complies with Rule 23 and due process, as well as the District's Procedural Guidance for Class Action Settlements. ........................................................................23

E.    Samsung Will Provide the CAFA Notices. .....................................................23

V.    CONCLUSION. ...........................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambrosia v. Cogent Commun., Inc.*, 312 F.R.D. 544 (N.D. Cal. 2016) .............................................. 13

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997)................................................................. 10, 22

*Angell v. City of Oakland*, No. 13-CV-00190 NC, 2015 WL 65501 (N.D. Cal. Jan. 5, 2015).......... 19

*Campbell v. Facebook Inc.*, 315 F.R.D. 250 (N.D. Cal. 2016)....................................................... 10

*Covillo v. Specialtys Cafe*, No. C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014) ................................................................................................................................... 19

*Dilts v. Penske Logistics, L.L.C.*, No. 08CV0318-CAB (BLM), 2014 WL 12515159 (S.D. Cal. July 11, 2014) ..................................................................................................... 20

*Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014)................................................. 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................................. 12

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011). ....... 17

*In re Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-05944 JST, 2015 WL 6871439, (N.D. Cal. Nov. 9, 2015)........................................................................................... 23

*In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446 (N.D. Cal. 2012) ..................................... 10

*In re High-Tech Employee Antitrust Litig.*, No. 11-cv-2509, 2013 WL 6328811 (N.D. Cal. Oct. 30, 2013) ......................................................................................................... 17

*Kanawi v. Bechtel Corp.*, 254 F.R.D. 102 (N.D. Cal. 2008) ............................................................. 15

*Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ....... 12

*Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330 (S.D. Cal. Oct. 13, 2016) ......................................................................................................... 13

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012)...................................................................... 17

*Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ........................................................................................................................... 21

*McDonald v. CP OpCo, LLC*, No. 17-CV-04915-HSG, 2019 WL 343470 (N.D. Cal. Jan. 28, 2019) ........................................................................................................................... 17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)........................ 17

*Reynoso v. RBC Bearings, Inc* ............................................................................................ 10

*Reynoso v. RBC Bearings, Inc.*, No. SACV1601037JVSJCGX, 2017 WL 6888305 (C.D. Cal. Oct. 5, 2017) ............................................................................................................... 10

*Ruch v. AM Retail Grp., Inc.*, No. 14-CV-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) ..................................................................................................................... 18

*Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 3:10–cv–1777 AJB (NLS), 2012 WL 3991734 (S.D. Cal. Aug. 27, 2012) .......................................................................... 16

*Stathakos v. Columbia Sportswear Co.*, No. 4:15-CV-04543-YGR, 2018 WL 582564 (N.D. Cal. Jan. 25, 2018) ............................................................................................. 21

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................... 10, 21

*Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168 (9th Cir. 2010) ........................ 13

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2019, at 8:00 am, or as soon thereafter as this matter may be heard, in the United States District Court, Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor, Courtroom 12, San Francisco, California 94102, before the Honorable   William Alsup, Plaintiff Crystal Hardin ("Plaintiff" or "Hardin"), will, and hereby does, move this Court for an order (1) certifying the Settlement Class for settlement purposes; (2) appointing Hardin as class representative; (3) appointing Paul S. Rothstein and Kyla V. Alexander as class counsel; (4) granting preliminary approval of the proposed Amended Settlement Agreement reached between Hardin and Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively "Samsung"); and (5) scheduling a final approval hearing.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the proposed class action settlement agreement, the Proposed Order filed concurrently herewith, the pleadings and papers on file in this action, and such other written or oral argument that may be presented to the Court.

DATED: October 7, 2019                                      Respectfully submitted,


Paul S. Rothstein
By: /s/ Paul S. Rothstein
*(admitted pro hac vice)*
626 N.E. 1st Street
Gainesville, FL 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
Email: psr@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for the Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Crystal Hardin ("Plaintiff" or "Hardin"), on behalf of herself and the proposed Settlement Class she represents, respectfully moves for preliminary approval of an amended proposed class action settlement ("Amended Settlement" or "Amended Settlement Agreement") she reached with the Samsung Defendants. *See* Amended Settlement Agreement, attached as Exhibit 1 to the Declaration of Paul S. Rothstein. This Amended Settlement includes expanded benefits to the settlement class through injunctive relief—most importantly, leaving the choice between an exchange or refund to the discretion of the class member rather than SEA; provides for publication and website notice of the settlement and conforms objection procedure to the standard practices in the Northern District of California.

The Court is familiar with the allegations in the Second Amended Complaint ("SAC" filed January 17, 2019). Plaintiff alleges that Samsung failed to make replacement plasma display panel ("PDP") assemblies available to California authorized service centers ("ASCs") for seven years, as required by California Civil Code Section 1793.03(b). Plaintiff claimed that this alleged failure to make replacement PDPs available to California ASCs violated California Civil Code Section 1793.03(b) of the Song-Beverly Consumer Warranty Act. She also alleged a derivate Unfair Competition Law ("UCL") unlawful claim under California Business & Professions Code §17200. The Court limited Plaintiff's representation to that of her own model (or models that were compatible with her same PDP). (DE 155). Although the case originally contemplated all models manufactured since 2009, discovery and court rulings limited the scope of the class of to three models of televisions (which happened to have only been manufactured since 2013).

The Parties have engaged in almost a year and a half of extensive discovery and motion practice. Only after exhaustive adversarial exchanges did Plaintiff and Samsung (the "Parties") reach a settlement, whereby Samsung agreed to provide injunctive relief to the Settlement Class that addresses the alleged violation of Section 1793.03(b) and the UCL unlawful prong. The parties moved for preliminary approval of the settlement, on September 12, 2019. After a hearing on

September 26, 2019, the Court rejected the proposed settlement by order dated September 30, 2019. (DE 206). The Court then ordered the Parties to provide any amended settlement by October 7, 2019.  The Parties have reached an Amended Settlement which has made several material changes that inure to the benefit of the proposed class.

