IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS BRONSON and CRYSTAL
HARDIN, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

  v.

SAMSUNG ELECTRONICS AMERICA,
INC. et al.,

    Defendants.

No. C 18-02300 WHA

**ORDER RE (1) MOTION
FOR CLASS CERTIFICATION;
AND (2) MOTION FOR
PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

**INTRODUCTION**

In this putative class action under the Song-Beverly Act and Section 17200 of the California Business and Professions Code, plaintiff Crystal Hardin moves for conditional certification of a settlement class and for preliminary approval of a class settlement. To the extent below stated, both motions are **GRANTED**.

**STATEMENT**

A prior order detailed the lengthy history of this action (Dkt. No. 209). In brief, plaintiffs Crystal Hardin and Alexis Bronson each bought Samsung plasma televisions in 2013. Both television sets had been manufactured in 2013 and later developed colored-lines on the screen. In 2018, each plaintiff was separately told by two different Samsung-authorized service and repair facilities that a spare part was not available to fix their televisions. Defendants Samsung

Electronics Co., Ltd. and Samsung Electronics America, Inc. manufactured plaintiffs' plasma televisions.

Plaintiff Bronson (but not plaintiff Hardin) had commenced this putative class action in April 2018. He then twice amended his complaint. By January 2019, the operative complaint contained only two surviving claims: a claim under Section 1793.03(b) of the California Civil Code and a derivative claim under Section 17200 of the California Business and Professions Code. More specifically, Section 1793.03(b) required "[e]very manufacturer making an express warranty with respect to an electronic or appliance product" to "make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product." An order also then permitted plaintiff Hardin to intervene.

In April 2019, Samsung moved for summary judgment. In May 2019, plaintiff Bronson (but not plaintiff Hardin) moved for partial summary judgment. An order denied Samsung's summary judgment motion. An order granted plaintiff Bronson's partial summary judgment motion. Samsung had not made functional parts available to service and repair facilities for plaintiff Bronson's television as required by Section 1793.03(b).

An order also permitted the scope of discovery to extend to television models other than those owned by the plaintiffs. More specifically, the order permitted discovery for "plasma television models purchased in 2013 and 2014 which contain[ed] the *identical* [faulty] part as plaintiffs' specific plasma televisions" (Dkt. No. 155 at 3) (emphasis in original). Thus, as relevant for the instant motion, since the television model plaintiff Hardin owned contained the identical faulty part (part number BN96-25240A), as two other models of television (models PN51F5300 and PN51F5350) — discovery extended as to those models as well. Plaintiff Hardin's model was numbered PN51F5500.

Since May 2019, the parties have engaged in multiple settlement discussions. In June 2019, plaintiff Hardin (but not plaintiff Bronson) moved for class certification. In August 2019,

after the motion was fully briefed, the parties struck an agreement on a settlement "injunctive" class. An order held the motion for class certification in abeyance.

In September 2019, plaintiff moved for certification of the settlement class and for preliminary approval of class settlement (Dkt. No. 203). Samsung did not oppose.

In brief, the details of this September proposed settlement agreement are as follows. Counsel abandon certification of a damages class under Rule 23(b)(3), in favor of an injunctive-only class under Rule 23(b)(2). That is, although the operative complaint sought class damages, the class would receive zero dollars under the deal. In contrast, plaintiff Bronson and plaintiff Hardin would each receive $6,000 — and plaintiffs' counsel would seek $487,000 in fees, subject to Court approval.

The September settlement also drastically narrows the scope of the class. The class for settlement purposes became (Dkt. No. 204 ¶ I.A.):

> Any person in the State of California who owned as of July 1, 2019, a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 manufactured since January 1, 2013 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP") as confirmed through diagnostic testing by [a Samsung]-authorized service center ("ASC").

In other words, compared to the class alleged in the amended complaint, this new class definition excludes both putative class members who owned televisions from 2009 until 2013 and putative class members who no longer own televisions as of July 2019. In addition, the new class limits the type of television to three models (the prior class had included every plasma television model). The new class definition also imposes a brand new requirement: all televisions must have undergone diagnostic testing by an authorized repair center.

