UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRONSON and CRYSTAL HARDIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | No. C 18-02300 WHA<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES AND FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**INTRODUCTION**

In this class action certified under Rule 23(b)(2), plaintiff moves for final approval of a settlement agreement and for attorney's fees, costs, and incentive award. Defendant does not oppose. To the extent stated below, the motion for final approval of the class settlement is **GRANTED**. The motion for attorney's fees, costs, and incentive award is **GRANTED IN PART**.

**STATEMENT**

Prior orders set forth the background of this action (*see, e.g.*, Dkt. No. 230). In brief, plaintiffs Alexis Bronson and Crystal Hardin purchased Samsung plasma televisions in 2013 that had been manufactured the same year by defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. Both television sets later developed colored-lines on the

screens. In 2018, two different Samsung-authorized repair facilities separately informed our plaintiffs that Samsung did not have the spare part available necessary to fix their televisions.

By April 2018, plaintiff Bronson had commenced this then-putative class action. After nine months and twice amending the complaint, only two claims remained in the operative complaint: *First*, a violation of California Civil Code Section 1793.03(b), which provided:

> Every manufacturer making an express warranty with respect to an electronic or appliance product . . . shall make available to service and repair facilities . . . functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured, regardless of whether the seven-year period exceeds the warranty period for the product.

*Second*, a derivative violation of "unlawfulness" under Section 17200 of California's Business and Professions Code for the alleged violation of Section 1793.03(b). An order also then permitted plaintiff Hardin to intervene.

An order denied preliminary approval of one proposed class settlement in September 2019 (Dkt. No. 209). The parties tried again in October 2019. The October settlement made no reference to plaintiff Bronson. Following a hearing and revisions, an order certified the following settlement class (Dkt. No. 230):

> Any resident of the State of California who owns a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP").

The same order granted plaintiff's motion for preliminary approval of a proposed class settlement and approved, as to form and content, a class notice concerning the settlement agreement and the final approval hearing.

The settlement administrator distributed notice in three ways. *First*, through a settlement website that has been available to the public since November 15, 2019, and will remain available through November 30, 2021. *Second*, by publication notice in the San Francisco Chronicle, the Wall Street Journal's California regional publications, and the California edition of Parade Magazine. *Third*, class counsel provided the preliminary approval order, the settlement agreement, and the short- and long-form notices to a third-party website that

regularly provides information to the public on class actions and class action settlements (Decl. Rapazzini ¶¶ 4–10).

An order set January 31, 2020, as the deadline for filing objections to the settlement (Dkt. No. 230). No class members objected to the settlement by January 31 (Dkt. No. 240 at 20). Nor have any late objections been filed, as of class counsel's March 19 supplemental brief. On the other hand, two potential class members contacted Samsung regarding a display issue and were directed to authorized service centers to determine whether their television sets required the replacement part at issue. The supplemental brief also notes that "[n]o Settlement Class Members have contacted Class Counsel or Samsung's counsel[,]" but goes on to say that notice has "reached a relevant group of consumers" as class counsel have "received inquiries from Samsung plasma television owners since the publication" of the notice (Dkt. No. 248).

Plaintiff now moves for final approval of the proposed injunctive-only class settlement and for an award of attorney's fees and costs in the total amount of $487,000 and an incentive award of $6,000 for plaintiff Hardin. Defendants do not oppose. This order follows full briefing and supplemental briefing. No in-court hearing could be held due to court closures in response to the public health concern caused by COVID-19 (Dkt. Nos. 245, 246).

**ANALYSIS**

1. **FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

Under FRCP 23(e), court approval is required for any settlement agreement that will bind absent class members. When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be bound by the proposal; and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate. FRCP 23(e)(1)–(2).

   A. **Adequacy of Notice.**

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those

3

with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice (Dkt. No. 230). As described above, the claims administrator has fulfilled the notice plan. This order accordingly finds that notice to class members was adequate.

\* \* \*

Following briefing of this motion, an order asked class counsel's input on providing an additional, final notice to the class and opportunity to object, as the final approval hearing had to be vacated following court closures (Dkt. No. 246). Although both parties do not object to providing such a notice through the settlement website, this order finds the additional notice unnecessary based on counsel's feedback. Prospective objectors had ample opportunity to timely object and none did. Nor did any file a late objection in the nearly two months since then. On the other hand, two potential class members contacted Samsung customer service concerning the underlying display issue since an order preliminarily approved the settlement on November 1, 2019. Stalling the proposed injunction risks these potential class members not receiving the relief afforded by the settlement. Class counsel also received inquiries from other Samsung television owners following the publication of the notice, although it remains unclear whether those owners are potential class members (Dkt No. 248). Ultimately, while some individuals contacted class counsel and Samsung regarding the subject matter of the lawsuit, no class members objected to the settlement at any time. No additional notice shall be required.

**B.     Scope of Release.**

The proposed settlement agreement does not release any of the class members' claims "for money damages, injunctive or equitable relief, or other form of relief[,]" including any claims related to the affected television sets, even if the class member benefits from relief under the proposed settlement. Plaintiff Hardin releases any claims related to the underlying dispute (Dkt. No. 214-4 at 5–6). Given that the class gives up no claims, but retains the

benefits of the provided injunctive relief, this order finds that the scope of release is appropriately tailored and approved.

### C. Fairness, Reasonableness, and Adequacy of Proposed Settlement.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. Rule 23(e); *Campbell v. Facebook, Inc.*, --- F.3d ----, 2020 WL 1023350 at *10 (9th Cir. 2020).

*First*, the settlement terms are fair, reasonable, and adequate. The class representatives and class counsel have adequately represented the class. The parties reached the proposed settlement agreement after extensive mediation efforts supervised by Magistrate Judge Corley, including two in-person settlement conferences and several lengthy telephone settlement conferences between May and August 2019. Continuing forward in litigation would not only impose risks and costs on plaintiffs and the class, but would also delay the implementation of the parties' agreed-upon remedies.

*Second*, plaintiffs have sought only injunctive relief in this settlement. The proposed settlement agreement provides, among other things, that class members will be able to receive an exchange or refund for their broken television, Samsung will update its internal website to show its authorized service and repair facilities that the faulty part is available, and authorized service centers will also be contacted to ensure the service centers will be informed of the parts' availability. Further, class counsel, with Samsung's cooperation, will file annual statements by October 15 of 2020 and 2021 disclosing the number of settlement class members who have received "some form of relief under" the settlement in the prior year. No class member has objected to the settlement agreement.

This order notes that class counsel chose to abandon certification of a damages class under Rule 23(b)(3) in favor of an injunctive-only class under Rule 23(b)(2). Still, considering the expense and uncertainty in moving forward with litigation, as well as that no class claims will be released, the settlement provides sufficient relief to the class:

Based on the foregoing reasons and those mentioned in the order granting preliminary approval of the proposed agreement, final approval of the proposed class settlement is **GRANTED**.

### 2. MOTION FOR ATTORNEY'S FEES, COSTS, AND INCENTIVE AWARD.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Although the operative complaint alleges a claim for damages, class counsel abandoned certification of a damages class. The settlement agreement instead provides for injunctive relief.

Plaintiff here seeks attorney's fees as the prevailing party in its claims under the Song-Beverly Consumer Warranty Act. Section 1794(d) of California's Civil Code provides:

> If the buyer prevails in an action under [the Song-Beverly Consumer Warranty Act], the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

To recover attorney's fees and expenses under the Song-Beverly Act's fee-shifting scheme, the plaintiff must first be determined to be a prevailing buyer. The Act does not define "prevail." To determine who "prevails" under Section 1794(d), we must "determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives." *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1264 (2012). A party may realize its litigation objectives "by judgment, settlement or otherwise." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150–51 (2006). In assessing litigation success, "respect [should be given to] substance rather than form, and to this extent [courts]

should be guided by equitable considerations. For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150–51 (2006).

In this action, plaintiff is the prevailing party. Plaintiff's claims stem from Samsung's alleged failure to make available to its authorized repair facilities a part for a plasma television that it manufactured, in violation of Section 1793.03(b). No decision since the 1986 enactment of the statute has considered what constitutes success on a claim under Section 1793.03(b). This order need not wade into a lengthy legal analysis, however, to find that plaintiff succeeded here. Plaintiff, on behalf of this settlement class, sought injunctive relief in the form of an order requiring Samsung to manufacture replacement parts for certain Samsung plasma television models. In the operative complaint, plaintiff also sought compensatory damages including the purchase price of Samsung plasma televisions, diminishment in value of the televisions, and the cost of diagnosis, repair, or replacement of the televisions.

The proposed settlement largely achieves plaintiff's objectives, at least "on a practical level." *See Wohlgemuth*, 207 Cal. App. 4th at 1264. While Samsung's agreement to make the television part available for class members to purchase is, as explained in the preliminary approval order, nominal at best, the proposed settlement allows class members to exchange their televisions or receive a refund of the purchase price (Dkt. No. 230 at 5–6). By allowing class members to choose between exchanging their televisions or receiving the purchase price, the proposed settlement secures in substance what the complaint sought as compensatory damages. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th at 150–51. The exchange-or-refund option also exceeds the value of the injunctive relief sought in the complaint, considering class members would still need to purchase and install the replacement parts once Samsung began manufacturing them. This order thus finds that the class is entitled to their reasonable attorney's fees and expenses as "prevailing buyers" under the statute.

Although the relief afforded is relevant in determining whether the plaintiff "prevailed," the "plain wording" of Section 1794(d) requires the trial court to "base" the prevailing buyer's

7

attorney fee award "upon actual time expended on the case, as long as such fees are reasonably incurred — both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Enterprises, Inc.*, 144 Cal. App. 4th 785, 817 (2006). "While the trial court has broad discretion to increase or reduce the proposed lodestar amount based on the various factors identified in case law, including the complexity of the case and the results achieved, the court's analysis must begin with the 'actual time expended, determined by the court to have been reasonably incurred. It is inappropriate and an abuse of a trial court's discretion to tie an attorney fee award to the amount of the prevailing buyer/plaintiff's damages or recovery in a Song-Beverly Act action." *Hanna v. Mercedes-Benz USA, LLC*, 36 Cal.App.5th 493, 510 (2019).

Class counsel provide a detailed declaration organized by discrete project, breaking down all attorney and paralegal time sought to be recovered. The result is a lodestar of $1,400,000, representing the time class counsel spent on this action since February 2018. Yet class counsel seeks only $487,000 total in attorney's fees and expenses, thirty-four percent of counsel's lodestar. To get there, counsel discounted individual projects to account for inefficient, duplicative, and unnecessary secondary work. For example, counsel cut the time billed to draft and file the complaint and first amended complaint by seventy-five percent because the second amended complaint superseded both and carried over pleading of certain claims and facts. Similarly, counsel cut in full the time billed on their Consumer Legal Remedies Act demand because an order dismissed the CLRA claims. Counsel's rates for the billing attorneys range from $450 per hour to $675 per hour.

Defense counsel have not objected to the amount sought. The amount comports with the settlement in which the parties agreed, "Class Counsel will file with the Court a petition for attorneys' fees and costs in the amount of up to $487,000.00" (Dkt. No. 214-4 ¶ II.C). Furthermore, the fees sought represent approximately thirty-four percent of the claimed lodestar, yielding a "negative multiplier." The fees will not be deducted from a monetary class settlement but will be paid separately by Samsung. In light of the foregoing, and the fact that class counsel have conducted motion practice and engaged in extensive mediation efforts

8

supervised by Magistrate Judge Corley, this order finds the agreed-upon attorney's fees amount — "of up to $487,000" — to be reasonable (*ibid.*).

This order further **APPROVES** the award of $487,000 in attorney's fees, half of which shall be paid now and the remaining half to be paid when all the work is done in implementing the relief to the class. This order will not make any findings regarding reasonableness of the lodestar, the hours billed, nor the rate at which they are billed at since the parties have already agreed to an attorney's fee amount that this order finds reasonable.

Class counsel does not separately ask for reimbursement of its costs and expenses. Instead, counsel submits only the combined attorney's fees and expenses request for $487,000. Counsel does, however, include some documentation of their expenses. The largest components of these expenses are related to depositions ($13,736.09), flights ($11,995.72), lodging ($10,842.04), consulting fees ($6,406.74), online research ($5,031.08), and a category titled "Research - Vendor" ($4,850). Although counsel provides an itemized list of these expenses, including the date and cost, no description is provided beyond the categorical name of the expense (*e.g.*, "depositions," "online research"). Counsel's documentation falls far short of what is normally required. Still, the award of $487,000 remains reasonable despite counsel's shortfall here.

\* \* \*

Plaintiff Hardin also seeks an incentive award of $5,000 plus $1,000 for a new television. As stated, defendants do not oppose this request. To the extent the $1,000 goes beyond what is afforded to the class, this amount is **DENIED**. The class settlement should be good enough for the class representative.

The remaining $5,000 is meant to reward plaintiff Hardin for the work she put into prosecuting this action. Plaintiff Hardin swears she spent roughly forty-five documented hours on this case and many more hours that she did not write down. A portion of those hours included sitting for a deposition that purportedly devolved into disparaging personal attacks, challenging plaintiff's commitment to the litigation. Still, plaintiff Hardin stayed the course throughout the litigation and settlement process (Decl. Hardin ¶¶ 6, 11).

9

While this work is appreciated, the undersigned's "Notice Regarding Factors to be Evaluated for Any Proposed Class Settlement" cautions that "[a] request for an incentive payment is a red flag." Incentive awards pose the risk that a class representative has gone along with a settlement, not because it secures a good outcome for the class, but simply for the incentive award. Such awards should therefore be subject to careful scrutiny. Particularly, when the return for each individual is merely the option of a refund of the purchase price or replacement of the television, an award of $6,000 is extremely unreasonable. In light of the foregoing, plaintiff's request for an incentive award is **GRANTED IN PART**. An award of $500 is reasonable and will be granted here. Any award for the replacement of plaintiff Hardin's television or a refund of the purchase price shall be the same relief as afforded to the class.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval.

2. The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiffs, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and complies with all applicable provisions of law. The settlement is accordingly **APPROVED**.

3. Having considered class counsel's motion for attorney's fees, the undersigned hereby awards class counsel attorney's fees of $487,000. Half of this amount shall be paid now and the other half shall be paid when all relief to the class hereunder has been implemented (following the final status report).

4. Plaintiff Hardin shall also receive $500 as an incentive award for the time spent prosecuting this action on behalf of the class.

Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: March 30, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE