Paul S. Rothstein (*admitted pro hac vice*)
Kyla V. Alexander (*admitted pro hac vice*)
626 N.E. First Street
Gainesville, Florida 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
PSR@Rothsteinforjustice.com
Kyla.tm@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for Plaintiff and the Settlement Class*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS BRONSON AND CRYSTAL HARDIN, on behalf of themselves and all others similarly situated | ) ) ) ) ) Case Number: 3:18-cv-02300-WHA |
| Plaintiffs, | ) **PLAINTIFF'S NOTICE OF MOTION** ) **AND MOTION FOR ORDER TO SHOW** ) **CAUSE  WHY SANCTIONS SHOULD** |
| vs. | ) **NOT BE IMPOSED UPON SAMSUNG** ) **ELECTRONICS AMERICA, INC. AND** ) **SAMSUNG ELECTRONICS CO., LTD.** |
| SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD., | ) ) ) ) The Honorable William H. Alsup ) Date: December 10, 2020 |
| Defendants. | ) Time: 8:00 am ) Courtroom: 12, 19th Floor ) Judge: Hon. William Alsup |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2020, at 8:00 am, or as soon thereafter as this matter may be heard, in the United States District Court, Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor, Courtroom 12, San Francisco, California 94102, before the Honorable William Alsup, Plaintiff Crystal Hardin ("Plaintiff" or "Hardin"), and Movant Barry Glickman ("Movant" or "Mr. Glickman") will, and hereby does, move this Court for an order requiring Samsung Electronics America Inc. ("SEA") and Samsung Electronics Co. Ltd ("SEC") to show cause why sanctions should not be imposed for failure to comply with the Second Amended Class Action Settlement Agreement [Dkt. 226-2].

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Paul S. Rothstein, Crystal Hardin and Barry Glickman, the Proposed Order filed concurrently herewith, the pleadings and papers on file in this action, and such other written or oral argument that may be presented to the Court.

DATED: October 26, 2020                                 Respectfully submitted,

Paul S. Rothstein
By: /s/ Paul S. Rothstein
*(admitted pro hac vice)*
626 N.E. 1st Street
Gainesville, FL 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
Email: psr@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for the Plaintiff and Settlement Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ISSUE PRESENTED

Whether the Court should enter an order requiring Samsung Electronics America Inc. ("SEA") and Samsung Electronics Co. Ltd ("SEC") to show cause why sanctions should not be imposed for failure to comply with the Second Amended Class Action Settlement Agreement [Dkt. 226-2].

## BACKGROUND

On March 30, 2020 [Dkt. 249 ("Final Approval Order")], the Court entered an order approving the Second Amended Settlement Agreement ("Settlement") in the above-styled case. Final Judgment was entered on August 6, 2020 [Dkt. 254] and the Settlement became effective September 9, 2020. Settlement Class Members are: "Any person in the State of California who owns a Samsung plasma television model PN51F5500, PN51F5300, or PN51F5350 ("Affected Models"), that exhibits a "line" issue that requires a replacement plasma display panel assembly ("PDP")." [Dkt. 226-2 at p. 3].

The Settlement provides the following relief to the Settlement Class Members:

> A. Until November 30, 2021 SEA will:
> 1. Maintain the in-stock status of PDPs necessary to repair the Affected Models on the relevant SEA database system such that any ASC in California can confirm the availability of such parts; and
> 2. Provide to any Settlement Class Member:
> a. the replacement PDP for purchase;
> b. exchange for an alternative flat panel display television with reasonably similar display size and features; or
> c. a refund of the estimated purchase price of the Affected Model plasma television.
>
> SEA may elect, at its sole discretion, to make the replacement PDP available for purchase by the Settlement Class Member. Should SEA decline to do so, the Settlement Class Member may elect, at his or her sole discretion, either the exchange or the refund described above.

[Dkt. 226-2 at p. 4].

On October 15, 2020, Class Counsel filed a mandatory report accounting for the settlement claims as of October 9, 2020. [Dkt. 255]. Samsung's counsel on October 9, 2020, represented that "SEA has confirmed that zero consumers have requested relief under the settlement to date." [Dkt. 255-2].

To date, Class Counsel is specifically aware of two Settlement Class Members who requested relief from Samsung. Evidencing the cavalier treatment of the Settlement by Samsung, even the named Class Representative, Crystal Hardin, could not secure her benefit guaranteed by its terms. Separately, a Class Member unnamed in the litigation, but contemplated under the Settlement, attempted to secure relief under the Settlement with an experience like Ms. Hardin's. Both Settlement Class Members complied with the terms of the Settlement. (*See* Declaration of Crystal Hardin and Declaration of Barry Glickman).

Class Counsel now seeks an order to show cause why sanctions should not be imposed upon SEA and SEC for failure to implement the Settlement.

## ARGUMENT

### I.      This Court Retained Jurisdiction to Enforce the Settlement.

A district court retains jurisdiction to enforce its judgments. *Hook v. State of Arizona, Dep't of Corrections*, 972 F.2d 1012, 1014 (9th Cir.1992). Further, District courts have the "jurisdiction to resolve the dispute as to whether [a defendant] complied with the terms of the settlement." *Salimi v. BMW Fin. Servs. NA, LLC*, No. 12-CV-01754-JSW, 2017 WL 4570367, at *6 (N.D. Cal. Sept. 29, 2017) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jurisdiction exists, here, because the parties agreed to the continued jurisdiction of this Court and a statement of continued jurisdiction was set forth explicitly in the Settlement Agreement[1] and Final Judgment[2]. Federal Rule of Civil Procedure 70(e) provides that a judgment may be enforced for noncompliance with a specific act by holding that party in contempt.

> Rule 70. Enforcing a Judgment for a Specific Act
>
> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done- at the disobedient party's expense- by another person appointed by the court. When done, the act has the same effect as if done by the party.
>
> ***
>
> (e) Holding in Contempt. The court may also hold the disobedient party in contempt.

District courts in this Circuit have frequently issued contempt orders against the party for failure to comply with an express term of an order, consent decree, or judgment. Because the Court, in its Final Judgment, reserved jurisdiction to enforce the Settlement Agreement and make orders in furtherance of that power, the Court has the power to issue an order against Samsung for contempt.

---

[1] The Second Amended Settlement Agreement Provides: "The United States District Court for the Northern District of California shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and  all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement." [Dkt. 226-2 at p. 16]

[2] "Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Settlement to the Class, Class Counsel, and the Class Representative; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement." [Dkt. 254].

## II. Plaintiff Crystal Hardin and Movant Barry Glickman Have Standing.

Crystal Hardin is a named plaintiff and has standing to bring this Motion. Barry Glickman has standing to seek relief because he is a Settlement Class Member or intended third party beneficiaries under the Settlement Agreement. Because Mr. Glickman is a third party beneficiary of the Settlement Agreement, he may seek to enforce that agreement pursuant to Federal Rule of Civil Procedure 71.

> Rule 71. Enforcing Relief for or Against a Nonparty
>
> When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party.

Third party beneficiaries have standing to enforce a settlement agreement or a consent decree. *See Hook*, 972 F.2d at 1014 (holding that intended third party beneficiaries of a consent decree have standing to enforce that decree because "[co]ntract principles are generally applicable in our analysis of consent decrees, provided contract analysis does not undermine the judicial character of the decree.").

Under California law "A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident." *Karo v. San Diego Symphony Orchestra Ass'n.*, 762 F.2d 819, 821–22 (9th Cir.1985). California Civil Code section 1559 provides that a "contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." A third party beneficiary to a contract generally has standing to enforce the contract. *Goonewardene v. ADP, LLC*, 6 Cal.5th 817, 826–27 (2019); *see* Cal. Civ. Code §1559. For a third party to have standing, the express provisions of the contract and the relevant factual circumstances under which the contract was agreed to must establish that (1) the third party would in fact benefit from the contract, (2) a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) permitting a third party to bring its own breach-of-contract action against a contracting party is consistent with the objectives

of the contract and the reasonable expectations of the contracting parties. *Goonewardene*, 6 Cal.5th at 829–30.

There is no doubt that Mr. Glickman is a third party beneficiary under both Ninth Circuit precedent and California law. The Settlement Agreement is a classwide settlement – that was to benefit all members of the Settlement Class. *See Salimi v. BMW Fin. Servs. NA, LLC*, 2017 WL 4570367, at *6 (N.D. Cal. Sept. 29, 2017) (holding that class members have standing to enforce a settlement to uphold their benefit of the bargain).

### III.    Samsung is in violation of the Settlement.

In entering into a good faith settlement with a multi-billion-dollar electronics company, Class Counsel relied on Samsung to manage its internal affairs such that Settlement Class Members could reasonably achieve relief. After receiving fact specific information from Class Representative, Crystal Hardin, and a Settlement Class Member, Barry Glickman; Class Counsel deemed it necessary to appropriately bring this matter before the Court.  Samsung failed to treat this Settlement with any priority, continuing its lackadaisical regard for the provisions of the Song Beverly Act giving rise to these claims. While Class Counsel has acknowledged the number of claims under these specific models would likely be modest – the relief secured is not inconsequential. The Settlement Class Members have a legal right to enforcement of the Settlement Agreement. The clock is ticking in making a claim under this Settlement.  Any potential Settlement Class Member that is wrongfully turned away, misinformed, or ignored by Samsung; suffers actual prejudice with time continuing to run their legal standing to make a claim.

Both Ms. Hardin and Mr. Glickman undertook multiple calls to Samsung and were met with Samsung's web of call shuffling and unfulfilled promises of returned calls. From both

accounts, Samsung employees, while polite when speaking with claimants, appeared essentially clueless to the availability of relief.   Providing a model number did not help.  Samsung, through its employees or representatives, told Ms. Hardin that there were no such claims for her identified model number. *See* Declaration of Crystal Hardin ¶10. Samsung, through its employees or representatives, told Mr. Glickman that his television (based on the model number) was too old and had no value. *See* Declaration of Barry Glickman ¶6. That Samsung through its employees or representatives did not process the information in a manner consistent with the Order of this Court demands accountability.   That Claimants received false misinformation deserves sanctions.   How could this type of communication not create a chilling effect on any Settlement Class Member who attempts recovery under the Settlement? How can anyone be sure that others, unidentified by Samsung and who have not reached out to Class Counsel, did not receive similar false misinformation?

Samsung did not put into effect a mechanism to assure accountability in the processing of Class Member claims. Plaintiff and Movant request the Court to order Samsung to show cause why sanctions should not be imposed against Samsung for failure to comply with the Settlement.

## IV.   Movants Have Provided Clear and Convincing Evidence that Samsung Is In Contempt of Court.

Courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990), *quoting Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Court may issue a contempt order if a party "(1) [ ] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A District Court "has wide

latitude in determining whether there has been a contemptuous def[ianc]e of its order." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on *denial of reh'g* (Aug. 25, 1992) (internal quotation marks omitted). The moving party must demonstrate by clear and convincing evidence that the alleged contemnor violated "a specific and definite order of the court." *Id*. at 856 n.9. The burden then shifts to the opposing party to demonstrate that "they took every reasonable step to comply." *Id.* The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck*, 10 F.3d at 695.

In this context, contempt consists of disobedience of the Settlement Agreement approved by Court order "by failure to take all reasonable steps within the party's power to comply." *Id.*; *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005) ("'[t]he power to punish for contempt is inherent in all courts'") (*quoting Ex parte Robinson*, 86 U.S. 505, 510 (1873)). Samsung has violated, and likely continues to violate, the Settlement Agreement without substantial justification. Under the Settlement Agreement, Samsung agreed to provide the negotiated relief to Settlement Class Members.   That has not happened.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and Movant request that this Court enter an Order for Samsung to show cause why sanctions should not be imposed against them for failure to comply with the Settlement and any such further relief the Court deems just and proper.

1   Respectfully submitted this 26th day of October 2020.

2                                          Paul S. Rothstein
                                           By: /s/ Paul S. Rothstein
3                                          (admitted pro hac vice)
                                           626 N.E. 1st Street
4                                          Gainesville, FL 32601
                                           Tel: (352) 376-7650
5                                          Fax: (352) 374-7133
                                           Email: psr@rothsteinforjustice.com
6

7                                          Alan J. Sherwood, SB#118330
                                           Law Offices of Alan J. Sherwood
8                                          26755 Contessa Street
                                           Hayward, CA 94545
9                                          alansherwood@earthlink.net
                                           (510) 409-6199
10

11

12                                         *Attorneys for the Plaintiff and the*
                                           *Settlement Class*
13

14                      **CERTIFICATE OF SERVICE**

15         I hereby certify that on the 26th day of October 2020, the foregoing PLAINTIFF'S
16   NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY
     SANCTIONS SHOULD NOT BE IMPOSED AGAINST SAMSUNG ELECTRONICS
17   AMERICA, INC. AND SAMSUNG ELECTRONICS CO. LTD. and a copy of has been served
     on all Parties required to be served by electronically filing with the Clerk of the Court of the
18   U.S., District Court for the Northern District of California, San Francisco Division, by using
     the CM/ECF system.
19

20                                         */s/ Paul S. Rothstein*
                                           Paul S. Rothstein
21

22

23

24

25

26

27

28
                        PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
                              Case No.: 3:18-cv-02300-WHA
                                      Page 10