Paul S. Rothstein (*admitted pro hac vice*)
Kyla V. Alexander (*admitted pro hac vice*)
626 N.E. First Street
Gainesville, Florida 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
PSR@Rothsteinforjustice.com
Kyla.tm@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for Plaintiff and the Settlement Class*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS BRONSON AND CRYSTAL HARDIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case Number: 3:18-cv-02300-WHA<br><br>**[DRAFT] NOTICE OF DEPOSITION OF SAMSUNG ELECTRONICS AMERICA, INC. AND/OR SAMSUNG ELECTRONICS CO., LTD PURSUANT TO RULE 30(b)(6)**<br><br>The Honorable William H. Alsup |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(6) on _____, 2020 at 9:30 a.m. PST (or an earlier date or hour that is mutually agreeable), the Plaintiff will take the deposition of Samsung Electronics America, Inc. and/or Samsung Electronics Co., Ltd. (herein after "Samsung"), remotely or in person at a location agreed to by the parties on the topics listed below in this notice. This deposition will be conducted before a certified court reporter authorized to administer oaths and will be recorded stenographically, aurally, and by videotape. It shall continue on consecutive days until completed. Samsung is also instructed to provide the documents listed in Exhibit A three business days before the deposition.

**TOPICS**
1. Samsung's Compliance with Implementing the Second Amended Settlement Agreement ("Settlement") [Dkt. 226-2].
    a. Total amount of money expended to date by Samsung to comply with the Settlement, excluding the cost of the Notice Program.
    b. The identity of individuals that Samsung charged with overseeing compliance with the Settlement.
    c. Internal Samsung communications related to compliance, including emails and memos.
    d. Samsung's initial plans, if any, to implement the Settlement and changes, if any, to those plans.
    e. Samsung's understanding of what changes they would need to implement to their existing customer service program to ensure that Settlement Class Members had relief made available to them.
2. Directions given by Samsung to customer service representatives with respect to the Settlement.
    a. The date, form, and content of directives or guidance given to Samsung customer service representatives regarding the Settlement.
    b. Responses from Samsung customer service representatives regarding the Settlement.
    c. Follow-up and oversight by Samsung to ensure that the Settlement was, in fact, being correctly implemented by its customer service representatives.
3. Communications Samsung had with Samsung Authorized Service Centers regarding the Settlement.

    a. The date, form, and content of directives or guidance given to Samsung Authorized Service Centers regarding the Settlement.
    b. Responses from Samsung Authorized Service Centers regarding the Settlement.
    c. Follow-up and oversight by Samsung to ensure that the Settlement was, in fact, being correctly implemented by its Authorized Service Centers.

4. Communications with any consumer with an Affected Model Samsung Plasma Television, as defined in the Settlement.
    a. Notes, tickets, recordings of communications with technical support.
    b. Notes, tickets, recordings of communications with order support.
    c. Notes, tickets, recordings of communications with the financial department.

5. The method for collecting the information reported by Samsung Counsel on October 9, 2020 that as of said date, no claims were made under the settlement.
    a. Person(s) responsible for collecting data to report the number of claims made under the Settlement.
    b. The Source of documents, databases, or other information consulted in collecting data to report the number of claims made under the Settlement.

Paul S. Rothstein, P.A.

By: _____
Paul S. Rothstein
*(admitted pro hac vice)*
626 N.E. 1st Street
Gainesville, FL 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
Email: psr@rothsteinforjustice.com

Alan J. Sherwood, SB#118330
Law Offices of Alan J. Sherwood
26755 Contessa Street
Hayward, CA 94545
alansherwood@earthlink.net
(510) 409-6199

*Attorneys for the Plaintiff and Settlement Class*

# EXHIBIT A

**LIST OF DOCUMENTS TO PRODUCE**

Samsung is instructed to produce the following documents, three business days before the corporate 30(b)(6) deposition. Production prior to the actual deposition will avoid on the record delays, an inconvenience to the deponent(s) and the attorneys.

1. An excel spreadsheet list of all California Authorized Service Centers who received a communication or directive related to the Settlement; identifying the date and form the communication was sent, the address(es) the communication was transmitted to, whether Samsung received any confirmation of receipt by the Authorized Service Center.

2. Any and all documents which summarize in whole or in part Samsung's costs expended to date to comply with the Settlement, excluding the cost of the Notice Program.

3. Any and all projections or estimates created for Samsung prior to October 9, 2020 that dealt with Samsung's costs of compliance with the Settlement.

4. Any and all documents that mention or relate to Samsung's compliance with the Settlement, including any emails or memos.

5. Any and all documents which outlined or projected how Samsung would implement compliance with the Settlement.

6. Any and all documents that reflect how calls from consumers with the Affected Model televisions would be directed, responded to and informed of their rights under the Settlement, including any specifically designated codes, phone numbers or customer service staff specifically designated to handle calls from Affected Model owners.

7. Any and all documents to show the number of customer support representatives available to assist customers calling 1-800-SAMSUNG from September 9, 2020 to the present. If

the number of representatives varied overtime, or throughout any day, provide the intervals of time where each number of representatives were available.

8. Any and all documents to show the hours of operation live representatives when calling 1-800-SAMSUNG.

9. Any and all documents reflecting the total call volume to 1-800-SAMSUNG each day from September 9, 2020 to the present.

10. Any and all documents related to any communication with Samsung since September 9, 2020 involving an owner of an Affected Model Television.

11. Any and all documents that show communication between Samsung and its customer service representatives regarding the implementation of the Settlement.

12. Any and all documents that show communication between Samsung and its California Authorized Service Centers regarding the implementation of the Settlement.

13. Any and all documents reflecting communications between Samsung's upper management and its upper corporate operations management that reflect any efforts by Samsung to follow-up and ensure that the Settlement was being correctly implemented.