The proposed injunctive relief accomplishes two things: 1) it ensures that PDPs are made "available [1]" to California ASCs – which Plaintiff alleges Samsung had failed to do in the past; and 2) if the PDP is not offered for purchase, the *consumer* may select his or her accommodation (replacement of a comparable flat screen television with many similar features including size or full refund of the estimated retail price ). Notably, the Amended Settlement has shifted the choice of the exchange or refund accommodation to the consumer rather than Samsung. Under the Amended Settlement, consumers may benefit from a complete refund or replacement television, which is well beyond what Samsung is otherwise required to provide consumers under Section 1793.03(b). Another change under the Amended Settlement is that previously, Samsung required proof that the replaced or refunded television was destroyed (either by cutting the cord or returning the television). The Parties have now agreed that (consistent with SEA's existing internal procedure) the consumer will return the television at SEA's expense unless Samsung does not require the television to be returned . The consumer is not burdened by any other requirement proving the destruction of the television.

Plaintiff obtained this injunctive relief under the Amended Settlement without releasing any of the Settlement Class members' claims for monetary damages or injunctive relief. The injunctive relief is a desirable result for the Settlement Class—especially in light of the risks of further litigation. The Settlement is fair, adequate, and reasonable, and warrants preliminary approval.

Additional changes to the Amended Settlement address the Court's concerns for notice and objection requirements. The Parties will now publish notice in every major media market in the

---

[1] SEA must maintain the in-stock status of PDPs necessary to repair the three Samsung plasma television models at issue on the relevant SEA database until November 30, 2021 and directly communicate once with ASCs in California that any consumer requiring a replacement PDP for one of the three television models at issue, shall be directed to contact SEA for assistance.

state—and most minor ones. The Parties will also create a settlement website. All of this will notify consumers of their rights under the Amended Settlement. The publication notice specifically informs class members that if they wish to pursue *damages*, they should file an individual action. Moreover, the Parties have greatly simplified the objection procedure, conforming the requirements to standard practices in the Northern District of California.

The proposed Amended Settlement was reached after significant adversarial proceedings and through arms-length negotiations that took place over several months. Magistrate Judge Corley provided a medium for counsel for the parties to exchange ideas and proposals. The Settlement was negotiated by lawyers with experience in complex litigation and class actions. It was reached only after the Parties were well-informed of all relevant facts and the strength of Plaintiff's case, after they engaged in arms-length negotiations with the assistance of a neutral mediator, and after Plaintiff's counsel could be certain that the deal represents the best possible result for the Settlement Class given the circumstances of this case. The Settlement provides injunctive relief that applies equally to every Settlement Class member.

Plaintiff respectfully requests that the Court (1) certify the Settlement Class for settlement purposes; (2) appoint Hardin as class representative; (3) appoint Paul S. Rothstein and Kyla V. Alexander as class counsel; (4) grant preliminary approval of the proposed Amended Settlement Agreement; and (5) schedule a final approval hearing.

## II.   BACKGROUND

### A.   Procedural Background

Plaintiff provided a full history of this case in the preceding motion for preliminary approval. (DE 203. By way of summary, Plaintiff Alexis Bronson filed this action on April 17, 2018. The pleadings underwent two amendments. On June 29, 2018, Bronson filed a First Amended Complaint ("FAC"). (DE 35.)  On January 17, 2019, Bronson filed the Second Amended Supplemental Class Action Complaint ("SAC"), which Hardin joined (DE 98.).

On April 19, 2019, Samsung moved for summary judgment on Bronson's claims. (DE 122.) On May 30, 2019, the Court denied Samsung's motion for summary judgment. (DE 154.) On May 6,

2019, Bronson filed a cross-motion for partial summary judgment. (DE 130.) On June 26, 2019, the Court granted Bronson's motion for partial summary judgment. (DE 171.) Plaintiff Bronson elected to no longer seek class representative status in late June 2019. (*See* DE. 173, 186 at ftnt 1).

Hardin moved for certification of a Rule 23(b)(2) class on June 27, 2019. (DE 173, 186.) Hardin did not seek certification of a contested Rule 23(b)(3) class. On July 8, 2019, the Court granted the Parties' joint stipulated request for an order continuing the deadline to file the opposition to the class certification motion until July 25, 2019. (DE 179.) Samsung filed its opposition on July 25, 2019 (DE 193), and Hardin filed her reply on August 1, 2019 (DE 197). A class certification hearing was set for August 22, 2019.

On August 20, 2019, the Parties filed a joint stipulation of settlement requesting an order vacating the class certification hearing set for August 22, 2019, and setting the deadline to file a motion for preliminary approval of class action settlement by September 12, 2019 (DE 198), which the Court granted on the same date. (DE 199.)

Plaintiff filed her first motion for preliminary approval on September 12, 2019.  (DE 203.) On September 23, 2019, the Court issued an order setting out several issues to be addressed at the hearing. (DE 206.) Among other issues, the Court requested additional information regarding objection procedures, the lack of class notice, and whether absent class members would release any claims under the settlement.  (Id.)  At the hearing on the motion, the Court raised those same issues, and they were among the bases for the Court's ultimate denial of the motion for preliminary approval.  (DE 209.)

**B.    Discovery**

The Parties have been engaged in formal discovery since December 2018. The Parties exchanged discovery requests, including requests for production of documents, requests for admission, and interrogatories. Both Parties produced hundreds of pages of documents. Both

Plaintiffs submitted their televisions for physical inspection. The Parties have taken depositions of key persons.[2]

A turning point which limited the potential class in this case resulted from a dispute regarding the plasma television models subject to discovery. On April 10, 2019, the Court issued an Order limiting discovery to Plaintiffs' two television models, Bronson's PN51F8500 ("F8500") and Hardin's PN51F5500 ("F5500"). (Disc. Order, ¶ 1, DE 120.) Plaintiffs then moved for reconsideration on that Order (DE 125), which the Court granted to a "limited extent." (Order on Recons. at 1, DE 155.) The Court stated that its "prior order remains intact, except the scope of discovery is limited to the plasma television models purchased in 2013 and 2014 which contain the *identical* PDP assembly part as plaintiffs' specific plasma televisions." (*Id.* at 3.). Plaintiff now seeks settlement on behalf of owners of those limited models[3].

**C.    Settlement Negotiations.**

On November 2, 2018, the Court entered an Order referring this case to Magistrate Judge Jacqueline Scott Corley for Mediation/Settlement. (DE 80.) The Parties have been engaged in settlement negotiations since May 2019. On July 8, 2019, the Parties agreed on injunctive relief, but continued to negotiate attorneys' fees and costs and payment to Hardin over the following weeks. Upon rejection of the prior settlement agreement, the Parties continued to re-negotiate issues related to class notice, forms of relief, and the rights and requirements of class members. At all times, the settlement negotiations were adversarial, non-collusive, and conducted at arms-length.

**III.    THE TERMS OF THE PROPOSED SETTLEMENT AGREEMENT**

**A.    Settlement Class Definition**

The proposed Settlement Class consists of:

Any person in the State of California who owns a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 ("Affected Models"), that

---

[2] Samsung deposed Bronson on March 7, 2019. Samsung deposed Hardin and re-deposed Bronson on May 9, 2019. On June 17, 2019, SEC's 30(b)(6) witness was deposed, and on June 18, 2019, SEA's 30(b)(6) witness was deposed.

[3] Hardin's F5500 model television uses a PDP assembly number BN96-25240A. That PDP assembly is also compatible with plasma television models PN51F5300 ("F5300") and PN51F5350 ("F5350").

exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP").

Pursuant to the Court's Procedural Guidelines for Class Action Settlements, Plaintiffs state that the Settlement Class definition differs from the definition proposed in the SAC in that it comprises only owners of three models of Samsung plasma televisions, rather than all models. That difference is appropriate in this case because it is consistent with the Court's ruling regarding the scope of discovery. The definition is further narrowed from the definition proposed in the SAC because it identifies the part which Plaintiff alleges Samsung was not making available (the PDP). It was the need for that specific part that gave rise to Hardin's claim. So linking the need for that part to class membership is reasonable to ensure commonality and typicality.

**B.    Injunctive Relief**

The proposed Settlement Agreement provides injunctive relief designed to ensure that replacement PDPs for the Affected Models are made available to California ASCs for the remainder of the seven-year period after which the Affected Models were manufactured (i.e. until November 30, 2021; given that Samsung ceased manufacturing plasma televisions on or around November 30, 2014). *See* Exhibit 2. If Samsung does not make such a PDP available for purchase by any Settlement Class Member, the Member may choose between a refund of the approximate purchase price of the television and a replacement. Specifically, the injunctive relief provides that:

> *A.     Until November 30, 2021 SEA will:*
>    *1.   Maintain the in-stock status of PDPs necessary to repair the Affected Models on the relevant SEA database system such that any ASC in California can confirm the availability of such parts.*
>    *2.   Provide to any Settlement Class Member:*
>        *a.   the replacement PDP for purchase;*
>
>        *b.   exchange for an alternative flat panel display television with reasonably similar display size and features; or*
>
>        *c.   a refund of the estimated purchase price of the Affected Model plasma television.*

*SEA may elect, at its sole discretion, to make the replacement PDP available for purchase by the Settlement Class Member. Should SEA decline to do so, the Settlement Class Member may elect, at his or her sole discretion, either the exchange or the refund described above.*

*3. SEA will directly communicate once with ASCs in California that any consumer requiring a replacement PDP for an Affected Model, confirmed by the ASC, shall be directed to contact SEA for a replacement part, exchange, or refund.*

The injunction fixes the specific problems that Plaintiff alleges. First, Samsung must make sure that ASCs in California "see" the PDP for the Affected Models is "available thought the normal course to access the Samsung parts database system." Second, to correct any past misunderstandings about the availability of parts or what a consumer should do if they need a replacement PDP, SEA is sending a direct communication to those ASCs in California to funnel consumers who need a PDP for the Affected Models to contact SEA for a replacement part, exchange or refund. Third, because plasma is a technology no longer supported by the manufacturing process, and given that Samsung has only one PDP for the Affected Models, consumers are given the choice to elect a replacement television or refund in lieu of a repair. Each of these remedies were hard fought and provide a substantial benefit to class members.

## C.   Service Award to Hardin

In recognition of Hardin's time and effort serving as class representative and in exchange for the release of her individual claims, the Parties have agreed that Samsung will pay Hardin a service award in an amount of $6,000.00, subject to Court approval.

## D.   Attorneys' Fees and Costs

Plaintiff's counsel will seek fees and costs in an amount up to $487,000.00, subject to Court approval. Plaintiff's counsel will submit a fee petition prior to the Final Approval Hearing. Plaintiff's counsel is seeking an award of attorneys' fees substantially less than Plaintiff's counsel's lodestar, which was $1,168,542.88 as of July 10, 2019. In addition to their lodestar, as of the July 10th date, Plaintiff's counsel incurred an additional $63,488.31 in costs. After settlement negotiations Plaintiffs have agreed to present a request for fees by applying a negative multiplier to Plaintiff's counsel's lodestar. Neither the incentive award nor the attorneys' fees and costs are subject to a clear-sailing provision in the Amended Settlement Agreement.

**E.    Release**

The Amended Settlement Agreement does not release any claims on behalf of the Settlement Class. Instead, it expressly states that the absent class members are not waiving or releasing their individual claims. Hardin is releasing her claims for injunctive relief and any claim for individual damages. The Amended Settlement Agreement further waives the protections of Civil Code Section 1542 as to the named Plaintiff.

**F.    Notice**

The Amended Settlement provides that the parties will provide publication notice. During the course of discovery, the Parties were unable to identify a reliable means to identify putative class members because the independent ASCs had contact with the consumers and records of those contacts were not routinely maintained. And Samsung does not have a list or database of owners of its televisions. As such, direct notice is not possible. So the Parties have devised a thorough publication plan. The Publication Notice attached as Exhibit A to the Amended Settlement Agreement will be published in the California edition Parade Magazine, which reaches over 2.1 million households. *See* Declaration of Thomas R. Waskom.  It is carried by seven of the top eight California newspapers by circulation, missing only the San Francisco Chronicle. In the interests of completeness, the Publication Notice will also be published in the San Francisco Chronicle (which reaches 173,000 households), and the Northern California and Southern California editions of the Wall Street Journal (together, another 149,000 households).

Additionally, the Parties will establish a Settlement Website.  The website will display the Long-Form Notice attached to the Amended Settlement Agreement as Exhibit B.  The website will also host all settlement documents, including the settlement agreement, and its web address will be included in the print Publication Notice. Plaintiff believes this notice plan should alleviate the concerns the Court has expressed regarding the absence of notice in the earlier settlement agreement.

# IV.  ARGUMENT

## A.  The Proposed Settlement Class Should Be Certified And Plaintiff's Counsel Appointed Class Counsel.

Before granting preliminary approval of a proposed class action settlement, the court must first determine whether the settlement class is appropriate for certification. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). This requires satisfying the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequate representation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). In addition to satisfying the Rule 23(a) prerequisites, a plaintiff must also satisfy one of the three requirements of Rule 23(b). *Id.* at 345. Here, the Settlement Class meets the requirements of Rule 23(a) as well as the requirements to certify an injunctive relief class under Rule 23(b)(2).

### 1.  The Settlement Class is Sufficiently Numerous.

Rule 23(a)'s first requirement—numerosity—is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is relaxed if the plaintiff is seeking an injunction or a declaratory judgment because certifying a class would avoid duplicative suits brought by other class members. *Reynoso v. RBC Bearings, Inc.*, No. SACV1601037JVSJCGX, 2017 WL 6888305, at *5 (C.D. Cal. Oct. 5, 2017), *decertified on other grounds Reynoso v. All Power Mfg. Co.*, No. SACV161037JVSJCGX, 2018 WL 5906645, at *6 (C.D. Cal. Apr. 30, 2018) (citing *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004)). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members, and will find that it has not been satisfied when the class comprises 21 or fewer." *In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446, 452 (N.D. Cal. 2012), *aff'd sub nom. Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014); *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 261 (N.D. Cal. 2016).

The Settlement impacts a group of thousands of California consumers believed to have purchased the Affected Models. Plaintiff believes that from mid-2016 forward, replacement PDPs were not available in California for Harding's model. Halfway through 2016, there was one recorded

instance where Samsung shipped a PDP assembly for Hardin's model to California. *See* SAMBRO 134 at (DE 186-4). Other than that one instance, the supply of PDPs for the Affected Models stopped in 2015. (Id.) Samsung undertook a forecast model to estimate the number of PDPs needed for Hardin's model. *See* SAMBRO 261 at (DE 186-6). Based on Samsung's forecast model and the number of parts shipped to California in 2015, Plaintiff can conservatively estimate the number of persons in the proposed settlement class who will actually need a PDP.

This chart, which uses Samsung documents and reasonable inferences thereon, provides a substantial basis for the satisfaction of numerosity:

| Year | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | Total |
|---|---|---|---|---|---|---|---|
| **Sales (Estimated)** | 4,070 | | | | | | |
| **Number of PDPs Shipped to CA**[4] | 35 | 1 | 0 | 0 | 0 | | |
| **Demand for PDPs as a % of Sales**[5] | 0.86% | .38% | .2% | .14% | 0.08% | 0.04% | |
| **Demand in Number of PDPs (Estimated)** | | 15.466 | 8.14 | 5.698 | 3.256 | 1.6 | 34.16 |

The key takeaways from this information are: 1) Plaintiff estimates that more than four thousand (4,000) units of Hardin's model television were sold in California; 2) Since 2016, based on Samsung's demand projections and Plaintiff's estimates of California sales, more than thirty-four (34) PDPs are needed for Hardin's model television; and 3) these numbers are projections, with thousands of units sold many consumers stand to benefit from the benefit offered. Thus, because the Settlement Class is likely to directly benefit more than 21 members, numerosity is satisfied. *In re Facebook.*, 282 F.R.D. at 452

### 2.    Settlement Class Members Share Common Questions of Law and Fact.

The second requirement of class certification asks whether there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is construed permissively and is

---

[4] SAMBRO – 00000134 (DE 186-4)
[5] SAMBRO – 00000261 (DE 186-6)

demonstrated when the claims of all class members "depend upon a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "[F]or purposes of Rule 23(a)(2) [e]ven a single [common] question will do." *Dukes*, 564 U.S. at 359.

Here, the claims of class members stem from the same legal and factual questions as Plaintiff's claims, including:

(1) whether Samsung made replacement PDPs for the Affected Models available to California ASCs for the statutory period;

(2) Samsung's method of communication with ASCs regarding the availability of replacement PDPs; and

(3) whether Samsung complied with Cal. Civ. Code Section 1793.03(b).

These common questions are sufficient to establish commonality. *Id.*; *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *2 (N.D. Cal. Nov. 28, 2012) ("It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.") (citation omitted).

Here, the proposed class is a group of owners of Affected models, which all require the *same* PDP. Through this case, Plaintiff has verified that it is the PDP that she needed to fix the failure in her Samsung plasma television and that it is the PDP that Samsung failed to maintain as "available" to ASCs through Samsung's part database system (until through this litigation in mid-June 2019). Through discovery, Plaintiff has also discovered that Samsung only has one of the necessary PDPs remaining for the Affected Models and Plaintiff here seeks to secure the *same* relief options for all consumers who suffer from Samsung's alleged failure to comply with Section 1793.03(b) for the issue presented by this litigation.

1

### 3.    Plaintiff's Claims are Typical of the Settlement Class Members' Claims.

2

3    The third element of Rule 23(a)—typicality—directs courts to focus on whether the

4    plaintiff's claims or defenses "are typical of the claims or defenses of the class." Fed. R. Civ. P.

5    23(a)(3). The test of typicality is "whether other members have the same or similar injury, whether

6    the action is based on conduct which is not unique to the named plaintiffs, and whether other class

7    members have been injured by the same course of conduct." *Ambrosia v. Cogent Commun., Inc.*, 312

8    F.R.D. 544, 554 (N.D. Cal. 2016) (citations omitted). Representative claims are typical "if they are

9    *reasonably co-extensive* with those of absent class members; they need not be substantially

10   identical." *Id.* (citation omitted). Ultimately, this requirement ensures that "the interest of the named

11   representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am. LLC*, 617

12   F.3d 1168, 1175 (9th Cir. 2010) (citation omitted).

13   Here, Plaintiff's claims are typical of those of the class. Plaintiff alleges that she and the class

14   members with the Affected Models were not able to obtain functional replacement PDP assemblies

15   during the statutory period because of Samsung's uniform failure to make these parts available to

16   ASCs. When Plaintiff communicated with the ASC, she was told that her television was not

17   repairable because the part was not available. (Hardin Dep. 61:1–12; 62:1–4; 71:24–72:1; 81:20–25;

18   86:19–87:1) (DE 193-5). Samsung provides information to its ASCs regarding the availability of

19   replacement parts through a network. (Joseph Dep. at 68:14-25; 176:17-25; Park Dep. at 130:6-7, 12-

20   14; (DE 186-110; DE 193- 8) The problem Hardin faced is the same problem every Settlement Class

21   Member will face when he tries to get his Affected Model television repaired. Thus, Plaintiff's claim

22   is typical of those of the Settlement Class.

23   Plaintiff's claims are the same as those of the Settlement Class and she alleges that she and

24   class members "were harmed in a nearly identical matter by [Samsung's] alleged practice," and thus

25   typicality is satisfied. *Kim*, 2012 WL 5948951, at *3; *Ambrosia*, 312 F.R.D. at 554 (typicality

26   satisfied where representative plaintiffs shared their injury with members of the putative class and

27   the injury stemmed from similar conduct); *Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-

28   RBB, 2016 WL 6026330, at *4 (S.D. Cal. Oct. 13, 2016) ("Because the present motion presents no

1    difference between Plaintiffs' claims and those of the proposed settlement class, the Court finds

2    typicality is satisfied.").

3        **4.        Plaintiff and Class Counsel Will Adequately Represent the Settlement Class.**

4        Rule 23(a)(4) permits class certification if the "representative parties will fairly and

5    adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires (1) that

6    the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and

7    (2) that plaintiffs are represented by qualified and competent counsel. *Hanlon*, 150 F.3d at 1020.

8        Here, Plaintiff shares the same interest as the other members of the Settlement Class, since

9    they were harmed in the same way. There is no evidence of any conflict of interest between Plaintiff

10   and counsel with other absent class members. Additionally, Plaintiff has sought injunctive relief that

11   is identical to the relief sought for the rest of the Settlement Class. Plaintiff has taken an active and

12   vigorous engagement with this case by participating in discovery, appearing for deposition, making

13   her television available for inspection, keeping apprised with the case, reviewing relevant filings,

14   and remaining in contact with counsel. Plaintiff remains committed to representing the Settlement

15   Class's best interest.

16       The relief sought in this Amended Settlement (which Plaintiff had also limited in briefing for

17   class certification) is different from what was originally contemplated at the outset of litigation. The

18   Northern District of California has concluded that a strategic decision to pursue those claims a

19   plaintiff believes to be most viable does not render her inadequate as a class representative. *See In re*

20   *Conseco Life Ins. Co. LifeTrend Ins. Sales & Mktg. Litig.*, 270 F.R.D. 521, 532 (N.D. Cal.

21   2010) ("Plaintiffs are permitted to press a theory of contract liability that affords them the best

22   chance of certification and of success on behalf of the class."); *In re Universal Serv. Fund Tel.*

23   *Billing Practices Litig.*, 219 F.R.D. 661, 669 (D. Kan. 2004) ("This is not a case where the class

24   representatives are pursuing relatively insignificant claims while jeopardizing the ability of class

25   members to pursue far more substantial, meaningful claims. Rather, here the named plaintiffs simply

26   decided to pursue certain claims while abandoning a fraud claim that probably was not

certifiable."). Here, Plaintiff's decision to pursue injunctive relief claims rather than compensatory claims or a defect claim, does not render her an inadequate representative.

Plaintiff is represented by qualified counsel who are committed to the prosecution of this case and have been from the outset. Class Counsel Paul S. Rothstein and Kyla V. Alexander are experienced in complex litigation and class actions of similar size, scope, and complexity to this class action and have the resources necessary to see this litigation through to its conclusion. *See* Rothstein Declaration.  In re-negotiating the Amended Settlement, Class Counsel have secured additional benefits for the class without requiring the release of any putative class member's rights or future claims for either compensatory or injunctive relief. Class Counsel has secured a notice that will reach millions of people, informing consumers of their rights and benefits. Further, Class Counsel will make information available through their website to consumers who are following the litigation. Moreover, Class Counsel have vigorously prosecuted Plaintiff's and the proposed class's claims as evidenced by their substantial motion practice, discovery requests, and diligent efforts negotiating the Amended Settlement Agreement. *See Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008) (finding adequacy met where plaintiffs "demonstrated their commitment to th[e] action" and their attorneys were "qualified to represent the class"). The adequacy requirement is therefore readily satisfied.

### 5.    The Proposed Settlement Class Satisfies the Requirements of Rule 23(b)(2).

In addition to the four requirements for certification under Rule 23(a), the proposed Settlement Class also satisfies the additional requirement imposed under Rule 23(b)(2), that Defendant has "acted or refused to act on grounds that apply generally to the class," thereby making injunctive relief appropriate. Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Dukes*, 564 U.S. at 360 (citation omitted).

Certification of the Settlement Class under Rule 23(b)(2) is proper because the injunctive relief sought by Plaintiff applies generally to each Settlement Class member. Samsung's alleged

business practice of failing to make replacement PDP assemblies available to California ASCs during the statutory period "appl[ies] generally to the class" and was identical for each member of the Settlement Class. Fed. R. Civ. P. 23(b)(2). It is this common practice that allegedly caused the class-wide injury, and which is the subject of the Settlement Class's claims for injunctive relief. SEA's agreement to maintain the in-stock status of PDPs necessary to repair the Affected Models on the relevant SEA database until November 30, 2021; provide the replacement PDP, an exchange, or a refund; and directly communicate once with ASCs in California that any consumer requiring a replacement PDP for an Affected Model, confirmed by an ASC, shall be directed to contact SEA for a replacement part, refund or exchange will affect all of the Settlement Class members equally. The "agreed-upon injunctive relief will redress an alleged group-wide injury," and makes class certification under Rule 23(b)(2) appropriate. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 3:10–cv–1777 AJB (NLS), 2012 WL 3991734, at *7 (S.D. Cal. Aug. 27, 2012).

### 6.    Plaintiff's Counsel Should be Appointed Class Counsel.

When certifying a class, the Court must also consider the appointment of class counsel. The relevant factors in deciding whether to approve class counsel are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff seeks the appointment of Paul S. Rothstein and Kyla V. Alexander as Class Counsel. Proposed Class Counsel readily satisfy the criteria of Rule 23(g). First, they have devoted—and will continue to devote—a significant amount of time and effort to this litigation, including through their substantive motion practice, pursuit of discovery, and settlement discussions. Second, proposed Class Counsel have extensive experience in complex litigation and class actions and have been appointed class counsel or have worked on  numerous consumer class actions throughout the country.

1    In short, proposed Class Counsel have the resources necessary to conduct litigation of this

2    nature, have already diligently investigated the claims at issue in this action and dedicated

3    substantial resources to the case, and will continue to do so throughout to its conclusion.

4    Accordingly, Paul S. Rothstein and Kyla V. Alexander meet the adequacy requirements of Rule 23,

5    and should be appointed Class Counsel.

6    **B.    The Proposed Settlement Merits Preliminary Approval.**

7         Rule 23(e) requires judicial approval of a proposed class action settlement based on a finding

8    that the agreement is "fair, reasonable, and adequate," *see Lane v. Facebook, Inc.*, 696 F.3d 811, 818

9    (9th Cir. 2012), which involves a well-established two-step process: preliminary and final approval.

10   Fed. R. Civ. P. 23(e); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

11   525 (C.D. Cal. 2004) (approval under 23(e) involves a two-step process of preliminary and final

12   approval); Newberg on Class Actions § 13:10 (5th ed. 2019). The proposed settlement "need not be

13   ideal, but it must be fair and free of collusion, consistent with a plaintiff's fiduciary obligations to

14   the class." *Lilly*, 2015 WL 1248027, at *7. Courts in this district grant preliminary approval if the

15   proposed settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations;

16   (2) does not grant improper preferential treatment to class representatives or other segments of the

17   class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies."

18   *McDonald v. CP OpCo, LLC*, No. 17-CV-04915-HSG, 2019 WL 343470, at *5 (N.D. Cal. Jan. 28,

19   2019) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). The

20   proposed Settlement Agreement meets these requirements.

21        **1.    The Settlement Is the Product of Informed Arms-Length Negotiations.**

22        Settlements that are the result of hard-fought litigation and arms-length negotiations among

23   experienced counsel, such as this one, are "entitled to an initial presumption of fairness." *In re High-*

24   *Tech Employee Antitrust Litig.*, No. 11-cv-2509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013)

25   (internal quotation marks and citation omitted); *see also Harris v. Vector Mktg. Corp.*, No. 08-cv-

26   5198, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011). Here, the proposed Settlement is the

27   product of informed arms-length negotiations because it was preceded by a lengthy period of

28

adversarial litigation involving substantial discovery, including the exchange of hundreds of documents and the depositions of Plaintiff and Samsung's corporate representatives, and extensive motion practice, including motions for summary judgment and the briefing of a motion for class certification. *See Ruch v. AM Retail Grp., Inc.*, No. 14-CV-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) (holding that "process by which the parties reached their settlement," which included "extensive pre-mediation exchanges of information" and "another several weeks negotiating the long form settlement agreement, with back and forth on the details of the settlement … weigh[ed] in favor of preliminary approval"); *Harris*, 2011 WL 1627973, at *8 (settlement negotiations were not collusive where "the parties arrived at the settlement after engaging in extensive discovery and after fully briefing their respective motions for summary judgment"). At the time of Settlement, Plaintiff and Class Counsel had a full understanding of the strengths and weaknesses of Plaintiff's claims and were able to assess whether Samsung's proffered injunctive relief would adequately benefit the class and the risks of continuing litigation. *Harris*, 2011 WL 1627973, at *8.

Moreover, the Parties engaged in several months of arms-length settlement negotiations, in part, overseen by an experienced mediator, Magistrate Judge Corley, which "further suggests that the parties reached the settlement in a procedurally sound manner and that it was not the result of collusion or bad faith by the parties or counsel." *Id.*; *Ruch*, 2016 WL 1161453, at *11; *McDonald*, 2019 WL 343470, at *6. Accordingly, the proposed Settlement is the product of serious, informed, non-collusive negotiations and merits an initial presumption of fairness.

**2.    The Settlement Does Not Provide Preferential Treatment.**

The Settlement does not give preferential treatment to any class member. As discussed *supra* Section IV.A.5., the Settlement provides injunctive relief that applies equally to every Settlement Class member such that each class member will receive identical benefits—a replacement PDP, an exchange, or a refund. While the Settlement Agreement does authorize Hardin to seek a service award of $6,000.00 for her role as named plaintiff[6] in this lawsuit, "the Ninth Circuit has recognized

that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Harris*, 2011 WL 1627973, at *9 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)). Additionally, although the Court will ultimately determine whether Hardin is entitled to such an award and the reasonableness of the amount requested, the proposed award is not outside the range of reasonableness. *See Angell v. City of Oakland*, No. 13-CV-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (granting preliminary approval of settlement agreement authorizing $9,000 incentive award for each of eight class representatives); *Covillo v. Specialtys Cafe*, No. C-11-00594 DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6, 2014) (approving $8,000 incentive award). She has not only won significant injunctive relief on behalf of the Settlement Class, and ensured that they are not releasing any claims, but also renegotiated the settlement in order to provide a broad, far-reaching notice alerting class members (and members of the SAC's putative class) that if they want to pursue damages, they must do so individually. Thus, the absence of any preferential treatment supports preliminary approval of the Settlement Agreement.

### 3.    The Settlement Is Within the Range of Possible Approval.

The Settlement is a desirable result for the Settlement Class, and well within the range of possible approval. "To evaluate whether the settlement amount is adequate, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" *McDonald*, 2019 WL 343470, at *7 (quoting *In re Tableware*, 484 F. Supp. 2d at 1080). "This requires the Court to evaluate the strength of Plaintiff's case." *Id.*

Here, the proposed Settlement provides significant injunctive relief that ensures that PDP assemblies for the Affected Models are made available to California ASCs until November 30, 2021, and that the Settlement Class members are provided replacement PDPs, refunds, or exchanges, through a simple, no-hassle process. And crucially, the Settlement Class waives none of its rights to pursue damages. That means that the Settlement Class is getting essentially all the injunctive relief it could have hoped for, all without giving up any claims for damages. *Kim*, 2012 WL 5948951, at *6 (finding settlement fair, reasonable, and adequate where it "stops the allegedly unlawful practices,

bars Defendant from similar practices in the future, and does not prevent the class members from seeking legal recourse"). When comparing the relief under the proposed Settlement to Plaintiff's expected recovery, it is clear that the Settlement falls well within the range of possible approval. With Plaintiff's motion for certification of a Rule 23(b)(2) class pending, Plaintiff faced the risk that the Court would not certify a (b)(2) class. "Given the risks and costs of continued litigation, … the settlement is within the range of possible approval." *McDonald*, 2019 WL 343470, at *7.

Additionally, the Parties engaged in extensive discovery prior to reaching a Settlement, which is why Plaintiff recognized the substantial challenge to establish damages on a class-wide basis and she only moved for certification of a (b)(2) class. The proposed injunctive relief provides far better results for Plaintiff and the Class.

Moreover, satisfaction of the other three factors is sufficient to satisfy this prong. *See Dilts v. Penske Logistics, L.L.C.*, No. 08CV0318-CAB (BLM), 2014 WL 12515159, at *3 (S.D. Cal. July 11, 2014) (finding that the settlement fell within the range of possible approval "[g]iven the fact that the settlement [was] the product of serious, informed and non-collusive negotiations, ha[d] no obvious defects, and [did] not improperly grant preferential treatment"). Because the proposed Settlement satisfies the other three factors, the Settlement falls well within the range of possible approval. *See supra* Sections IV.B.1-2; *infra* Section IV.B.4.

### 4.    The Settlement Has No Deficiencies.

The Settlement is also free of any defects. A court is likely to find a settlement free from obvious deficiencies when it provides a real, immediate benefit to the class despite numerous risks. *See In re Tableware*, 484 F. Supp. 2d. at 1080. Here, the injunctive relief afforded is significant in light of the serious risks Plaintiff faced in obtaining any relief for the class. With Plaintiff's motion for certification of a Rule 23(b)(2) class pending, Plaintiff faced the imminent risk that the Court would not certify a (b)(2) class. Additionally, the Parties engaged in substantial discovery prior to reaching a Settlement, which is why Plaintiff only moved for certification of a (b)(2) class. *See Ruch*, 2016 WL 1161453, at *11 ("The amount of discovery and investigation completed prior to reaching a settlement is an important consideration because it demonstrates whether the parties and

the Court have sufficient information before them to assess the merits of the claims."). Under the proposed Settlement Agreement, class members receive immediate, meaningful injunctive relief that fully corrects Samsung's alleged violation of Section 1793.03(b). *See Stathakos v. Columbia Sportswear Co.*, No. 4:15-CV-04543-YGR, 2018 WL 582564, at *5 (N.D. Cal. Jan. 25, 2018) (approving injunctive settlement where "continued litigation could not result in any greater injunctive relief to the class and would only deprive the class of immediate relief"). "Based on th[e] risk and the anticipated expense and complexity of further litigation, the [C]ourt cannot say that the proposed settlement is obviously deficient …." *In re Tableware*, 484 F. Supp. 2d at 1080.

Moreover, the Settlement has no "obvious substantive defects such as … overly broad releases of liability." Newberg on Class Actions § 13:15. The Settlement preserves the Settlement Class's claims for monetary relief against Samsung. Thus, the proposed Settlement is not obviously deficient and should be granted preliminary approval.

**C.    The Notice Plan complies with Rule 23(e) and due process.**

Unlike a Rule 23(b)(3) class where notice is mandatory, Rule 23(c)(2) states that, "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2) (emphasis added). Because of this, "[c]ourts typically require less notice in Rule 23(b)(2) actions, as their outcomes do not truly bind class members" and there is no option for class members to opt out. *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027 at *8 (N.D. Cal. Mar. 18, 2015) (holding that because the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, class notice is not necessary); *see also Dukes*, 564 U.S. at 362 (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.").

The Court here, has made it clear that notice is appropriate for the instant case. [DE 206]. The Parties took the Court's directive to heart and devised a notice plan that is far-reaching.

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class

members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). The amendments to Rule 23(c)(2)(B) provide that "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997). The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

All of the notices, attached as Exhibits A and B to the Amended Settlement Agreement are drafted in plain English so they will be easy to understand. Consistent with the concerns expressed by this Court, they include key information about the Amended Settlement, including the nature of the claims and relief, identification of the class, the deadline to object to the Amended Settlement, the extent (or absence of any) release and the date of the Final Approval Hearing. The notices state the amount of the fee and cost award Class Counsel will request, the amount of the Service Awards Plaintiff will request, and outline the relief provided to class members. The notices disclose that, even by being a member of the Amended Settlement, Settlement Class Members give up ***no*** right to sue for compensatory or injunctive relief. The notice directs Settlement Class Members to the Settlement Website for further information, where copies of the notices, the Settlement Agreement, and other documents relating to the Settlement will be posted. The notices provide contact information for Class Counsel to answer questions and instructions on how to access the case docket via PACER or in person at any of the court's locations.

**D.      The manner and content of the proposed Notice Plan complies with Rule 23 and due process, as well as the District's Procedural Guidance for Class Action Settlements.**

Similar notice plans are commonly used in class actions like this one and constitute the best notice practicable under the circumstances. *See, e.g., In re Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-05944 JST, 2015 WL 6871439, at *1-2 (N.D. Cal. Nov. 9, 2015) (approving notice plan of mailing to class members identified by defendants, publication in two newspapers, and posting on the internet); see also 3 Newberg on Class Actions § 8:29 (5th ed. June 2018) ("While notice by mail is generally preferred for class members who have been identified, notice by publication has traditionally served an important supplemental role."). Here, because it is impossible to identify specific individuals who may need a PDP for the Affected Models, publication notice is the best notice practicable under the circumstances. Especially since the notice plan here includes print publication *and* internet notice.

**E.      Samsung Will Provide the CAFA Notices.**

The Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities. 28 U.S.C. § 1715; *see Stathakos*, 2018 WL 582564, at *4 (in its order granting a (b)(2) settlement, the court stated that "[a]lthough the Court determines that notice to class members is not necessary, the Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities"). CAFA provides that "[n]ot later than ten days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). Samsung will send CAFA notice 10 days after October 7, 2019, Plaintiff's deadline to file the instant motion for preliminary approval of the class action settlement.

**V.      <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff respectfully requests that this Court: (1) certify the Settlement Class for settlement purposes; (2) appoint Crystal Hardin as class representative; (3) appoint Paul S. Rothstein and Kyla V. Alexander as class counsel; (4) grant preliminary approval of

the proposed Settlement Agreement; (5) schedule the final approval hearing; and (6) grant such other relief as the Court deems just and proper.

DATED: October 7, 2019                    Respectfully submitted,


                                          Paul S. Rothstein
                                          By: /s/ Paul S. Rothstein
                                          *(admitted pro hac vice)*
                                          626 N.E. 1st Street
                                          Gainesville, FL 32601
                                          Tel: (352) 376-7650
                                          Fax: (352) 374-7133
                                          Email: psr@rothsteinforjustice.com

                                          Alan J. Sherwood, SB#118330
                                          Law Offices of Alan J. Sherwood
                                          26755 Contessa Street
                                          Hayward, CA 94545
                                          alansherwood@earthlink.net
                                          (510) 409-6199

                                          *Attorneys for the Plaintiffs*

1

2

**CERTIFICATE OF SERVICE**

3

   I hereby certify that on this 7th day of October, 2019, I caused to be electronically filed the

4

foregoing document with the Clerk of the Court of the United States District Court for the Northern

5

District of California by using the Court's CM/ECF system.

6

   Participants in the case who are registered CM/ECF users will be served by the Court's

7

CM/ECF system.

8

9

                              /s/ Paul S. Rothstein
                              Paul S. Rothstein

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28