The September settlement, moreover, did not expressly release absent class members' claims for damages, but those damages claims were not expressly reserved. Instead, the agreement merely noted that it was an injunctive-only class and "requires no release of any monetary remedies by any member of the [s]ettlement [c]lass" (*id*. ¶ IV.A.).

Significantly, the September agreement explicitly *prohibits* any form of notice to the class. That is, "Samsung considers the absence of notice to the [s]ettlement [c]lass a non-severable material term" (*id*. ¶ IV.B).

After a hearing, an order denied the September settlement as unfair, unreasonable, and inadequate (Dkt. No. 209). Primarily, the studied refusal to give notice killed the settlement. Even though damages claims would theoretically survive, absent class members would not be advised notice that they needed to bring their own claims for damages (either on an individual basis or a new class basis). During the pendency of the litigation, all statute of limitations were tolled. But the tolling would only be of value if the class members learned that class counsel had left them to fend for themselves.

Another deal-breaker was the procedure imposed on objectors. The procedure was unreasonable, an unreasonableness compounded by the lack of notice to the objectors to even notify them of the onerous requirements.

The parties try again with a new settlement, referred to herein as the October settlement. It purports to have fixed the glaring unfairness of the September settlement.

This October settlement redefines the proposed class. The new class definition is as follows (Dkt. No. 214-4 ¶ I.A.):

> Any person in the State of California who owns a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP").

In other words, the new October definition removes three prior proposed class limits from the September definition. *First*, the television no longer is required to have been owned by July 1, 2019. *Second*, the television no longer is required to have been manufactured since January 1, 2013. *Third*, the television no longer is required to have undergone diagnostic testing by an authorized repair center. Instead of requiring the class member to lug in the television for a diagnostic repair at the authorized service center, the settlement class member now "must contact" an authorized service center to determine if there is a "line" issue, and the center would

4

then "direct the [s]ettlement [c]lass [m]ember to contact [Samsung] directly" for the plasma display assembly part to fix the television's "line" issue (*id*. ¶ II.A.3.).

The October deal further agrees to provide notice and to significantly narrow the objection procedures. More specifically as to notice, the October settlement agreement provides that the parties will publish a quarter page notice in three separate publications: (i) in one California edition of Parade Magazine; (ii) in one weekday edition of the San Francisco Chronicle; and (iii) in one weekday edition of the Wall Street Journal's California regional publications. In addition, a settlement website will now provide a longer form of notice, among other documents. The website would be available to the public until November 30, 2021 (*id*. ¶¶ IV.A.; IV.B.).

The October settlement makes three other changes worth mentioning. *First*, reference to plaintiff Bronson has disappeared from the agreement completely. So, his previously disclosed $6,000 award is no longer part of the class-settlement agreement.

*Second*, the agreement now explicitly provides that the settlement class members do not release any claims "for money damages, injunctive or equitable relief, or other form of relief" (*id*. ¶ III.B.). In other words, no future form of relief — including injunctive relief — would be released by this deal.

*Third*, Samsung now retains sole discretion to make the replacement part available for purchase by the class member, but if Samsung declines to provide the part, the class member could then choose between exchanging the television or receiving a refund (*id*. ¶ II.A.2.). This presents a change from the September settlement in that Samsung had previously retained sole discretion as to the form of all relief, including whether the class member would be eligible to purchase a replacement part or receive an exchange or a refund (Dkt. No. 204 ¶ II.A.2.).

At the hearing on the October settlement, both Samsung and plaintiffs' counsel explained the reason why the October settlement was structured in this way. Only one plasma panel remains. So, this structure will enable Samsung to keep the lone remaining panel "available" to authorized service and repair centers, in attempted compliance with Section 1793.03(b). But then Samsung will exercise its discretion to decline to sell the part, thereby giving the consumer

the choice as to whether they will exchange the television or seek a refund (Dkt. No. 221 at 5:15–18).

This explanation, however, was not described anywhere in the agreement or in the notices. This deficiency was eventually fixed. Specifically, both notices now provide that "Samsung intends to exercise its discretion so that class members will be able to exercise this choice of receiving either an exchange or refund" (Dkt. Nos. 229-2 at 2; 229-3 at 4).

In addition, at the hearing on the October settlement, the undersigned informed the parties that the notices were not sufficiently clear, and directed the parties to make certain changes, including adding the following paragraph to both notices:

> Under the settlement, the named plaintiff will receive $6,000 and counsel will ask for $487,000 in fees. Another named plaintiff herein also received $6,000 in settling these same claims. *You, however, will receive no cash but your claims for damages will not be released.* This means that even though you will receive no money under this deal, you are free to bring your own claim on your own against Samsung, or, on behalf of the class or if someone else possibly brings a new class claim, to participate in that class action. From the date of the original lawsuit (April 17, 2018) until the date of this notice, the statute of limitations has been suspended. Now, however, the statute of limitations period will begin to run again. Thus, if you'd like to bring your own lawsuit, you must do so before the statute of limitations runs on your claim (assuming it is not already barred). You will, however, be the beneficiary of aspects of the settlement agreement, namely authorized repair facilities will make the part to fix your plasma television available to you for purchase. The Court has not given final approval to this settlement. If you want to object, you may do so provided you follow the procedures stated elsewhere in this notice. The Court will decide whether to give final approval on _____, 2019 and would appreciate your views.

The parties revised and re-submitted the October settlement agreement and the notices, to comply with this direction.

This new October settlement agreement is referred to herein as the revised October Settlement. The revised October settlement makes three noteworthy revisions. *First*, plaintiffs' counsel will file annual statements by October 15 of every year until the injunctive relief period runs (November 30, 2021). These annual statement will state the number of settlement class

1 members who have received "some form of relief under" the settlement in the prior year.

2 Samsung will cooperate in preparing these statements (Dkt. No. 226-2 ¶ II.A.6.).

3 *Second*, plaintiffs' counsel will provide the preliminary approval order, the settlement

4 agreement, and both forms of notices to a third-party website that regularly provides information

5 to the public on class actions and class action settlements. Plaintiffs' counsel will direct the

6 third-party website to provide a link to the settlement website within sixty days of the

7 preliminary approval date (*id*. ¶ IV.D.).

8 *Third*, the short-form notice will be published within forty-five days of the preliminary

9 approval order. The long-form notice will be published within fifteen days of preliminary

10 approval (*id*. ¶¶ IV.A; IV.B.).

11 To summarize, in August 2019, an order held the fully-briefed litigation class-

12 certification order in abeyance. Plaintiff Hardin moved for preliminary approval of a class-

13 settlement in September 2019. An order denied preliminary approval. In October 2019, plaintiff

14 Hardin moved for preliminary approval of a new settlement. After a hearing, this October

15 settlement was further revised. The parties also made Court-directed changes to the notices.

16 This order now follows.

## ANALYSIS

### 1. CERTIFICATION OF A SETTLEMENT CLASS.

19 A party seeking class certification must affirmatively demonstrate compliance with Rule

20 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Pursuant to Rule 23(a), for a

21 named plaintiff to obtain class certification, a court must find: (1) numerosity of the class; (2)

22 that common questions of law or fact predominate; (3) that the named plaintiff's claims and

23 defenses are typical; and (4) that the named plaintiff can adequately protect the interests of the

24 class. Plaintiff seeks to certify a class comprised of all California owners of Samsung plasma

25 television models PN51F5500, PN51F5300, or PN51F5350, which exhibit colored-lines on the

26 screen, requiring a replacement plasma display panel assembly part.

27 In addition, in the instant action, plaintiff seeks to certify a class under Rule 23(b)(2). In

28 turn, certification under Rule 23(b)(2) requires that the court find that the defendant "has acted

or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This order holds that all the elements under Rule 23(a) and Rule 23(b)(2) have been satisfied here for purposes of settlement, provided class members receive adequate notice. The details follow.

### A. Numerosity.

The numerosity requirement of Rule 23(a)(1) is satisfied when joinder of individual plaintiffs would be impracticable. Here, the numerosity requirement would ordinarily be a problem, given that there could be fewer than forty class members. One purpose, however, of the numerosity requirement is to assure that the class device will be efficient before we extinguish class members' claims. Because the release here will allow the class members' claims to survive, class members will be little or no worse off than before the action began, provided they get adequate notice.

Truth be told, this deal seems mainly like a way for plaintiffs' counsel to end their toil and to walk away with cash for their effort. Since class members will now get notice and one of them might step forward to pick up the fallen banner by suing anew, they will be no worse off than if the plaintiff and counsel simply had dismissed the case (with notice to class members). The purpose of all the requirements of Rule 23(a) is to protect absent class members, to repeat, by avoiding unfair compromises of their claims. There will be no compromise of absent class members' claims. There will be no prejudice so long as adequate notice is given.

### B. Commonality and Typicality.

A class has sufficient commonality under Rule 23(a)(2) if "there are questions of fact and law which are common to the class." "The existence of shared legal issues with divergent factual predicates is sufficient" to meet the requirements of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." A plaintiff's claims are typical if they "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* at 1020.

Here, plaintiff's claims stem from Samsung's alleged failure to make plasma display assembly number BN96-25240A available to authorized service and repair facilities, contravening Section 1793.03(b). Plaintiff, like every other member of the proposed class, owns a plasma television afflicted by colored-lines, which can only be fixed by plasma display assembly number BN96-25240A. In other words, plaintiff shares the same legal issue, on substantially the same facts, with the class, namely the lack of availability of this specific television part. The commonality and typicality requirements are accordingly satisfied.

### C. Adequacy.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Determining whether the representative parties will do so involves two inquiries: (1) do the named plaintiff and his counsel have any conflicts of interest with other class members, and (2) will the named plaintiff and his counsel act vigorously on behalf of the class. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Accordingly, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations and quotation marks omitted).

Plaintiff Hardin remained involved in this litigation. She sat for a deposition and made her television available for inspection by Samsung. That plaintiff Hardin has now abandoned class-wide damages does not on its own render her inadequate to serve as a class representative.

Plaintiffs' counsel have pursued relief on behalf of the class through the instant litigation, which included two separate summary judgment motions. Plaintiffs' counsel also have experience in class action litigation (Dkt. Nos. 186-1 ¶¶ 3–4; 186-2 ¶ 4). Why counsel, however, abandoned the class with respect to their damages claims is a mystery, but at least the class will have their damages claims preserved. Why counsel went along with no notice to the class gives this whole deal a curious smell, but, thanks to judicial oversight, the notice problem has been fixed. This is not counsel's finest hour.

### D. Rule 23(b)(2) And General Applicability.

Plaintiff seeks to certify the settlement class under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "These requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)). Such is the case here.

This action seeks injunctive relief and the proposed settlement agreement would provide for uniform class-wide relief which includes Samsung's agreement to: (i) maintain plasma display assembly number BN96-25240A in-stock on the relevant Samsung database until November 30, 2021; (ii) provide either the replacement part, a refund, or an exchange; and (iii) directly communicate once with authorized service centers in California that any consumer requiring a replacement part for a television model which uses plasma display assembly number BN96-25240A, shall be directed to contact Samsung for a replacement part/refund/exchange (Dkt. No. 229-2 at 1). In turn, Samsung will uniformly decline to exercise its discretion so that the consumer will be given the choice to receive a refund or to exchange their television. This injunctive relief applies to the class as a whole.

In all, the Rule 23 elements are met here, provided adequate notice is given.

### 2. MOTION FOR PRELIMINARY APPROVAL.

Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker) (citations and internal quotations omitted). The proposed settlement provides sufficient benefit to class members, considering none of the class claims will be released. That is, class members will be

able to receive an exchange or refund for their broken television, Samsung will update its internal website to show its authorized service and repair facilities that the faulty part is available, and authorized service centers will also be contacted to ensure they will be informed of the parts' availability.

This motion also follows depositions of plaintiff Hardin and Samsung corporate representatives, the parties' exchange of written discovery, two motions for summary judgment, and full briefing on a motion for class certification. Continuing forward in litigation would impose risks and costs on plaintiff. It would also delay the implementation of the parties' agreed-upon remedies.

The agreement does impose obligations on the class members. More specifically, class members "must contact" authorized service centers "to confirm" that the television exhibits a "line" issue which requires the required part, and if directed by Samsung, class members must return the broken television at issue (at Samsung's expense) (Dkt. No. 214-4 ¶ II.A.3.). These obligations do not create an obvious deficiency. For these reasons, the settlement itself falls within the range of possible approval.

Turning to the notice, the revised October settlement provides that the parties will publish a quarter page notice in three separate publications: (i) in one California edition of Parade Magazine; (ii) in one weekday edition of the San Francisco Chronicle; and (iii) in one weekday edition of the Wall Street Journal's California regional publications. In addition, a settlement website will now provide a longer form of notice. The website would be available to the public until November 30, 2021 (Dkt. No. 226-2 ¶¶ IV.A–D.).

Two typos must be fixed in the short-form notice. *First*, the short-form notice incorrectly directs class members to Courtroom 11 for the final hearing (Dkt. No. 229-2 at 3). This should be changed to Courtroom 12. *Second*, the short-form notice does not provide the same class definition as the long-form notice. Specifically, the long-form notice includes California "residency" within the class definition. The short-form notice includes only people "in" California. This order will certify a class consistent with the version in the long-form notice. The short-form notice should be changed to reflect the certified class.

The proposed class notice satisfies the requirements of Rule 23(c)(2)(B) and 23(e)(1), as it clearly describes the nature of the action, the injunctive relief called for in the settlement agreement, and the implications of and process for objecting to the settlement and participating in the fairness hearing.

**CONCLUSION**

To the following extent, plaintiffs' motion for class certification for settlement purposes is **GRANTED**. The prior motion for class certification for litigation purposes is **DENIED AS MOOT**. The following class is **CERTIFIED** for purposes of settlement: Any resident of the State of California who owns a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP"). Plaintiff Crystal Hardin is hereby **APPOINTED** as class representative. Plaintiffs' counsel Paul Rothstein and Kyla Alexander are hereby **APPOINTED** as class counsel.

The terms of the parties' settlement agreement are hereby **PRELIMINARILY APPROVED** as being fair, reasonable and adequate to the members of the class, subject to further consideration at the final approval hearing. The motion for preliminary approval of the settlement is **GRANTED**. Both proposed forms of notice for the class are **APPROVED**.

The final short-form of notice which fixes the two typos identified herein shall be filed on the docket by **NOVEMBER 4**. By **NOVEMBER 7**, counsel shall provide this preliminary approval order, the revised October settlement, and both forms of notice to a third-party website that regularly provides information to the public on class actions and class action settlements. Consistent with the revised October settlement, the long-form notice should be published on the settlement website by **NOVEMBER 15**. The short-form notice should be published no later than **DECEMBER 16**. By **DECEMBER 19**, plaintiff shall file her motion for attorney's fees and costs, which must also be published on the settlement website.

The deadline for filing objections to the settlement is **JANUARY 31, 2020**. The parties shall respond to any objections to the settlement by **FEBRUARY 13, 2020**. By this same date, the parties shall file a motion for final approval of the class settlement. A hearing to consider

whether the class settlement should be given final approval, and to consider plaintiff's motion for an award of attorney's fees and costs, is **SET** for **FEBRUARY 27, 2020 AT 11:00 A.M.** The final pretrial conference and trial dates are hereby **VACATED** and will be reset if final approval is not granted.

**IT IS SO ORDERED.**

Dated: November 1, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE